887 So.2d 1090 (2004)
AMENDMENTS TO THE FLORIDA RULES OF APPELLATE PROCEDURE, THE FLORIDA RULES OF CIVIL PROCEDURE, THE FLORIDA RULES OF CRIMINAL PROCEDURE, THE FLORIDA FAMILY LAW RULES OF PROCEDURE, THE FLORIDA RULES OF JUVENILE PROCEDURE, AND THE FLORIDA PROBATE RULES.
No. SC04-1139.
Supreme Court of Florida.
September 30, 2004.
John F. Harkness, Jr., Executive Director, the Florida Bar, Tallahassee, FL, for Petitioner.
PER CURIAM.
The Florida Bar's Appellate Court Rules Committee, Civil Procedure Rules Committee, Criminal Procedure Rules Committee, Family Law Rules Committee, Juvenile Court Rules Committee, and Probate Rules Committee (collectively, "Rules Committees") collectively propose amendments to their respective bodies of rules based on a request from this Court to examine the rules and suggest emergency amendments to them in light of the 2004 Florida Legislature's amendment of various Florida Statutes to redesignate "magistrates" as "trial court judges" and "masters" and "general or special masters" as "general or special magistrates." See ch.2004-11, §§ 2-103, Laws of Fla.[1] The legislation will take effect on October 1, 2004. See ch.2004-11, § 104, Laws of Fla.
The Rules Committees propose amending various rules of procedure and forms to change references from "magistrates" to "judges" and "masters" to "magistrates" in *1091 order to conform the rules of procedure to the new legislation. The Rules Committees further propose amending the instructions to four of the Florida Supreme Court Approved Family Law Forms. The proposals were published for comment in the August 1, 2004, edition of The Florida Bar News. No comments were received.
Having considered the Rules Committees' report, we adopt the amendments as proposed. We hereby amend the following rules of procedure and forms: Florida Rule of Civil Procedure 1.200, Pretrial Procedure; Florida Rule of Civil Procedure 1.490, Masters; Florida Rule of Criminal Procedure 3.111, Providing Counsel to Indigents; Florida Rule of Criminal Procedure 3.120, Committing Magistrate; Florida Rule of Criminal Procedure 3.121, Arrest Warrant; Florida Rule of Criminal Procedure 3.125, Notice to Appear; Florida Rule of Criminal Procedure 3.130, First Appearance; Florida Rule of Criminal Procedure 3.131, Pretrial Release; Florida Rule of Criminal Procedure 3.133, Pretrial Probable Cause Determinations and Adversary Preliminary Hearings; Florida Rule of Criminal Procedure 3.220, Discovery; Florida Rule of Criminal Procedure 3.852, Capital Postconviction Public Records Production; the Committee Notes to Florida Probate Rule 5.150, Order Requiring Accounting; Florida Probate Rule 5.697, Masters' Review of Guardianship Accountings and Plans; Florida Rule of Juvenile Procedure 8.060, Discovery; Florida Rule of Juvenile Procedure 8.625, General Provisions for Hearings; Florida Rule of Appellate Procedure 9.190, Judicial Review of Administrative Action; Florida Rule of Appellate Procedure 9.200, The Record; Florida Family Law Rule of Procedure 12.015, Family Law Forms; Florida Family Law Rule of Procedure 12.200, Case Management and Pretrial Conferences; Florida Family Law Rule of Procedure 12.490, General Masters; Florida Family Law Rule of Procedure 12.492, Special Masters; Florida Family Law Rules of Procedure, Section II, Family Law Forms, Commentary, and Instructions, General Information for Self-Represented Litigants; Family Law Form 12.920(a), Motion for Referral to General Master; Family Law Form 12.920(b), Order of Referral to General Master; Family Law Form 12.920(c), Notice of Hearing Before General Master; and the Instructions for Family Law Rules of Procedure Forms 12.920(a)-(c).
With regard to the Rules Committees' proposed amendments to the Florida Supreme Court Approved Family Law Forms, this Court maintains responsibility for reviewing, revising and maintaining these forms, and these forms have been removed from the standard rule-making procedure. See Amendments to the Florida Family Law Rules of Procedure and Family Law Forms, 810 So.2d 1, 14 (Fla.2000). We have reviewed the Rules Committees' proposals to amend these forms, and we accept the proposed changes. Accordingly, we hereby amend the instructions to the following Florida Supreme Court Approved Family Law Forms: Florida Supreme Court Approved Family Law Form 12.921, Notice of Hearing (Child Support Enforcement Hearing Officer); Florida Supreme Court Approved Family Law Form 12.923, Notice of Hearing (General); Florida Supreme Court Approved Family Law Form 12.960, Motion for Civil Contempt/Enforcement; and Florida Supreme Court Approved Family Law Form 12.961, Notice of Hearing on Motion for Civil Contempt/Enforcement.
In summary, we amend the Florida Rules of Civil Procedure, the Florida Rules of Criminal Procedure, the Florida Probate Rules, the Florida Rules of Juvenile Procedure, the Florida Rules of Appellate Procedure, and the Florida Family *1092 Law Rules of Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The forms are adopted as set forth in the appendix to this opinion, fully engrossed. The amendments shall become effective October 1, 2004, at 12:01 a.m. This opinion and the forms discussed herein may be accessed and downloaded from this Court's website at www.flcourts.org.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO and BELL, JJ., concur.

APPENDIX

RULE 1.200. PRETRIAL PROCEDURE
(a) Case Management Conference. At any time after responsive pleadings or motions are due, the court may order, or a party by serving a notice may convene, a case management conference. The matter to be considered shall be specified in the order or notice setting the conference. At such a conference the court may:
(1) schedule or reschedule the service of motions, pleadings, and other papers;
(2) set or reset the time of trials, subject to rule 1.440(c);
(3) coordinate the progress of the action if complex litigation factors are present;
(4) limit, schedule, order, or expedite discovery;
(5) schedule disclosure of expert witnesses and the discovery of facts known and opinions held by such experts;
(6) schedule or hear motions in limine;
(7) pursue the possibilities of settlement;
(8) require filing of preliminary stipulations if issues can be narrowed;
(9) consider referring issues to a mastermagistrate for findings of fact; and
(10) schedule other conferences or determine other matters that may aid in the disposition of the action.
(b) Pretrial Conference. After the action is at issue the court itself may or shall on the timely motion of any party require the parties to appear for a conference to consider and determine:
(1) the simplification of the issues;
(2) the necessity or desirability of amendments to the pleadings;
(3) the possibility of obtaining admissions of fact and of documents that will avoid unnecessary proof;
(4) the limitation of the number of expert witnesses; and
(5) any matters permitted under subdivision (a) of this rule.
(c) Notice. Reasonable notice shall be given for a case management conference, and 20 days' notice shall be given for a pretrial conference. On failure of a party to attend a conference, the court may dismiss the action, strike the pleadings, limit proof or witnesses, or take any other appropriate action. Any documents that the court requires for any conference shall be specified in the order. Orders setting pretrial conferences shall be uniform throughout the territorial jurisdiction of the court.
(d) Pretrial Order. The court shall make an order reciting the action taken at a conference and any stipulations made. The order shall control the subsequent *1093 course of the action unless modified to prevent injustice.

Committee Notes
1971 Amendment. The 3 paragraphs of the rule are lettered and given subtitles. The present last paragraph is placed second as subdivision (b) because the proceeding required under it is taken before that in the present second paragraph. The time for implementation is changed from settling the issues because the language is erroneous, the purpose of the conference being to settle some and prepare for the trial of other issues. The last 2 sentences of subdivision (b) are added to require uniformity by all judges of the court and to require specification of the documentary requirements for the conference. The last sentence of subdivision (c) is deleted since it is covered by the local rule provisions of rule 1.020(d). The reference to the parties in substitution for attorneys and counsel is one of style because the rules generally impose obligations on the parties except when the attorneys are specifically intended. It should be understood that those parties represented by attorneys will have the attorneys perform for them in the usual manner.
1972 Amendment. Subdivision (a) is amended to require the motion for a pretrial by a party to be timely. This is done to avoid motions for pretrial conferences made a short time before trial and requests for a continuance of the trial as a result of the pretrial conference order. The subdivision is also amended to require the clerk to send to the judge a copy of the motion by a party for the pretrial conference.
1988 Amendment. The purpose of adding subdivision (a)(5) is to spell out clearly for the bench and bar that case management conferences may be used for scheduling the disclosure of expert witnesses and the discovery of the opinion and factual information held by those experts. Subdivision (5) is not intended to expand discovery.
1992 Amendment. Subdivision (a) is amended to allow a party to set a case management conference in the same manner as a party may set a hearing on a motion. Subdivision (c) is amended to remove the mandatory language and make the notice requirement for a case management conference the same as that for a hearing on a motion; i.e., reasonable notice.

Court Commentary
1984 Amendment. This is a substantial rewording of rule 1.200. Subdivision (a) is added to authorize case management conferences in an effort to give the court more control over the progress of the action. All of the matters that the court can do under the case management conference can be done at the present time under other rules or because of the court's authority otherwise. The new subdivision merely emphasizes the court's authority and arranges an orderly method for the exercise of that authority. Subdivisions (a), (b), and (c) of the existing rule are relettered accordingly. Subdivision (a) of the existing rule is also amended to delete the reference to requiring the attorneys to appear at a pretrial conference by referring to the parties for that purpose. This is consistent with the language used throughout the rules and does not contemplate a change in present procedure. Subdivisions (a)(5) and (a)(6) of the existing rule are deleted since they are now covered adequately under the new subdivision (a). Subdivisions (b) and (c) of the existing rule are amended to accommodate the 2 types of conferences that are now authorized by the rules.

RULE 1.490. MASTERSMAGISTRATES
(a) General MastersMagistrates. Judges of the circuit court may appoint as *1094 many general mastersmagistrates from among the members of the Bar in the circuit as the judges find necessary, and the general mastersmagistrates shall continue in office until removed by the court. The order making an appointment shall be recorded. Every person appointed as a general mastermagistrate shall take the oath required of officers by the Constitution and the oath shall be recorded before the mastermagistrate discharges any duties of that office.
(b) Special MastersMagistrates. The court may appoint members of The Florida Bar as special mastersmagistrates for any particular service required by the court, and they shall be governed by all the provisions of law and rules relating to mastersmagistrates except they shall not be required to make oath or give bond unless specifically required by the order appointing them. Upon a showing that the appointment is advisable, a person other than a member of the Bar may be appointed.
(c) Reference. No reference shall be to a mastermagistrate, either general or special, without the consent of the parties. When a reference is made to a mastermagistrate, either party may set the action for hearing before the mastermagistrate.
(d) General Powers and Duties. Every mastermagistrate shall perform all of the duties that pertain to the office according to the practice in chancery and under the direction of the court. Process issued by a mastermagistrate shall be directed as provided by law. Hearings before any mastermagistrate, examiner, or commissioner shall be held in the county where the action is pending, but hearings may be held at any place by order of the court within or without the state to meet the convenience of the witnesses or the parties. All grounds of disqualification of a judge shall apply to mastersmagistrates.
(e) Bond. When not otherwise provided by law, the court may require mastersmagistrates who are appointed to dispose of real or personal property to give bond and surety conditioned for the proper payment of all moneys that may come into their hands and for the due performance of their duties as the court may direct. The bond shall be made payable to the State of Florida and shall be for the benefit of all persons aggrieved by any act of the mastermagistrate.
(f) Hearings. The mastermagistrate shall assign a time and place for proceedings as soon as reasonably possible after the reference is made and give notice to each of the parties. If any party fails to appear, the mastermagistrate may proceed ex parte or may adjourn the proceeding to a future day, giving notice to the absent party of the adjournment. The mastermagistrate shall proceed with reasonable diligence in every reference and with the least practicable delay. Any party may apply to the court for an order to the mastermagistrate to speed the proceedings and to make the report and to certify to the court the reason for any delay. Unless otherwise ordered by the court, all hearings shall be held in the courthouse of the county where the action is pending. The evidence shall be taken in writing by the mastermagistrate or by some other person under the master'smagistrate's authority in the master'smagistrate's presence and shall be filed with the master'smagistrate's report. The mastermagistrate shall have authority to examine the parties on oath upon all matters contained in the reference and to require production of all books, papers, writings, vouchers, and other documents applicable to it and to examine on oath orally all witnesses produced by the parties. The mastermagistrate shall admit evidence by deposition or that is otherwise admissible in court. The mastermagistrate *1095 may take all actions concerning evidence that can be taken by the court and in the same manner. All parties accounting before a mastermagistrate shall bring in their accounts in the form of accounts payable and receivable, and any other parties who are not satisfied with the account may examine the accounting party orally or by interrogatories or deposition as the mastermagistrate directs. All depositions and documents that have been taken or used previously in the action may be used before the mastermagistrate.
(g) Master'sMagistrate's Report. In the reports made by the mastermagistrate no part of any statement of facts, account, charge, deposition, examination, or answer used before the mastermagistrate shall be recited. The matters shall be identified to inform the court what items were used.
(h) Filing Report; Notice; Exceptions. The mastermagistrate shall file the report and serve copies on the parties. The parties may serve exceptions to the report within 10 days from the time it is served on them. If no exceptions are filed within that period, the court shall take appropriate action on the report. If exceptions are filed, they shall be heard on reasonable notice by either party.

Committee Notes
1971 Amendment. The entire rule has been revised. Obsolete language has been omitted and changes made to meet objections shown by the use of local rules in many circuits. Subdivisions (a) and (b) are not substantially changed. Subdivision (c) is shortened and eliminates the useless priority for setting the matter for hearing to permit either party to go forward. Subdivision (d) eliminates the right of the parties to stipulate to the place of hearing. Subdivision (e) is not substantially changed. Subdivisions (f), (g), (h), and (i) are combined. The right to use affidavits is eliminated because of the unavailability of cross-examination and possible constitutional questions. The vague general authority of the master under subdivision (g) is made specific by limiting it to actions that the court could take. Subdivision (j) is repealed because it is covered in the new subdivision (f). Subdivision (g) is the same as former subdivision (k) after eliminating the reference to affidavits. Subdivision (h) is the same as former subdivision (l).
1980 Amendment. Subdivision (d) is amended to delete the specific reference to the direction of process so that process issued by the master will be governed by the law applicable to process generally.

Court Commentary
1984 Amendment. The consent of all parties is required for any reference to a special master. Special masters may be used as provided by statute even with the rule change. See Slatcoff v. Dezen, 74 So.2d 59 (Fla.1954).

RULE 3.111. PROVIDING COUNSEL TO INDIGENTS
(a) When Counsel Provided. A person entitled to appointment of counsel as provided herein shall have counsel appointed when the person is formally charged with an offense, or as soon as feasible after custodial restraint, or at the first appearance before a committing magistratejudge, whichever occurs earliest.
(b) Cases Applicable.
(1) Counsel shall be provided to indigent persons in all prosecutions for offenses punishable by incarceration including appeals from the conviction thereof. In the discretion of the court, counsel does not have to be provided to an indigent person in a prosecution for a misdemeanor or violation of a municipal ordinance if the judge, at least 15 days prior to trial, files in the cause a written order of no incarceration certifying that the defendant will not be incarcerated in the case pending trial or *1096 probation violation hearing, or as part of a sentence after trial, guilty or nolo contendere plea, or probation revocation. This 15-day requirement may be waived by the defendant or defense counsel.
(A) If the court issues an order of no incarceration after counsel has been appointed to represent the defendant, the court may discharge appointed counsel unless the defendant is incarcerated or the defendant would be substantially disadvantaged by the discharge of appointed counsel.
(B) If the court determines that the defendant would be substantially disadvantaged by the discharge of appointed counsel, the court shall either:
i. not discharge appointed counsel; or
ii. discharge appointed counsel and allow the defendant a reasonable time to obtain private counsel, or if the defendant elects to represent himself or herself, a reasonable time to prepare for trial.
(C) If the court withdraws its order of no incarceration, it shall immediately appoint counsel if the defendant is otherwise eligible for the services of the public defender. The court may not withdraw its order of no incarceration once the defendant has been found guilty or pled nolo contendere.
(2) Counsel may be provided to indigent persons in all proceedings arising from the initiation of a criminal action against a defendant, including postconviction proceedings and appeals therefrom, extradition proceedings, mental competency proceedings, and other proceedings that are adversary in nature, regardless of the designation of the court in which they occur or the classification of the proceedings as civil or criminal.
(3) Counsel may be provided to a partially indigent person on request, provided that the person shall defray that portion of the cost of representation and the reasonable costs of investigation as he or she is able without substantial hardship to the person or the person's family, as directed by the court.
(4) "Indigent" shall mean a person who is unable to pay for the services of an attorney, including costs of investigation, without substantial hardship to the person or the person's family; "partially indigent" shall mean a person unable to pay more than a portion of the fee charged by an attorney, including costs of investigation, without substantial hardship to the person or the person's family.
(5) Before appointing a public defender, the court shall:
(A) inform the accused that, if the public defender is appointed, a lien for the services rendered by the public defender may be imposed under section 27.56, Florida Statutes;
(B) make inquiry into the financial status of the accused in a manner not inconsistent with the guidelines established by section 27.52, Florida Statutes. The accused shall respond to the inquiry under oath;
(C) require the accused to execute an affidavit of insolvency in the format provided by section 27.52, Florida Statutes.
(c) Duty of Booking Officer. In addition to any other duty, the officer who commits a defendant to custody has the following duties:
(1) The officer shall immediately advise the defendant:
(A) of the right to counsel;
(B) that, if the defendant is unable to pay a lawyer, one will be provided immediately at no charge.
*1097 (2) If the defendant requests counsel or advises the officer that he or she cannot afford counsel, the officer shall immediately and effectively place the defendant in communication with the (office of) public defender of the circuit in which the arrest was made.
(3) If the defendant indicates that he or she has an attorney or is able to retain an attorney, the officer shall immediately and effectively place the defendant in communication with the attorney or the Lawyer Referral Service of the local bar association.
(4) The public defender of each judicial circuit may interview a defendant when contacted by, or on behalf of, a defendant who is, or claims to be, indigent as defined by law.
(A) If the defendant is in custody and reasonably appears to be indigent, the public defender shall tender such advice as is indicated by the facts of the case, seek the setting of a reasonable bail, and otherwise represent the defendant pending a formal judicial determination of indigency.
(B) If the defendant is at liberty on bail or otherwise not in custody, the public defender shall elicit from the defendant only the information that may be reasonably relevant to the question of indigency and shall immediately seek a formal judicial determination of indigency. If the court finds the defendant indigent, it shall immediately appoint counsel to represent the defendant.
(d) Waiver of Counsel.
(1) The failure of a defendant to request appointment of counsel or the announced intention of a defendant to plead guilty shall not, in itself, constitute a waiver of counsel at any stage of the proceedings.
(2) A defendant shall not be considered to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry has been made into both the accused's comprehension of that offer and the accused's capacity to make a knowing and intelligent waiver. Before determining whether the waiver is knowing and intelligent, the court shall advise the defendant of the disadvantages and dangers of self-representation.
(3) Regardless of the defendant's legal skills or the complexity of the case, the court shall not deny a defendant's unequivocal request to represent himself or herself, if the court makes a determination of record that the defendant has made a knowing and intelligent waiver of the right to counsel.
(4) A waiver of counsel made in court shall be of record; a waiver made out of court shall be in writing with not less than 2 attesting witnesses. The witnesses shall attest the voluntary execution thereof.
(5) If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel.
(e) Withdrawal of Defense Counsel After Judgment and Sentence. The attorney of record for a defendant in a criminal proceeding shall not be relieved of any duties, nor be permitted to withdraw as counsel of record, except with approval of the lower tribunal on good cause shown on written motion, until after:
(1) the filing of:
(A) a notice of appeal;
(B) a statement of judicial acts to be reviewed, if a transcript will require the expenditure of public funds;
(C) directions to the clerk, if necessary; and
*1098 (D) a designation of that portion of the reporter's transcript that supports the statement of judicial acts to be reviewed, if a transcript will require expenditure of public funds; or
(2) substitute counsel has been obtained or appointed, or a statement has been filed with the appellate court that the appellant has exercised the right to self-representation. In publicly funded cases, the public defender for the local circuit court shall be appointed initially until the record is transmitted to the appellate court; or
(3) the time has expired for filing of a notice of appeal, and no notice has been filed.
Orders allowing withdrawal of counsel are conditional, and counsel shall remain of record for the limited purpose of representing the defendant in the lower tribunal regarding any sentencing error that the lower tribunal is authorized to address during the pendency of the direct appeal under rule 3.800(b)(2).

Committee Notes
1972 Adoption. Part 1 of the ABA Standard relating to providing defense services deals with the general philosophy for providing criminal defense services and while the committee felt that the philosophy should apply to the Florida Rules of Criminal Procedure, the standards were not in such form to be the subject of that particular rule. Since the standards deal with the national situation, contained in them were alternative methods of providing defense services, i.e., assigned counsel vs. defender system; but, Florida, already having a defender system, need not be concerned with the assigned counsel system.
(a) Taken from the first sentence of ABA Standard 5.1. There was considerable discussion within the committee concerning the time within which counsel should be appointed and who should notify defendant's counsel. The commentary in the ABA Standard under 5.1a, b, convinced the committee to adopt the language here contained.
(b) Standard 4.1 provides that counsel should be provided in all criminal cases punishable by loss of liberty, except those types where such punishment is not likely to be imposed. The committee determined that the philosophy of such standard should be recommended to the Florida Supreme Court. The committee determined that possible deprivation of liberty for any period makes a case serious enough that the accused should have the right to counsel.
(c) Based on the recommendation of ABA Standard 5.1b and the commentary thereunder which provides that implementation of a rule for providing the defendant with counsel should not be limited to providing a means for the accused to contact a lawyer.
(d) From standard 7.2 and the commentaries thereunder.
1980 Amendment. Modification of the existing rule (the addition of (b)(5)(A)- (C)) provides a greater degree of uniformity in appointing counsel to indigent defendants. The defendant is put on notice of the lien for public defender services and must give financial information under oath.
A survey of Florida judicial circuits by the Committee on Representation of Indigents of the Criminal Law Section (1978-79) disclosed the fact that several circuits had no procedure for determining indigency and that there were circuits in which no affidavits of insolvency were executed (and no legal basis for establishing or collecting lien monies).
1992 Amendment. In light of State v. District Court of Appeal of Florida, First *1099 District, 569 So.2d 439 (Fla.1990), in which the supreme court pronounced that motions seeking belated direct appeal based on ineffective assistance of counsel should be filed in the trial court pursuant to rule 3.850, the committee recommends that rule 3.111(e) be amended to detail with specificity defense counsel's duties to perfect an appeal prior to withdrawing after judgment and sentence. The present provision merely notes that such withdrawal is governed by Florida Rule of Appellate Procedure 9.140(b)(3).
1998 Amendment. The amendments to (d)(2)-(3) were adopted to reflect State v. Bowen, 698 So.2d 248 (Fla.1997), which implicitly overruled Cappetta v. State, 204 So.2d 913 (Fla. 4th DCA 1967), rev'd on other grounds 216 So.2d 749 (Fla.1968). See Fitzpatrick v. Wainwright, 800 F.2d 1057 (11th Cir.1986), for a list of factors the court may consider. See also McKaskle v. Wiggins, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984), and Savage v. Estelle, 924 F.2d 1459 (9th Cir.1990), cert. denied 501 U.S. 1255, 111 S.Ct. 2900, 115 L.Ed.2d 1064 (1991), which suggest that the defendant's right to self-representation is limited when the defendant is not able or willing to abide by the rules of procedure and courtroom protocol.
2000 Amendment. This rule applies only to judicial proceedings and is inapplicable to investigative proceedings and matters. See rule 3.010.
2002 Amendment. Indigent defendants are entitled to counsel if they are either currently in custody or might be incarcerated in their case. See Alabama v. Shelton, 535 U.S. 654, 122 S.Ct. 1764, 1767, 152 L.Ed.2d 888 (2002) (Sixth Amendment forbids imposition of suspended sentence that may "end up in the actual deprivation of a person's liberty" unless defendant accorded "the guiding hand of counsel"). See also Tur v. State, 797 So.2d 4 (Fla. 3d DCA 2001) (uncounseled plea to criminal charge cannot result in jail sentence based on violation of probationary sentence for that charge); Harris v. State, 773 So.2d 627 (Fla. 4th DCA 2000).
Discharge of the public defender based on an order certifying no incarceration that is entered after the public defender has already spent considerable time and resources investigating the case and preparing a defense may leave the defendant "in a position worse than if no counsel had been appointed in the first place." State v. Ull, 642 So.2d 721, 724 (Fla.1994).
In determining whether a defendant's due process rights would be violated by the discharge of the public defender, the court should consider all of the relevant circumstances, including, but not limited to:
1. The stage of the proceedings at which the order of no incarceration is entered.
2. The extent of any investigation and pretrial preparation by the public defender.
3. Any prejudice that might result if the public defender is discharged.
4. The nature of the case and the complexity of the issues.
5. The relationship between the defendant and the public defender.
Counsel may be provided to indigent persons in all other proceedings in, or arising from, a criminal case and the court should resolve any doubts in favor of the appointment of counsel for the defendant. See Graham v. State, 372 So.2d 1363, 1365 (Fla.1979).
See form found at Fla.R.Crim.P. 3.994.

RULE 3.120. COMMITTING MAGISTRATEJUDGE
Each state and county judge is a committing magistratejudge and may issue a *1100 summons to, or a warrant for the arrest of, a person against whom a complaint is made in writing and sworn to before a person authorized to administer oaths, when the complaint states facts that show that such person violated a criminal law of this state within the jurisdiction of the magistratejudge to whom the complaint is presented. The magistratejudge may take testimony under oath to determine if there is reasonable ground to believe the complaint is true. The magistratejudge may commit the offender to jail, may order the defendant to appear before the proper court to answer the charge in the complaint, or may discharge the defendant from custody or from any undertaking to appear. The magistratejudge may authorize the clerk to issue a summons.

Committee Notes
1968 Adoption. This is substantially the same as part of section 901.01, Florida Statutes. (The remaining part should be retained as a statute.) It differs from the statute by requiring the complaint to be in writing and by identifying the initiating instrument as a "complaint," thus adopting the federal terminology which is more meaningful and modern. Some doubt was expressed as to whether the terms of the statute incorporated in the rule are within the rulemaking power of the Supreme Court.
1972 Amendment. Substantially same as former rule. Altered to incorporate the provision for testimony under oath formerly contained in rule 3.121(a), and authorize the execution of the affidavit before a notary or other person authorized to administer oaths.

RULE 3.121. ARREST WARRANT
(a) Issuance. An arrest warrant, when issued, shall:
(1) be in writing and in the name of the State of Florida;
(2) set forth substantially the nature of the offense;
(3) command that the person against whom the complaint was made be arrested and brought before a magistratejudge;
(4) specify the name of the person to be arrested or, if the name is unknown to the magistratejudge, designate the person by any name or description by which the person can be identified with reasonable certainty;
(5) state the date when issued and the county where issued;
(6) be signed by the magistratejudge with the title of the office; and
(7) in all offenses bailable as of right be endorsed with the amount of bail and the return date.
(b) Amendment. No arrest warrant shall be dismissed nor shall any person in custody be discharged because of any defect as to form in the warrant; but the warrant may be amended by the magistratejudge to remedy such defect.

Committee Notes
1968 Adoption. (a) This is substantially the same as section 901.02, Florida Statutes, except that the rule requires a written complaint. Also, the rule does not incorporate that seldom used part of the statute that permits the magistrate to issue an arrest warrant upon affidavits made before the prosecuting attorney.
(b) This is the same as section 901.03, Florida Statutes.
(c) This is the same as section 901.05, Florida Statutes, except for modernizing the language.
1972 Amendment. (a) of former rule has been deleted, as its substance is now contained in rules 3.120 and 3.130; (b) has been renumbered as (a); (c) has been renumbered as (b).

*1101 RULE 3.125. NOTICE TO APPEAR
(a) Definition. Unless indicated otherwise, notice to appear means a written order issued by a law enforcement officer in lieu of physical arrest requiring a person accused of violating the law to appear in a designated court or governmental office at a specified date and time.
(b) By Arresting Officer. If a person is arrested for an offense declared to be a misdemeanor of the first or second degree or a violation, or is arrested for violation of a municipal or county ordinance triable in the county, and demand to be taken before a magistratejudge is not made, notice to appear may be issued by the arresting officer unless:
(1) the accused fails or refuses to sufficiently identify himself or herself or supply the required information;
(2) the accused refuses to sign the notice to appear;
(3) the officer has reason to believe that the continued liberty of the accused constitutes an unreasonable risk of bodily injury to the accused or others;
(4) the accused has no ties with the jurisdiction reasonably sufficient to assure the accused's appearance or there is substantial risk that the accused will refuse to respond to the notice;
(5) the officer has any suspicion that the accused may be wanted in any jurisdiction; or
(6) it appears that the accused previously has failed to respond to a notice or a summons or has violated the conditions of any pretrial release program.
(c) By Booking Officer. If the arresting officer does not issue notice to appear because of one of the exceptions listed in subdivision (b) and takes the accused to police headquarters, the booking officer may issue notice to appear if the officer determines that there is a likelihood that the accused will appear as directed, based on a reasonable investigation of the accused's:
(1) residence and length of residence in the community;
(2) family ties in the community;
(3) employment record;
(4) character and mental condition;
(5) past record of convictions; or
(6) past history of appearance at court proceedings.
(d) How and When Served. If notice to appear is issued, it shall be prepared in quadruplicate. The officer shall deliver 1 copy of the notice to appear to the arrested person and the person, to secure release, shall give a written promise to appear in court by signing the 3 remaining copies: 1 to be retained by the officer and 2 to be filed with the clerk of the court. These 2 copies shall be sworn to by the arresting officer before a notary public or a deputy clerk. If notice to appear is issued under subdivision (b), the notice shall be issued immediately upon arrest. If notice to appear is issued under subdivision (c), the notice shall be issued immediately on completion of the investigation. The arresting officer or other duly authorized official then shall release from custody the person arrested.
(e) Copy to the Clerk of the Court. With the sworn notice to appear, the arresting officer shall file with the clerk a list of witnesses and their addresses and a list of tangible evidence in the cause. One copy shall be retained by the officer and 2 copies shall be filed with the clerk of the court.
(f) Copy to State Attorney. The clerk shall deliver 1 copy of the notice to appear and schedule of witnesses and evidence filed therewith to the state attorney.
*1102 (g) Contents. If notice to appear is issued, it shall contain the:
(1) name and address of the accused;
(2) date of offense;
(3) offense(s) charged  by statute and municipal ordinance if applicable;
(4) counts of each offense;
(5) time and place that the accused is to appear in court;
(6) name and address of the trial court having jurisdiction to try the offense(s) charged;
(7) name of the arresting officer;
(8) name(s) of any other person(s) charged at the same time; and
(9) signature of the accused.
(h) Failure to Appear. If a person signs a written notice to appear and fails to respond to the notice to appear, a warrant of arrest shall be issued under rule 3.121.
(i) Traffic Violations Excluded. Nothing contained herein shall prevent the operation of a traffic violations bureau, the issuance of citations for traffic violations, or any procedure under chapter 316, Florida Statutes.
(j) Rules and Regulations. Rules and regulations of procedure governing the exercise of authority to issue notices to appear shall be established by the chief judge of the circuit.
(k) Procedure by Court.
(1) When the accused appears before the court under the requirements of the notice to appear, the court shall advise the defendant as set forth in rule 3.130(b), and the provisions of that rule shall apply. The accused at such appearance may elect to waive the right to counsel and trial and enter a plea of guilty or nolo contendere by executing the waiver form contained on the notice to appear, and the court may enter judgment and sentence in the cause.
(2) In the event the defendant enters a plea of not guilty, the court may set the cause for jury or nonjury trial on the notice to appear under the provisions of rules 3.140 and 3.160. When the court sets a trial date by the court, the clerk shall, without further praecipe, issue witness subpoenas to the law enforcement officer who executed the notice to appear and to the witnesses whose names and addresses appear on the list filed by the officer, requiring their attendance at trial.
(l) Form of Notice to Appear and Schedule of Witnesses and Evidence. The notice to appear and schedule of witnesses and evidence shall be in substantially the following form:

IN THE COUNTY COURT, IN AND FOR __________ COUNTY, FLORIDA

NOTICE TO APPEAR
_____________
Agency Case #
STATE OF FLORIDA, COUNTY OF ________________________________________________________________
In the name of __________ County, Florida: The undersigned certifies that he or she has just
and reasonable grounds to believe, and does believe, that:
On ....(date)...., at __________ ( )a.m. ( )p.m.
________________ __________ _____ __________________________________________________________
Last Name First M.I. Aliases
*1103
____________________________________________ ______________________________________________
Street  City and State Date and Place of Birth
__________ ________ ______ ______ ____ ____ ____________________________________
Phone Race/Sex Height Weight Hair Eyes Scars/Marks
_________ _____________________ _________________________________________________________
Occupation Place of Employment Employment Phone
_____________ _____________________ _________ ___________________________________________
Complexion Driver's License # #Yr./St. Social Security #
at (location) ______________________________________________________________________________
in ___________ County, Florida, committed the following offense(s):
(1) ____________________ (2) _______________________________________________________________
in violation of
 ( ) State Statute
section(s): ________ : _______ ( ) Municipal Ord.
DID (Narrative): ___________________________________________________________________________
____________________________________________________________________________________________
____________________________________________________________________________________________
____________________________________________________________________________________________
____________________________________________________________________________________________
____________________________________________________________________________________________
_____________________________________________________________ ______ _____________________
Name of Officer ID Agency
[ ] Mandatory appearance in court, _________________________________________________________
 Location
on ..... (date) ....., at _______ ( )a.m. ( )p.m.
[ ] You need not appear in court, but must comply with instructions on back.
CO-DEFENDANTS:
 [ ] Cited
1. ______________________________________________________________________________ [ ] Jailed
 Name DOB Address
 [ ] Cited
2. ______________________________________________________________________________ [ ] Jailed
 Name DOB Address
I AGREE TO APPEAR AT THE TIME AND PLACE DESIGNATED ABOVE TO
ANSWER THE OFFENSE CHARGED OR TO PAY THE FINE SUBSCRIBED. I
UNDERSTAND THAT SHOULD I WILLFULLY FAIL TO APPEAR BEFORE THE
COURT AS REQUIRED BY THIS NOTICE TO APPEAR, I MAY BE HELD IN
CONTEMPT OF COURT AND A WARRANT FOR MY ARREST SHALL BE ISSUED.
______________________
Signature of Defendant
I swear the above and reverse and attached statements are true and correct to the best of
my knowledge and belief.
_____________________
Complainant
_____________________
Agency or Department
*1104
Sworn to and subscribed before me on ....(date)....
_______________________________
Notary Public, State of Florida

WAIVER INFORMATION
If you desire to plead guilty or nolo contendere (no contest) and you need not appear in court as indicated on the face of this notice, you may present this notice at the county court named on the reverse of this page.
From .....(date)....., ____ to .....(date)....., ____
 Hour Hour
and pay a fine of __________ dollars in cash, money order, or certified check.
The waiver below must be completed and attached. Read carefully.
Your failure to answer this summons in the manner subscribed will result in a warrant being issued on a separate and additional charge.
"In consideration of my not appearing in court, I the undersigned, do hereby enter my appearance on the affidavit for the offense charged on the other side of this notice and waive the reading of the affidavit in the above named cause and the right to be present at the trial of said action. I hereby enter my plea of Guilty [ ] or Nolo Contendere [ ], and waive my right to prosecute appeal or error proceedings.
"I understand the nature of the charge against me; I understand my right to have counsel and waive this right and the right to a continuance. I waive my right to trial before a judge or jury. I plead Guilty [ ] or Nolo Contendere [ ] to the charge, being fully aware that my signature to this plea will have the same effect as a judgment of this court."
Total Fine and Cost ________________________________________________________________________
Defendant Signature ________________________________________________________________________
Address ____________________________________________________________________________________
____________________________________________________________________________________________

IN THE COUNTY COURT, IN AND FOR __________ COUNTY, FLORIDA

SCHEDULE OF WITNESSES AND EVIDENCE FOR NOTICE TO APPEAR
_____________
Agency Case #
____________________________________________________________________________________________
Last Name First M.I. Aliases
____________________________________________________________________________________________
Address
.... (date of notice to appear) ....
 Offense(s): (1) _________________
 (2) _________________
TANGIBLE EVIDENCE: (If none, write "None")
Item: ______________________________________________________________________________________
*1105
Obtained from (person and/or place): _______________________________________________________
first received by: _________________________________________________________________________
given to: __________________________________________________________________________________
WITNESSES: (If none, write "None")
#1 Name: ___________________________________________________________________________________
Res. Tel. No. __________ Address: __________________________________________________________
Bus. Tel. No. __________ Business: _________________________________________________________
Testimony: _________________________________________________________________________________
____________________________________________________________________________________________
#2 Name: ___________________________________________________________________________________
Res. Tel. No. __________ Address: __________________________________________________________
Bus. Tel. No. __________ Business: _________________________________________________________
Testimony: _________________________________________________________________________________
____________________________________________________________________________________________
#3 Name: ___________________________________________________________________________________
Res. Tel. No. __________ Address: __________________________________________________________
Bus. Tel. No. __________ Business: _________________________________________________________
Testimony: _________________________________________________________________________________
____________________________________________________________________________________________
I certify that the foregoing is a complete list of witnesses and evidence known to me.
_____________________
Investigating Officer
_____________________
Agency

Committee Notes
1992 Amendment. The amendment deletes subdivision (k) and reletters subdivisions (l) and (m). The elimination of subdivision (k) will entitle individuals charged with criminal violations to the same discovery, without regard to the nature of the charging instrument. As amended, persons charged by way of a notice to appear can obtain the same discovery as persons charged by way of either an information or an indictment. In this regard the committee also has proposed amendments to rule 3.220(b)(1), (b)(2), (c)(1), and (h)(1) to change the reference from "indictment or information" to "charging document."

RULE 3.130. FIRST APPEARANCE
(a) Prompt First Appearance. Except when previously released in a lawful manner, every arrested person shall be taken before a judicial officer, either in person or by electronic audiovisual device in the discretion of the court, within 24 hours of arrest. In the case of a child in the custody of juvenile authorities, against whom an information or indictment has been filed, the child shall be taken for a first appearance hearing within 24 hours of the filing of the information or indictment. The chief judge of the circuit for each county within the circuit shall designate 1 or more judicial officers from the circuit court, or county court, to be available for the first appearance and proceedings.
(b) Advice to Defendant. At the defendant's first appearance the magistratejudge shall immediately inform the defendant of the charge and provide the defendant with a copy of the complaint. The magistratejudge shall also adequately advise the defendant that:
*1106 (1) the defendant is not required to say anything, and that anything the defendant says may be used against him or her;
(2) if unrepresented, that the defendant has a right to counsel, and, if financially unable to afford counsel, that counsel will be appointed; and
(3) the defendant has a right to communicate with counsel, family, or friends, and if necessary, will be provided reasonable means to do so.
(c) Counsel for Defendant.
(1) Appointed Counsel. If practicable, the magistratejudge should determine prior to the first appearance whether the defendant is financially able to afford counsel and whether the defendant desires representation. When the magistratejudge determines that the defendant is entitled to court-appointed counsel and desires counsel, the magistratejudge shall immediately appoint counsel. This determination must be made and, if required, counsel appointed no later than the time of the first appearance and before any other proceedings at the first appearance. If necessary, counsel may be appointed for the limited purpose of representing the defendant only at first appearance or at subsequent proceedings before the magistratejudge.
(2) Retained Counsel. When the defendant has employed counsel or is financially able and desires to employ counsel to represent him or her at first appearance, the magistratejudge shall allow the defendant a reasonable time to send for counsel and shall, if necessary, postpone the first appearance hearing for that purpose. The magistratejudge shall also, on request of the defendant, require an officer to communicate a message to such counsel as the defendant may name. The officer shall, with diligence and without cost to the defendant if the counsel is within the county, perform the duty. If the postponement will likely result in the continued incarceration of the defendant beyond a 24-hour period, at the request of the defendant the magistratejudge may appoint counsel to represent the defendant for the first appearance hearing.
(3) Opportunity to Confer. No further steps in the proceedings should be taken until the defendant and counsel have had an adequate opportunity to confer, unless the defendant has intelligently waived the right to be represented by counsel.
(4) Waiver of Counsel. The defendant may waive the right to counsel at first appearance. The waiver, containing an explanation of the right to counsel, shall be in writing and signed and dated by the defendant. This written waiver of counsel shall, in addition, contain a statement that it is limited to first appearance only and shall in no way be construed to be a waiver of counsel for subsequent proceedings.
(d) Pretrial Release. The judicial officer shall proceed to determine conditions of release pursuant to rule 3.131.

Committee Notes
1972 Amendment. Same as prior rule except (b), which is new.

RULE 3.131. PRETRIAL RELEASE
(a) Right to Pretrial Release. Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.
*1107 (b) Hearing at First Appearance  Conditions of Release.
(1) Unless the state has filed a motion for pretrial detention pursuant to rule 3.132, the court shall conduct a hearing to determine pretrial release. For the purpose of this rule, bail is defined as any of the forms of release stated below. There is a presumption in favor of release on nonmonetary conditions for any person who is granted pretrial release. The judicial officer shall impose the first of the following conditions of release that will reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process; or, if no single condition gives that assurance, shall impose any combination of the following conditions:
(A) personal recognizance of the defendant;
(B) execution of an unsecured appearance bond in an amount specified by the judge;
(C) placement of restrictions on the travel, association, or place of abode of the defendant during the period of release;
(D) placement of the defendant in the custody of a designated person or organization agreeing to supervise the defendant;
(E) execution of a bail bond with sufficient solvent sureties, or the deposit of cash in lieu thereof; provided, however, that any criminal defendant who is required to meet monetary bail or bail with any monetary component may satisfy the bail by providing an appearance bond; or
(F) any other condition deemed reasonably necessary to assure appearance as required, including a condition requiring that the person return to custody after specified hours.
(2) The judge shall at the defendant's first appearance consider all available relevant factors to determine what form of release is necessary to assure the defendant's appearance. If a monetary bail is required, the judge shall determine the amount.
(3) In determining whether to release a defendant on bail or other conditions, and what that bail or those conditions may be, the court may consider the nature and circumstances of the offense charged and the penalty provided by law; the weight of the evidence against the defendant; the defendant's family ties, length of residence in the community, employment history, financial resources, and mental condition; the defendant's past and present conduct, including any record of convictions, previous flight to avoid prosecution, or failure to appear at court proceedings; the nature and probability of danger that the defendant's release poses to the community; the source of funds used to post bail; whether the defendant is already on release pending resolution of another criminal proceeding or is on probation, parole, or other release pending completion of sentence; and any other facts the court considers relevant.
(4) All information provided by a defendant in connection with any application for or attempt to secure bail, to any court, court personnel, or individual soliciting or recording such information for the purpose of evaluating eligibility for or securing bail for the defendant, under circumstances such that the defendant knew or should have known that the information was to be used in connection with an application for bail, shall be accurate, truthful, and complete, without omissions, to the best knowledge of the defendant. Failure to comply with the provisions of this subdivision may result in the revocation or modification of bail. However, no defendant shall be compelled *1108 to provide information regarding his or her criminal record.
(5) Information stated in, or offered in connection with, any order entered pursuant to this rule need not strictly conform to the rules of evidence.
(c) Consequences of Failure to Appear.
(1) Any defendant who willfully and knowingly fails to appear and breaches a bond as specified in section 903.26, Florida Statutes, and who voluntarily appears or surrenders shall not be eligible for a recognizance bond.
(2) Any defendant who willfully and knowingly fails to appear and breaches a bond as specified in section 903.26, Florida Statutes, and who is arrested at any time following forfeiture shall not be eligible for a recognizance bond or any form of bond that does not require a monetary undertaking or commitment equal to or greater than $2,000 or twice the value of the monetary commitment or undertaking of the original bond, whichever is greater.
(d) Subsequent Application for Setting or Modification of Bail.
(1) When a judicial officer not possessing trial jurisdiction orders a defendant held to answer before a court having jurisdiction to try the defendant, and bail has been denied or sought to be modified, application by motion may be made to the court having jurisdiction to try the defendant or, in the absence of the judge of the trial court, to the circuit court. The motion shall be determined promptly. No judge or a court of equal or inferior jurisdiction may modify or set a condition of release, unless the judge:
(A) imposed the conditions of bail or set the amount of bond required;
(B) is the chief judge of the circuit in which the defendant is to be tried;
(C) has been assigned to preside over the criminal trial of the defendant; or
(D) is the first appearance judge and was authorized by the judge initially setting or denying bail to modify or set conditions of release.
(2) Applications by the defendant for modification of bail on any felony charge must be heard by a court in person at a hearing, with the defendant present and with at least 3 hours' notice to the state attorney and county attorney, if bond forfeiture proceedings are handled by the county attorney. The state may apply for modification of bail by showing good cause and with at least 3 hours' notice to the attorney for the defendant.
(3) If any trial court fixes bail and refuses its reduction before trial, the defendant may institute habeas corpus proceedings seeking reduction of bail. If application is made to the supreme court or district court of appeal, notice and a copy of such application shall be given to the attorney general and the state attorney. Such proceedings shall be determined promptly.
(e) Bail Before Conviction; Condition of Undertaking.
(1) If a person is admitted to bail for appearance for a preliminary hearing or on a charge that a magistratejudge is empowered to try, the condition of the undertaking shall be that the person will appear for the hearing or to answer the charge and will submit to the orders and process of the magistratejudge trying the same and will not depart without leave.
(2) If a person is admitted to bail after being held to answer by a magistratejudge or after an indictment or information on which the person is to be tried has been filed, the condition of the undertaking shall be that the person will appear to answer the charges before the court in *1109 which he or she may be prosecuted and submit to the orders and process of the court and will not depart without leave.
(f) Revocation of Bail. The court in its discretion for good cause, any time after a defendant who is at large on bail appears for trial, may commit the defendant to the custody of the proper official to abide by the judgment, sentence, and any further order of the court.
(g) Arrest and Commitment by Court. The court in which the cause is pending may direct the arrest and commitment of the defendant who is at large on bail when:
(1) there has been a breach of the undertaking;
(2) it appears that the defendant's sureties or any of them are dead or cannot be found or are insufficient or have ceased to be residents of the state; or
(3) the court is satisfied that the bail should be increased or new or additional security required.
The order for the commitment of the defendant shall recite generally the facts on which it is based and shall direct that the defendant be arrested by any official authorized to make arrests and that the defendant be committed to the official in whose custody he or she would be if he or she had not been given bail, to be detained by such official until legally discharged. The defendant shall be arrested pursuant to such order on a certified copy thereof, in any county, in the same manner as on a warrant of arrest. If the order provided for is made because of the failure of the defendant to appear for judgment, the defendant shall be committed. If the order is made for any other cause, the court may determine the conditions of release, if any.
(h) Bail after Recommitment. If the defendant applies to be admitted to bail after recommitment, the court that recommitted the defendant shall determine conditions of release, if any, subject to the limitations of (b) above.
(i) Qualifications of Surety after Order of Recommitment. If the defendant offers bail after recommitment, each surety shall possess the qualifications and sufficiency and the bail shall be furnished in all respects in the manner prescribed for admission to bail before recommitment.
(j) Issuance of Capias; Bail Specified. On the filing of either an indictment or information charging the commission of a crime, if the person named therein is not in custody or at large on bail for the offense charged, the judge shall issue or shall direct the clerk to issue, either immediately or when so directed by the prosecuting attorney, a capias for the arrest of the person. If the person named in the indictment or information is a child and the child has been served with a promise to appear under the Florida Rules of Juvenile Procedure, capias need not be issued. Upon the filing of the indictment or information, the judge shall endorse the amount of bail, if any, and may authorize the setting or modification of bail by the judge presiding over the defendant's first appearance hearing. This endorsement shall be made on the capias and signed by the judge.
(k) Summons on Misdemeanor Charge. When a complaint is filed charging the commission of a misdemeanor only and the magistratejudge deems that process should issue as a result, or when an indictment or information on which the defendant is to be tried charging the commission of a misdemeanor only, and the person named in it is not in custody or at large on bail for the offense charged, the magistrate orjudge shall direct the clerk to issue a summons instead of a capias unless the magistrate orjudge has reasonable ground to believe that the person will not appear in response to a summons, in which *1110 event an arrest warrant or a capias shall be issued with the amount of bail endorsed on it. The summons shall state substantially the nature of the offense and shall command the person against whom the complaint was made to appear before the judge issuing the summons or the judge having jurisdiction of the offense at a time and place stated in it.
(l) Summons When Defendant Is Corporation. On the filing of an indictment or information or complaint charging a corporation with the commission of a crime, whether felony or misdemeanor, the judge shall direct the clerk to issue or shall issue a summons to secure its appearance to answer the charge. If, after being summoned, the corporation does not appear, a plea of not guilty shall be entered and trial and judgment shall follow without further process.

Committee Notes
1968 Adoption. (a) Same as section 903.01, Florida Statutes.
(b) Same as section 903.04, Florida Statutes.
(c) Same as section 903.02, Florida Statutes.
(d) Same as section 903.12, Florida Statutes.
(e) Substantially same as section 903.13, Florida Statutes.
(f) Same as section 903.19, Florida Statutes.
(g) Same as section 918.01, Florida Statutes.
(h) Substantially same as section 903.23, Florida Statutes.
(i) Same as section 903.24, Florida Statutes.
(j) Same as section 903.25, Florida Statutes.
(k) and (l) Formerly rule 3.150(c). These proposals contain the essentials of present sections 907.01, 907.02, and 901.09(3), Florida Statutes, a change of some of the terminology being warranted for purpose of clarity.
(m) Formerly rule 3.150(c). This proposal contains all of the essentials of section 907.03, Florida Statutes, and that part of section 901.14, Florida Statutes, pertaining to postindictment or postinformation procedure. A charge by affidavit is provided.
Although subdivision (g) is the same as section 918.01, Florida Statutes, its constitutionality was questioned by the subcommittee, constitutional right to bail and presumption of innocence.
1972 Amendment. Same as prior rule except (b), which is new. (k), (l), and (m) are taken from prior rule 3.150.
1977 Amendment. This proposal amends subdivision (b)(4) of the present rule [formerly rule 3.130(b)(4)] to expand the forms of pretrial release available to the judge. The options are the same as those available under the federal rules without the presumption in favor of release on personal recognizance or unsecured appearance.
This proposal leaves it to the sound discretion of the judge to determine the least onerous form of release which will still insure the defendant's appearance.
It also sets forth the specific factors the judge should take into account in making this determination.
1983 Amendment. Rule 3.131(d) is intended to replace former rule 3.130(f) and therefore contemplates all subsequent modifications of bail including all increases or reductions of monetary bail or any other changes sought by the state or by the defendant.

*1111 Court Comment
1977 Amendment. Subdivision (a) was repealed by Chapter 76-138, § 2, Laws of Florida, insofar as it was inconsistent with the provision of that statute. Subdivision (a) has been amended so as to comply with the legislative act.

RULE 3.133. PRETRIAL PROBABLE CAUSE DETERMINATIONS AND ADVERSARY PRELIMINARY HEARINGS

(a) Nonadversary Probable Cause Determination.
(1) Defendant in Custody. In all cases in which the defendant is in custody, a nonadversary probable cause determination shall be held before a magistrate judge within 48 hours from the time of the defendant's arrest; provided, however, that this proceeding shall not be required when a probable cause determination has been previously made by a magistrate judge and an arrest warrant issued for the specific offense for which the defendant is charged. The magistrate judge after a showing of extraordinary circumstance may continue the proceeding for not more than 24 hours beyond the 48-hour period. The magistrate judge, after a showing that an extraordinary circumstance still exists, may continue the proceeding for not more than 24 additional hours following the expiration of the initial 24-hour continuance. This determination shall be made if the necessary proof is available at the time of the first appearance as required under rule 3.130, but the holding of this determination at that time shall not affect the fact that it is a nonadversary proceeding.
(2) Defendant on Pretrial Release. A defendant who has been released from custody before a probable cause determination is made and who is able to establish that the pretrial release conditions are a significant restraint on his or her liberty may file a written motion for a nonadversary probable cause determination setting forth with specificity the items of significant restraint that a finding of no probable cause would eliminate. The motion shall be filed within 21 days from the date of arrest, and notice shall be given to the state. A magistrate judge who finds significant restraints on the defendant's liberty shall make a probable cause determination within 7 days from the filing of the motion.
(3) Standard of Proof. Upon presentation of proof, the magistrate judge shall determine whether there is probable cause for detaining the arrested person pending further proceedings. The defendant need not be present. In determining probable cause to detain the defendant, the magistrate judge shall apply the standard for issuance of an arrest warrant, and the finding may be based on sworn complaint, affidavit, deposition under oath, or, if necessary, on testimony under oath properly recorded.
(4) Action on Determination. If probable cause is found, the defendant shall be held to answer the charges. If probable cause is not found or the specified time periods are not complied with, the defendant shall be released from custody unless an information or indictment has been filed, in which event the defendant shall be released on recognizance subject to the condition that he or she appear at all court proceedings or shall be released under a summons to appear before the appropriate court at a time certain. Any release occasioned by a failure to comply with the specified time periods shall be by order of the magistrate judge on a written application filed by the defendant with notice sent to the state or by a magistrate judge without a written application but with notice to the state. The magistrate judge shall order the release of the defendant after it is determined that the defendant is entitled to release and after the *1112 state has a reasonable period of time, not to exceed 24 hours, in which to establish probable cause. A release required by this rule does not void further prosecution by information or indictment but does prohibit any restraint on liberty other than appearing for trial. A finding that probable cause does or does not exist shall be made in writing, signed by the magistrate judge, and filed, together with the evidence of such probable cause, with the clerk of the court having jurisdiction of the offense for which the defendant is charged.

(b) Adversary Preliminary Hearing.
(1) When Applicable. A defendant who is not charged in an information or indictment within 21 days from the date of arrest or service of the capias on him or her shall have a right to an adversary preliminary hearing on any felony charge then pending against the defendant. The subsequent filing of an information or indictment shall not eliminate a defendant's entitlement to this proceeding.
(2) Process. The magistrate judge shall issue such process as may be necessary to secure attendance of witnesses within the state for the state or the defendant.
(3) Witnesses. All witnesses shall be examined in the presence of the defendant and may be cross-examined. Either party may request that the witnesses be sequestered. At the conclusion of the testimony for the prosecution, the defendant who so elects shall be sworn and testify in his or her own behalf, and in such cases the defendant shall be warned in advance of testifying that anything he or she may say can be used against him or her at a subsequent trial. The defendant may be cross-examined in the same manner as other witnesses, and any witnesses offered by the defendant shall be sworn and examined.
(4) Record. At the request of either party, the entire preliminary hearing, including all testimony, shall be recorded verbatim stenographically or by mechanical means and at the request of either party shall be transcribed. If the record of the proceedings, or any part thereof, is transcribed at the request of the prosecuting attorney, a copy of this transcript shall be furnished free of cost to the defendant or the defendant's counsel.
(5) Action on Hearing. If from the evidence it appears to the magistrate judge that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the magistrate judge shall cause the defendant to be held to answer to the circuit court; otherwise, the magistrate judge shall release the defendant from custody unless an information or indictment has been filed, in which event the defendant shall be released on recognizance subject to the condition that he or she appear at all court proceedings or shall be released under a summons to appear before the appropriate court at a time certain. Such release does not, however, void further prosecution by information or indictment but does prohibit any restraint on liberty other than appearing for trial. A finding that probable cause does or does not exist shall be made in writing, signed by the magistrate judge, and, together with the evidence received in the cause, shall be filed with the clerk of the circuit court.
(c) Additional Nonadversary Probable Cause Determinations and Preliminary Hearings. If there has been a finding of no probable cause at a nonadversary determination or adversary preliminary hearing, or if the specified time periods for holding a nonadversary probable cause determination have not been complied with, a magistrate judge may thereafter make a determination of probable cause at a nonadversary *1113 probable cause determination, in which event the defendant shall be retained in custody or returned to custody upon appropriate process issued by the magistrate judge. A defendant who has been retained in custody or returned to custody by such a determination shall be allowed an adversary preliminary hearing in all instances in which a felony offense is charged.

Committee Notes
1968 Adoption. (Notes are to former rule 1.122.)
(a) Substantially the same as section 902.01, Florida Statutes; the word "examination" is changed to "hearing" to conform to modern terminology.
(b) through (j) Substantially the same as sections 902.02 through 902.10, 902.13, and 902.14, Florida Statutes, except for exchange of "hearing" for "examination."
(k) Parts of section 902.11, Florida Statutes, and all of section 902.12, Florida Statutes, were omitted because of conflict with case law: Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963).
(l) Taken from Federal Rule of Criminal Procedure 5(c). Previously Florida had no statute or rule defining what the magistrate should do at the conclusion of the preliminary hearing.
(m) Substantially the same as section 902.18, Florida Statutes, except "without delay" changed to "within 7 days." Some specific time limit was felt necessary because of frequent delay by magistrates while defendants remain in jail.
1972 Amendment. The ABA Standards on Pre-Trial Release provide for a person arrested to be taken before a committing magistrate without unreasonable delay for immediate judicial consideration of the release decision. The committee determined that, since a determination of probable cause at this immediate hearing presents difficult logistical problems for the state and defense counsel, the question of probable cause should be decided at a later preliminary hearing. For this reason, subdivisions (c), (d), and (e) of the former rule have been deleted in favor of the hearing provision now contained in rule 3.130.
(a) A revised version of former rule 3.122(a).
(b) New. Establishes the time period in which the preliminary hearing must take place.
(c)(1) Substantially the same as former rule 3.122(b). Amended to provide for advice of counsel relative to waiver and for written waiver.
(c)(2) Amended to delete provisions relating to recording of proceedings as same are now contained in subdivision (h).
(d) Same as prior rule 3.122(g).
(e) Same as prior rule 3.122(h).
(f) Substantially the same as prior rule 3.122(i); language modernized by slight changes.
(g) Same as prior rule 3.122(j).
(h) New rule to provide for record of proceedings.
(i) Same as prior rule 3.122(l).
(j) Substantially the same as prior rule 3.122(m). Time period for transmission of papers is reduced. (2) provides for transmission of any transcript of proceedings.
1977 Amendment. The rule corrects several deficiencies in the prior rule:
(1) In the prior rule no specific mechanism was provided to effect the release which is allowed. This revision provides such a mechanism and coordinates the mechanism with the additional procedures created by subdivision (c).
*1114 (2) Once a determination of no probable cause was made and the defendant was released, no method was provided for reversing the process in those instances in which the determination is palpably in error or in instances in which it is later possible to establish probable cause.
(3) The prior rule allowed the unconditioned release of a defendant without the possibility of recapture simply because of a technical failure to abide by the rather arbitrary time limits established for the conduct of a nonadversary probable cause determination and regardless of the ability to establish probable cause. The new rule allows a determination or redetermination of probable cause to be made in instances in which to do so is sensible. The defendant is protected by the provision allowing an adversary preliminary hearing as a check against any possible abuse.

Court Comment
1975 Amendment. This is a complete rewrite of the preliminary hearing rule.

RULE 3.220. DISCOVERY
(a) Notice of Discovery. After the filing of the charging document, a defendant may elect to participate in the discovery process provided by these rules, including the taking of discovery depositions, by filing with the court and serving on the prosecuting attorney a "Notice of Discovery" which shall bind both the prosecution and defendant to all discovery procedures contained in these rules. Participation by a defendant in the discovery process, including the taking of any deposition by a defendant or the filing of a public records request under chapter 119, Florida Statutes, for law enforcement records relating to the defendant's pending prosecution, which are nonexempt as a result of a codefendant's participation in discovery, shall be an election to participate in discovery and triggers a reciprocal discovery obligation for the defendant. If any defendant knowingly or purposely shares in discovery obtained by a codefendant, the defendant shall be deemed to have elected to participate in discovery.

(b) Prosecutor's Discovery Obligation.
(1) Within 15 days after service of the Notice of Discovery, the prosecutor shall serve a written Discovery Exhibit which shall disclose to the defendant and permit the defendant to inspect, copy, test, and photograph the following information and material within the state's possession or control:
(A) a list of the names and addresses of all persons known to the prosecutor to have information that may be relevant to any offense charged or any defense thereto, or to any similar fact evidence to be presented at trial under section 90.404(2), Florida Statutes. The names and addresses of persons listed shall be clearly designated in the following categories:
(i) Category A. These witnesses shall include (1) eye witnesses, (2) alibi witnesses and rebuttal to alibi witnesses, (3) witnesses who were present when a recorded or unrecorded statement was taken from or made by a defendant or codefendant, which shall be separately identified within this category, (4) investigating officers, (5) witnesses known by the prosecutor to have any material information that tends to negate the guilt of the defendant as to any offense charged, (6) child hearsay witnesses, and (7) expert witnesses who have not provided a written report and a curriculum vitae or who are going to testify to test results or give opinions that will have to meet the test set forth in Frye v. United States, 293 F. 1013 (D.C.Cir.1923).
(ii) Category B. All witnesses not listed in either Category A or Category C.
*1115 (iii) Category C. All witnesses who performed only ministerial functions or whom the prosecutor does not intend to call at trial and whose involvement with and knowledge of the case is fully set out in a police report or other statement furnished to the defense;
(B) the statement of any person whose name is furnished in compliance with the preceding subdivision. The term "statement" as used herein includes a written statement made by the person and signed or otherwise adopted or approved by the person and also includes any statement of any kind or manner made by the person and written or recorded or summarized in any writing or recording. The term "statement" is specifically intended to include all police and investigative reports of any kind prepared for or in connection with the case, but shall not include the notes from which those reports are compiled;
(C) any written or recorded statements and the substance of any oral statements made by the defendant, including a copy of any statements contained in police reports or report summaries, together with the name and address of each witness to the statements;
(D) any written or recorded statements and the substance of any oral statements made by a codefendant if the trial is to be a joint one;
(E) those portions of recorded grand jury minutes that contain testimony of the defendant;
(F) any tangible papers or objects that were obtained from or belonged to the defendant;
(G) whether the state has any material or information that has been provided by a confidential informant;
(H) whether there has been any electronic surveillance, including wiretapping, of the premises of the defendant or of conversations to which the defendant was a party and any documents relating thereto;
(I) whether there has been any search or seizure and any documents relating thereto;
(J) reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons; and
(K) any tangible papers or objects that the prosecuting attorney intends to use in the hearing or trial and that were not obtained from or that did not belong to the defendant.
(2) If the court determines, in camera, that any police or investigative report contains irrelevant, sensitive information or information interrelated with other crimes or criminal activities and the disclosure of the contents of the police report may seriously impair law enforcement or jeopardize the investigation of those other crimes or activities, the court may prohibit or partially restrict the disclosure.
(3) The court may prohibit the state from introducing into evidence any of the foregoing material not disclosed, so as to secure and maintain fairness in the just determination of the cause.
(4) As soon as practicable after the filing of the charging document the prosecutor shall disclose to the defendant any material information within the state's possession or control that tends to negate the guilt of the defendant as to any offense charged, regardless of whether the defendant has incurred reciprocal discovery obligations.

(c) Disclosure to Prosecution.
(1) After the filing of the charging document and subject to constitutional limitations, *1116 the court may require a defendant to:
(A) appear in a lineup;
(B) speak for identification by witnesses to an offense;
(C) be fingerprinted;
(D) pose for photographs not involving re-enactment of a scene;
(E) try on articles of clothing;
(F) permit the taking of specimens of material under the defendant's fingernails;
(G) permit the taking of samples of the defendant's blood, hair, and other materials of the defendant's body that involves no unreasonable intrusion thereof;
(H) provide specimens of the defendant's handwriting; and
(I) submit to a reasonable physical or medical inspection of the defendant's body.
(2) If the personal appearance of a defendant is required for the foregoing purposes, reasonable notice of the time and location of the appearance shall be given by the prosecuting attorney to the defendant and his or her counsel. Provisions may be made for appearances for such purposes in an order admitting a defendant to bail or providing for pretrial release.

(d) Defendant's Obligation.
(1) If a defendant elects to participate in discovery, either through filing the appropriate notice or by participating in any discovery process, including the taking of a discovery deposition, the following disclosures shall be made:
(A) Within 15 days after receipt by the defendant of the Discovery Exhibit furnished by the prosecutor pursuant to subdivision (b)(1)(A) of this rule, the defendant shall furnish to the prosecutor a written list of the names and addresses of all witnesses whom the defendant expects to call as witnesses at the trial or hearing. When the prosecutor subpoenas a witness whose name has been furnished by the defendant, except for trial subpoenas, the rules applicable to the taking of depositions shall apply.
(B) Within 15 days after receipt of the prosecutor's Discovery Exhibit the defendant shall serve a written Discovery Exhibit which shall disclose to and permit the prosecutor to inspect, copy, test, and photograph the following information and material that is in the defendant's possession or control:
(i) the statement of any person listed in subdivision (d)(1)(A), other than that of the defendant;
(ii) reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons; and
(iii) any tangible papers or objects that the defendant intends to use in the hearing or trial.
(2) The prosecutor and the defendant shall perform their obligations under this rule in a manner mutually agreeable or as ordered by the court.
(3) The filing of a motion for protective order by the prosecutor will automatically stay the times provided for in this subdivision. If a protective order is granted, the defendant may, within 2 days thereafter, or at any time before the prosecutor furnishes the information or material that is the subject of the motion for protective order, withdraw the defendant's notice of discovery and not be required to furnish reciprocal discovery.
(e) Restricting Disclosure. The court on its own initiative or on motion of counsel *1117 shall deny or partially restrict disclosures authorized by this rule if it finds there is a substantial risk to any person of physical harm, intimidation, bribery, economic reprisals, or unnecessary annoyance or embarrassment resulting from the disclosure, that outweighs any usefulness of the disclosure to either party.
(f) Additional Discovery. On a showing of materiality, the court may require such other discovery to the parties as justice may require.
(g) Matters Not Subject to Disclosure.
(1) Work Product. Disclosure shall not be required of legal research or of records, correspondence, reports, or memoranda to the extent that they contain the opinions, theories, or conclusions of the prosecuting or defense attorney or members of their legal staffs.
(2) Informants. Disclosure of a confidential informant shall not be required unless the confidential informant is to be produced at a hearing or trial or a failure to disclose the informant's identity will infringe the constitutional rights of the defendant.

(h) Discovery Depositions.
(1) Generally. At any time after the filing of the charging document any party may take the deposition upon oral examination of any person authorized by this rule. A party taking a deposition shall give reasonable written notice to each other party and shall make a good faith effort to coordinate the date, time, and location of the deposition to accommodate the schedules of other parties and the witness to be deposed. The notice shall state the time and the location where the deposition is to be taken, the name of each person to be examined, and a certificate of counsel that a good faith effort was made to coordinate the deposition schedule. After notice to the parties the court may, for good cause shown, extend or shorten the time and may change the location of the deposition. Except as provided herein, the procedure for taking the deposition, including the scope of the examination, and the issuance of a subpoena (except a subpoena duces tecum) for deposition by an attorney of record in the action, shall be the same as that provided in the Florida Rules of Civil Procedure. Any deposition taken pursuant to this rule may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness. The trial court or the clerk of the court may, upon application, issue subpoenas for the persons whose depositions are to be taken. In any case, including multiple defendants or consolidated cases, no person shall be deposed more than once except by consent of the parties or by order of the court issued on good cause shown. A witness who refuses to obey a duly served subpoena may be adjudged in contempt of the court from which the subpoena issued.
(A) The defendant may, without leave of court, take the deposition of any witness listed by the prosecutor as a Category A witness or listed by a co-defendant as a witness to be called at a joint trial or hearing. After receipt by the defendant of the Discovery Exhibit, the defendant may, without leave of court, take the deposition of any unlisted witness who may have information relevant to the offense charged. The prosecutor may, without leave of court, take the deposition of any witness listed by the defendant to be called at a trial or hearing.
(B) No party may take the deposition of a witness listed by the prosecutor as a Category B witness except upon leave of court with good cause shown. In determining whether to allow a deposition, the court should consider the consequences to the defendant, the complexities of the issues *1118 involved, the complexity of the testimony of the witness (e.g., experts), and the other opportunities available to the defendant to discover the information sought by deposition.
(C) A witness listed by the prosecutor as a Category C witness shall not be subject to deposition unless the court determines that the witness should be listed in another category.
(D) No deposition shall be taken in a case in which the defendant is charged only with a misdemeanor or a criminal traffic offense when all other discovery provided by this rule has been complied with unless good cause can be shown to the trial court. In determining whether to allow a deposition, the court should consider the consequences to the defendant, the complexity of the issues involved, the complexity of the witness' testimony (e.g., experts), and the other opportunities available to the defendant to discover the information sought by deposition. However, this prohibition against the taking of depositions shall not be applicable if following the furnishing of discovery by the defendant the state then takes the statement of a listed defense witness pursuant to section 27.04, Florida Statutes.
(2) Transcripts. No transcript of a deposition for which a county may be obligated to expend funds shall be ordered by a party unless it is:
(A) agreed between the state and any defendant that the deposition should be transcribed and a written agreement certifying that the deposed witness is material or specifying other good cause is filed with the court or
(B) ordered by the court on a showing that the deposed witness is material or on showing of good cause.
This rule shall not apply to applications for reimbursement of costs pursuant to section 939.06, Florida Statutes, and article I, section 9, of the Florida Constitution.
(3) Location of Deposition. Depositions of witnesses residing in the county in which the trial is to take place shall be taken in the building in which the trial shall be held, such other location as is agreed on by the parties, or a location designated by the court. Depositions of witnesses residing outside the county in which the trial is to take place shall be taken in a court reporter's office in the county or state in which the witness resides, such other location as is agreed on by the parties, or a location designated by the court.
(4) Depositions of Sensitive Witnesses. Depositions of children under the age of 16 shall be videotaped unless otherwise ordered by the court. The court may order the videotaping of a deposition or the taking of a deposition of a witness with fragile emotional strength to be in the presence of the trial judge or a special master magistrate.
(5) Depositions of Law Enforcement Officers. Subject to the general provisions of subdivision (h)(1), law enforcement officers shall appear for deposition, without subpoena, upon written notice of taking deposition delivered at the address of the law enforcement agency or department, or an address designated by the law enforcement agency or department, five days prior to the date of the deposition. Law enforcement officers who fail to appear for deposition after being served notice are subject to contempt proceedings.
(6) Witness Coordinating Office/Notice of Taking Deposition. If a witness coordinating office has been established in the jurisdiction pursuant to applicable Florida Statutes, the deposition of any witness should be coordinated through that office. The witness coordinating office *1119 should attempt to schedule the depositions of a witness at a time and location convenient for the witness and acceptable to the parties.
(7) Defendant's Physical Presence. A defendant shall not be physically present at a deposition except on stipulation of the parties or as provided by this rule. The court may order the physical presence of the defendant on a showing of good cause. The court may consider (A) the need for the physical presence of the defendant to obtain effective discovery, (B) the intimidating effect of the defendant's presence on the witness, if any, (C) any cost or inconvenience which may result, and (D) any alternative electronic or audio/visual means available.
(8) Telephonic Statements. On stipulation of the parties and the consent of the witness, the statement of a law enforcement officer may be taken by telephone in lieu of the deposition of the officer. In such case, the officer need not be under oath. The statement, however, shall be recorded and may be used for impeachment at trial as a prior inconsistent statement pursuant to the Florida Evidence Code.
(i) Investigations Not to Be Impeded. Except as is otherwise provided as to matters not subject to disclosure or restricted by protective orders, neither the counsel for the parties nor other prosecution or defense personnel shall advise persons having relevant material or information (except the defendant) to refrain from discussing the case with opposing counsel or showing opposing counsel any relevant material, nor shall they otherwise impede opposing counsel's investigation of the case.
(j) Continuing Duty to Disclose. If, subsequent to compliance with the rules, a party discovers additional witnesses or material that the party would have been under a duty to disclose or produce at the time of the previous compliance, the party shall promptly disclose or produce the witnesses or material in the same manner as required under these rules for initial discovery.
(k) Court May Alter Times. The court may alter the times for compliance with any discovery under these rules on good cause shown.
(l) Protective Orders.
(1) Motion to Restrict Disclosure of Matters. On a showing of good cause, the court shall at any time order that specified disclosures be restricted, deferred, or exempted from discovery, that certain matters not be inquired into, that the scope of the deposition be limited to certain matters, that a deposition be sealed and after being sealed be opened only by order of the court, or make such other order as is appropriate to protect a witness from harassment, unnecessary inconvenience, or invasion of privacy, including prohibiting the taking of a deposition. All material and information to which a party is entitled, however, must be disclosed in time to permit the party to make beneficial use of it.
(2) Motion to Terminate or Limit Examination. At any time during the taking of a deposition, on motion of a party or of the deponent, and upon a showing that the examination is being conducted in bad faith or in such manner as to unreasonably annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the circuit court where the deposition is being taken may (1) terminate the deposition, (2) limit the scope and manner of the taking of the deposition, (3) limit the time of the deposition, (4) continue the deposition to a later time, (5) order the deposition to be taken in open court, and, in addition, may (6) impose any sanction authorized by this rule. If the *1120 order terminates the deposition, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of any party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order.
(m) In Camera and Ex Parte Proceedings.
(1) Any person may move for an order denying or regulating disclosure of sensitive matters. The court may consider the matters contained in the motion in camera.
(2) Upon request, the court shall allow the defendant to make an ex parte showing of good cause for taking the deposition of a Category B witness.
(3) A record shall be made of proceedings authorized under this subdivision. If the court enters an order granting relief after an in camera inspection or ex parte showing, the entire record of the proceeding shall be sealed and preserved and be made available to the appellate court in the event of an appeal.
(n) Sanctions.
(1) If, at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant to an applicable discovery rule, the court may order the party to comply with the discovery or inspection of materials not previously disclosed or produced, grant a continuance, grant a mistrial, prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed, or enter such other order as it deems just under the circumstances.
(2) Willful violation by counsel or a party not represented by counsel of an applicable discovery rule, or an order issued pursuant thereto, shall subject counsel or the unrepresented party to appropriate sanctions by the court. The sanctions may include, but are not limited to, contempt proceedings against the attorney or unrepresented party, as well as the assessment of costs incurred by the opposing party, when appropriate.
(3) Every request for discovery or response or objection, including a notice of deposition made by a party represented by an attorney, shall be signed by at least 1 attorney of record in the attorney's individual name, whose address shall be stated. A party who is not represented by an attorney shall sign the request, response, or objection and list his or her address. The signature of the attorney or party constitutes a certification that the signer has read the request, response, or objection and that to the best of the signer's knowledge, information, or belief formed after a reasonable inquiry it is:
(A) consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;
(B) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and
(C) not unreasonable or unduly burdensome or expensive, given the needs of the case and the importance of the issues at stake in the litigation.
If a request, response, or objection is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the party making the request, response, or objection, and a party shall not be obligated to take any action with respect to it until it is signed.
If a certification is made in violation of this rule, the court, on motion or on its own initiative, shall impose on the person *1121 who made the certification, the firm or agency with which the person is affiliated, the party on whose behalf the request, response, or objection is made, or any or all of the above an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.
(o) Costs of Indigents. After a defendant is adjudged insolvent, the reasonable costs incurred in the operation of these rules shall be taxed as costs against the county.

(p) Pretrial Conference.
(1) The trial court may hold 1 or more pretrial conferences, with trial counsel present, to consider such matters as will promote a fair and expeditious trial. The defendant shall be present unless the defendant waives this in writing.
(2) The court may set, and upon the request of any party shall set, a discovery schedule, including a discovery cut-off date, at the pretrial conference.

Committee Notes
1968 Adoption.
(a)(1) This is substantially the same as section 925.05, Florida Statutes.
(a)(2) This is new and allows a defendant rights which he did not have, but must be considered in light of subdivision (c).
(a)(3) This is a slight enlargement upon the present practice; however, from a practical standpoint, it is not an enlargement, but merely a codification of section 925.05, Florida Statutes, with respect to the defendant's testimony before a grand jury.
(b) This is a restatement of section 925.04, Florida Statutes, except for the change of the word "may" to "shall."
(c) This is new and affords discovery to the state within the trial judge's discretion by allowing the trial judge to make discovery under (a)(2) and (b) conditioned upon the defendant giving the state some information if the defendant has it. This affords the state some area of discovery which it did not previously have with respect to (b). A question was raised concerning the effect of (a)(2) on FBI reports and other reports which are submitted to a prosecutor as "confidential" but it was agreed that the interests of justice would be better served by allowing this rule and that, after the appropriate governmental authorities are made aware of the fact that their reports may be subject to compulsory disclosure, no harm to the state will be done.
(d) and (e) This gives the defendant optional procedures. (d) is simply a codification of section 906.29, Florida Statutes, except for the addition of "addresses." The defendant is allowed this procedure in any event. (e) affords the defendant the additional practice of obtaining all of the state's witnesses, as distinguished from merely those on whose evidence the information, or indictment, is based, but only if the defendant is willing to give the state a list of all defense witnesses, which must be done to take advantage of this rule. The confidential informant who is to be used as a witness must be disclosed; but it was expressly viewed that this should not otherwise overrule present case law on the subject of disclosure of confidential informants, either where disclosure is required or not required.
(f) This is new and is a compromise between the philosophy that the defendant should be allowed unlimited discovery depositions and the philosophy that the defendant should not be allowed any discovery depositions at all. The purpose of the rule is to afford the defendant relief from *1122 situations when witnesses refuse to "cooperate" by making pretrial disclosures to the defense. It was determined to be necessary that the written signed statement be a criterion because this is the only way witnesses can be impeached by prior contradictory statements. The word "cooperate" was intentionally left in the rule, although the word is a loose one, so that it can be given a liberal interpretation, i.e., a witness may claim to be available and yet never actually submit to an interview. Some express the view that the defendant is not being afforded adequate protection because the cooperating witness will not have been under oath, but the subcommittee felt that the only alternative would be to make unlimited discovery depositions available to the defendant which was a view not approved by a majority of the subcommittee. Each minority is expressed by the following alternative proposals:
Alternative Proposal (1): When a person is charged with an offense, at any time after the filing of the indictment, information, or affidavit upon which the defendant is to be tried, such person may take the deposition of any person by deposition upon oral examination for the purpose of discovery. The attendance of witnesses may be compelled by the use of subpoenas as provided by law. The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes. The scope of examination and the manner and method of taking such deposition shall be as provided in the Florida Rules of Civil Procedure and the deposition may be used for the purpose of contradicting or impeaching the testimony of a deponent as a witness.
Alternative Proposal (2): If a defendant signs and files a written waiver of his or her privilege against self-incrimination and submits to interrogation under oath by the prosecuting attorney, then the defendant shall be entitled to compulsory process for any or all witnesses to enable the defendant to interrogate them under oath, before trial, for discovery purposes.
A view was expressed that some limitation should be placed on the state's rights under sections 27.04 and 32.20, Florida Statutes, which allow the prosecutor to take all depositions unilaterally at any time. It was agreed by all members of the subcommittee that this right should not be curtailed until some specific time after the filing of an indictment, information, or affidavit, because circumstances sometimes require the filing of the charge and a studied marshalling of evidence thereafter. Criticism of the present practice lies in the fact that any time up to and during the course of the trial the prosecutor can subpoena any person to the privacy of the prosecutor's office without notice to the defense and there take a statement of such person under oath. The subcommittee was divided, however, on the method of altering this situation and the end result was that this subcommittee itself should not undertake to change the existing practice, but should make the Supreme Court aware of this apparent imbalance.
(g) This is new and is required in order to make effective the preceding rules.
(h) This is new and, although it encompasses relief for both the state and the defense, its primary purpose is to afford relief in situations when witnesses may be intimidated and a prosecuting attorney's heavy docket might not allow compliance with discovery within the time limitations set forth in the rules. The words, "sufficient showing" were intentionally included in order to permit the trial judge to have discretion in granting the protective relief. It would be impossible to specify all possible grounds which can be the basis of a protective order. This verbiage also permits *1123 a possible abuse by a prosecution-minded trial judge, but the subcommittee felt that the appellate court would remedy any such abuse in the course of making appellate decisions.
(i) This is new and, although it will entail additional expense to counties, it was determined that it was necessary in order to comply with the recent trend of federal decisions which hold that due process is violated when a person who has the money with which to resist criminal prosecution gains an advantage over the person who is not so endowed. Actually, there is serious doubt that the intent of this subdivision can be accomplished by a rule of procedure; a statute is needed. It is recognized that such a statute may be unpopular with the legislature and not enacted. But, if this subdivision has not given effect there is a likelihood that a constitutional infirmity (equal protection of the law) will be found and either the entire rule with all subdivisions will be held void or confusion in application will result.
(j) This provision is necessary since the prosecutor is required to assume many responsibilities under the various subdivisions under the rule. There are no prosecuting attorneys, either elected or regularly assigned, in justice of the peace courts. County judge's courts, as distinguished from county courts, do not have elected prosecutors. Prosecuting attorneys in such courts are employed by county commissions and may be handicapped in meeting the requirements of the rule due to the irregularity and uncertainty of such employment. This subdivision is inserted as a method of achieving as much uniformity as possible in all of the courts of Florida having jurisdictions to try criminal cases.
1972 Amendment. The committee studied the ABA Standards for Criminal Justice relating to discovery and procedure before trial. Some of the standards are incorporated in the committee's proposal, others are not. Generally, the standards are divided into 5 parts:
Part I deals with policy and philosophy and, while the committee approves the substance of Part I, it was determined that specific rules setting out this policy and philosophy should not be proposed.
Part II provides for automatic disclosures (avoiding judicial labor) by the prosecutor to the defense of almost everything within the prosecutor's knowledge, except for work product and the identity of confidential informants. The committee adopted much of Part II, but felt that the disclosure should not be automatic in every case; the disclosure should be made only after request or demand and within certain time limitations. The ABA Standards do not recommend reciprocity of discovery, but the committee deemed that a large degree of reciprocity is in order and made appropriate recommendations.
Part III of the ABA Standards recommends some disclosure by the defense (not reciprocal) to which the state was not previously entitled. The committee adopted Part III and enlarged upon it.
Part IV of the Standards sets forth methods of regulation of discovery by the court. Under the Standards the discovery mentioned in Parts II and III would have been automatic and without the necessity of court orders or court intervention. Part III provides for procedures of protection of the parties and was generally incorporated in the recommendations of the committee.
Part V of the ABA Standards deals with omnibus hearings and pretrial conferences. The committee rejected part of the Standards dealing with omnibus hearings because it felt that it was superfluous under Florida procedure. The Florida committee determined that a trial court may, at *1124 its discretion, schedule a hearing for the purposes enumerated in the ABA Omnibus Hearing and that a rule authorizing it is not necessary. Some of the provisions of the ABA Omnibus Hearing were rejected by the Florida committee, i.e., stipulations as to issues, waivers by defendant, etc. A modified form of pretrial conference was provided in the proposals by the Florida committee.
(a)(1)(i) Same as ABA Standard 2.1(a)(i) and substance of Standard 2.1(e). Formerly Florida Rule of Criminal Procedure 3.220(e) authorized exchange of witness lists. When considered with proposal 3.220(a)(3), it is seen that the proposal represents no significant change.
(ii) This rule is a modification of Standard 2.1(a)(ii) and is new in Florida, although some such statements might have been discoverable under rule 3.220(f). Definition of "statement" is derived from 18 U.S.C. § 3500.
Requiring law enforcement officers to include irrelevant or sensitive material in their disclosures to the defense would not serve justice. Many investigations overlap and information developed as a byproduct of one investigation may form the basis and starting point for a new and entirely separate one. Also, the disclosure of any information obtained from computerized records of the Florida Crime Information Center and the National Crime Information Center should be subject to the regulations prescribing the confidentiality of such information so as to safeguard the right of the innocent to privacy.
(iii) Same as Standard 2.1(a)(ii) relating to statements of accused; words "known to the prosecutor, together with the name and address of each witness to the statement" added and is new in Florida.
(iv) From Standard 2.1(a)(ii). New in Florida.
(v) From Standard 2.1(a)(iii) except for addition of words, "that have been recorded" which were inserted to avoid any inference that the proposed rule makes recording of grand jury testimony mandatory. This discovery was formerly available under rule 3.220(a)(3).
(vi) From Standard 2.1(a)(v). Words, "books, papers, documents, photographs" were condensed to "papers or objects" without intending to change their meaning. This was previously available under rule 3.220(b).
(vii) From Standard 2.1(b)(i) except word "confidential" was added to clarify meaning. This is new in this form.
(viii) From Standard 2.1(b)(iii) and is new in Florida in this form. Previously this was disclosed upon motion and order.
(ix) From Standard 2.3(a), but also requiring production of "documents relating thereto" such as search warrants and affidavits. Previously this was disclosed upon motion and order.
(x) From Standard 2.1(a)(iv). Previously available under rule 3.220(a)(2). Defendant must reciprocate under proposed rule 3.220(b)(4).
(xi) Same committee note as (b) under this subdivision.
(2) From Standard 2.1(c) except omission of words "or would tend to reduce his punishment therefor" which should be included in sentencing.
(3) Based upon Standard 2.2(a) and (b) except Standards required prosecutor to furnish voluntarily and without demand while this proposal requires defendant to make demand and permits prosecutor 15 days in which to respond.
*1125 (4) From Standards 2.5(b) and 4.4. Substance of this proposal previously available under rule 3.220(h).
(5) From Standard 2.5. New in Florida.
(b)(1) From Standard 3.1(a). New in Florida.
(2) From Standard 3.1(b). New in Florida.
(3) Standards did not recommend that defendant furnish prosecution with reciprocal witness list; however, formerly, rule 3.220(e) did make such provision. The committee recommended continuation of reciprocity.
(4) Standards did not recommend reciprocity of discovery. Previously, Florida rules required some reciprocity. The committee recommended continuation of former reciprocity and addition of exchanging witness' statement other than defendants'.
(c) From Standard 2.6. New in Florida, but generally recognized in decisions.
(d) Not recommended by Standards. Previously permitted under rule 3.220(f) except for change limiting the place of taking the deposition and eliminating requirement that witness refuse to give voluntary signed statement.
(e) From Standard 4.1. New in Florida.
(f) Same as rule 3.220(g).
(g) From Standard 4.4 and rule 3.220(h).
(h) From Standard 4.4 and rule 3.220(h).
(i) From Standard 4.6. Not previously covered by rule in Florida, but permitted by decisions.
(j)(1) From Standard 4.7(a). New in Florida except court discretion permitted by rule 3.220(g).
(2) From Standard 4.7(b). New in Florida.
(k) Same as prior rule.
(l) Modified Standard 5.4. New in Florida.
1977 Amendment. The proposed change only removes the comma which currently appears after (a)(1).
1980 Amendment. The intent of the rule change is to guarantee that the accused will receive those portions of police reports or report summaries which contain any written, recorded, or oral statements made by the accused.
1986 Amendment. The showing of good cause under (d)(2) of this rule may be presented ex parte or in camera to the court.
1989 Amendment. 3.220(a). The purpose of this change is to ensure reciprocity of discovery. Under the previous rule, the defendant could tailor discovery, demanding only certain items of discovery with no requirement to reciprocate items other than those demanded. A defendant could avoid reciprocal discovery by taking depositions, thereby learning of witnesses through the deposition process, and then deposing those witnesses without filing a demand for discovery. With this change, once a defendant opts to use any discovery device, the defendant is required to produce all items designated under the discovery rule, whether or not the defendant has specifically requested production of those items.
Former subdivision (c) is relettered (b). Under (b)(1) the prosecutor's obligation to furnish a witness list is conditioned upon the defendant filing a "Notice of Discovery."
Former subdivision (a)(1)(i) is renumbered (b)(1)(i) and, as amended, limits the ability of the defense to take depositions of those persons designated by the prosecutor as witnesses who should not be deposed because of their tangential relationship to the case. This does not preclude *1126 the defense attorney or a defense investigator from interviewing any witness, including a police witness, about the witness's knowledge of the case.
This change is intended to meet a primary complaint of law enforcement agencies that depositions are frequently taken of persons who have no knowledge of the events leading to the charge, but whose names are disclosed on the witness list. Examples of these persons are transport officers, evidence technicians, etc.
In order to permit the defense to evaluate the potential testimony of those individuals designated by the prosecutor, their testimony must be fully set forth in some document, generally a police report.
(a)(1)(ii) is renumbered (b)(1)(ii). This subdivision is amended to require full production of all police incident and investigative reports, of any kind, that are discoverable, provided there is no independent reason for restricting their disclosure. The term "statement" is intended to include summaries of statements of witnesses made by investigating officers as well as statements adopted by the witnesses themselves.
The protection against disclosure of sensitive information, or information that otherwise should not be disclosed, formerly set forth in (a)(1)(i), is retained, but transferred to subdivision (b)(1)(xii).
The prohibition sanction is not eliminated, but is transferred to subdivision (b)(1)(xiii). "Shall" has been changed to "may" in order to reflect the procedure for imposition of sanctions specified in Richardson v. State, 246 So.2d 771 (Fla.1971).
The last phrase of renumbered subdivision (b)(2) is added to emphasize that constitutionally required Brady material must be produced regardless of the defendant's election to participate in the discovery process.
Former subdivision (b) is relettered (c).
Former subdivisions (b)(3) and (4) are now included in new subdivision (d). An introductory phrase has been added to subdivision (d). Subdivision (d) reflects the change in nomenclature from a "Demand for Discovery" to the filing of a "Notice of Discovery."
As used in subdivision (d), the word "defendant" is intended to refer to the party rather than to the person. Any obligations incurred by the "defendant" are incurred by the defendant's attorney if the defendant is represented by counsel and by the defendant personally if the defendant is not represented.
The right of the defendant to be present and to examine witnesses, set forth in renumbered subdivision (d)(1), refers to the right of the defense, as party to the action. The term refers to the attorney for the defendant if the defendant is represented by counsel. The right of the defendant to be physically present at the deposition is controlled by new subdivision (h)(6).
Renumbered subdivision (d)(2), as amended, reflects the new notice of discovery procedure. If the defendant elects to participate in discovery, the defendant is obligated to furnish full reciprocal disclosure.
Subdivision (e) was previously numbered (a)(4). This subdivision has been modified to permit the remedy to be sought by either prosecution or defense.
Subdivision (f) was previously numbered (a)(5) and has been modified to permit the prosecutor, as well as the defense attorney, to seek additional discovery.
Former subdivision (c) is relettered (g).
Former subdivision (d) is relettered (h). Renumbered subdivision (h)(1) has been amended to reflect the restrictions on deposing a witness designated by the prosecution *1127 under (b)(1)(i) (designation of a witness performing ministerial duties only or one who will not be called at trial).
(h)(1)(i) is added to provide that a deposition of a witness designated by the prosecutor under (b)(1)(i) may be taken only upon good cause shown by the defendant to the court.
(h)(1)(ii) is added to provide that abuses by attorneys of the provisions of (b)(1)(i) are subject to stringent sanctions.
New subdivision (h)(1)(iii) abolishes depositions in misdemeanor cases except when good cause is shown.
A portion of former subdivision (d)(1) is renumbered (h)(3). This subdivision now permits the administrative judge or chief judge, in addition to the trial judge, to designate the place for taking the deposition.
New subdivision (h)(4) recognizes that children and some adults are especially vulnerable to intimidation tactics. Although it has been shown that such tactics are infrequent, they should not be tolerated because of the traumatic effect on the witness. The videotaping of the deposition will enable the trial judge to control such tactics. Provision is also made to protect witnesses of fragile emotional strength because of their vulnerability to intimidation tactics.
New subdivision (h)(5) emphasizes the necessity for the establishment, in each jurisdiction, of an effective witness coordinating office. The Florida Legislature has authorized the establishment of such office through section 43.35, Florida Statutes. This subdivision is intended to make depositions of witnesses and law enforcement officers as convenient as possible for the witnesses and with minimal disruption of law enforcement officers' official duties.
New subdivision (h)(6) recognizes that one of the most frequent complaints from child protection workers and from rape victim counselors is that the presence of the defendant intimidates the witnesses. The trauma to the victim surpasses the benefit to the defense of having the defendant present at the deposition. Since there is no right, other than that given by the rules of procedure, for a defendant to attend a deposition, the Florida Supreme Court Commission on Criminal Discovery believes that no such right should exist in those cases. The "defense," of course, as a party to the action, has a right to be present through counsel at the deposition. In this subdivision, the word "defendant" is meant to refer to the person of the defendant, not to the defense as a party. See comments to rules 3.220(d) and 3.220(d)(1).
Although defendants have no right to be present at depositions and generally there is no legitimate reason for their presence, their presence is appropriate in certain cases. An example is a complex white collar fraud prosecution in which the defendant must explain the meaning of technical documents or terms. Cases requiring the defendant's presence are the exception rather than the rule. Accordingly, (h)(6)(i)(ii) preclude the presence of defendants at depositions unless agreed to by the parties or ordered by the court. These subdivisions set forth factors that a court should take into account in considering motions to allow a defendant's presence.
New subdivision (h)(7) permits the defense to obtain needed factual information from law enforcement officers by informal telephone deposition. Recognizing that the formal deposition of a law enforcement officer is often unnecessary, this procedure will permit such discovery at a significant reduction of costs.
*1128 Former subdivisions (e), (f), and (g) are relettered (i), (j), and (k), respectively.
Former subdivision (h) is relettered (l) and is modified to emphasize the use of protective orders to protect witnesses from harassment or intimidation and to provide for limiting the scope of the deposition as to certain matters.
Former subdivision (i) is relettered (m).
Former subdivision (j) is relettered (n).
Renumbered (n)(2) is amended to provide that sanctions are mandatory if the court finds willful abuse of discovery. Although the amount of sanction is discretionary, some sanction must be imposed.
(n)(3) is new and tracks the certification provisions of federal procedure. The very fact of signing such a certification will make counsel cognizant of the effect of that action.
Subdivision (k) is relettered (o).
Subdivision (l) is relettered (p).
1992 Amendment. The proposed amendments change the references to "indictment or information" in subdivisions (b)(1), (b)(2), (c)(1), and (h)(1) to "charging document." This amendment is proposed in conjunction with amendments to rule 3.125 to provide that all individuals charged with a criminal violation would be entitled to the same discovery regardless of the nature of the charging document (i.e., indictment, information, or notice to appear).
1996 Amendment. This is a substantial rewording of the rule as it pertains to depositions and pretrial case management. The amendment was in response to allegations of discovery abuse and a call for a more cost conscious approach to discovery by the Florida Supreme Court. In felony cases, the rule requires prosecutors to list witnesses in categories A, B, and C. Category A witnesses are subject to deposition as under the former rule. Category B witnesses are subject to deposition only upon leave of court. Category B witnesses include, but are not limited to, witnesses whose only connection to the case is the fact that they are the owners of property; transporting officers; booking officers; records and evidence custodians; and experts who have filed a report and curriculum vitae and who will not offer opinions subject to the Frye test. Category C witnesses may not be deposed. The trial courts are given more responsibility to regulate discovery by pretrial conference and by determining which category B witnesses should be deposed in a given case.
The rule was not amended for the purpose of prohibiting discovery. Instead, the rule recognized that many circuits now have "early resolution" or "rocket dockets" in which "open file discovery" is used to resolve a substantial percentage of cases at or before arraignment. The committee encourages that procedure. If a case cannot be resolved early, the committee believes that resolution of typical cases will occur after the depositions of the most essential witnesses (category A) are taken. Cases which do not resolve after the depositions of category A, may resolve if one or more category B witnesses are deposed. If the case is still unresolved, it is probably going to be a case that needs to be tried. In that event, judges may determine which additional depositions, if any, are necessary for pretrial preparation. A method for making that determination is provided in the rule.
Additionally, trial judges may regulate the taking of depositions in a number of ways to both facilitate resolution of a case and protect a witness from unnecessary inconvenience or harassment. There is a provision for setting a discovery schedule, including a discovery cut-off date as is common in civil practice. Also, a specific *1129 method is provided for application for protective orders.
One feature of the new rule relates to the deposition of law enforcement officers. Subpoenas are no longer required.
The rule has standardized the time for serving papers relating to discovery at fifteen days.
Discovery in misdemeanor cases has not been changed.
(b)(1)(A)(i) An investigating officer is an officer who has directed the collection of evidence, interviewed material witnesses, or who was assigned as the case investigator.
(h)(1) The prosecutor and defense counsel are encouraged to be present for the depositions of essential witnesses, and judges are encouraged to provide calendar time for the taking of depositions so that counsel for all parties can attend. This will 1) diminish the potential for the abuse of witnesses, 2) place the parties in a position to timely and effectively avail themselves of the remedies and sanctions established in this rule, 3) promote an expeditious and timely resolution of the cause, and 4) diminish the need to order transcripts of the deposition, thereby reducing costs.
1998 Amendment. This rule governs only the location of depositions. The procedure for procuring out-of-state witnesses for depositions is governed by statute.

Court Commentary
1996 Amendment. The designation of a witness who will present similar fact evidence will be dependent upon the witness's relationship to the similar crime, wrong, or act about which testimony will be given rather than the witness's relationship to the crime with which the defendant is currently charged.
1999/2000 Amendment. This rule does not affect requests for nonexempt law enforcement records as provided in chapter 119, Florida Statutes, other than those that are nonexempt as a result of a codefendant's participation in discovery. See Henderson v. State, 745 So.2d 319 (Fla.1999).

RULE 3.852. CAPITAL POSTCONVICTION PUBLIC RECORDS PRODUCTION

(a) Applicability and Scope.
(1) This rule is applicable only to the production of public records for capital postconviction defendants and does not change or alter the time periods specified in Florida Rule of Criminal Procedure 3.851. Furthermore, this rule does not affect, expand, or limit the production of public records for any purposes other than use in a proceeding held pursuant to rule 3.850 or rule 3.851.
(2) This rule shall not be a basis for renewing requests that have been initiated previously or for relitigating issues pertaining to production of public records upon which a court has ruled prior to October 1, 1998.
(3) This rule is to be used in conjunction with the forms found at Florida Rule of Criminal Procedure 3.993.

(b) Definitions.
(1) "Public records" has the meaning set forth in section 119.011(1), Florida Statutes (1997).
(2) "Trial court" means:
(A) the judge who imposed the sentence of death; or
(B) the judge assigned by the chief judge.
(3) "Records repository" means the location designated by the secretary of state pursuant to section 119.19(2), Florida *1130 Statutes (Supp.1998), for archiving capital postconviction public records.
(4) "Collateral counsel" means a capital collateral regional counsel from one of the three regions in Florida; a private attorney who has been appointed to represent a capital defendant for postconviction litigation; or a private attorney who has been hired by the capital defendant or who has agreed to work pro bono for a capital defendant for postconviction litigation.
(5) "Agency" and "person" mean an entity or individual as defined in section 119.011(2), Florida Statutes (1997), that is subject to the requirements of producing public records for inspection under section 119.07(1)(a), Florida Statutes (1997).
(6) "Index" means a list of the public records included in each container of public records sent to the records repository.

(c) Filing and Service.
(1) The original of all notices, requests, or objections filed under this rule must be filed with the clerk of the trial court. Copies must be served on the trial court, the attorney general, the state attorney, collateral counsel, and any affected person or agency, unless otherwise required by this rule.
(2) Service shall be made pursuant to Florida Rule of Criminal Procedure 3.030(b).
(3) In all instances requiring written notification or request, the party who has the obligation of providing a notification or request shall provide proof of receipt.
(4) Persons and agencies receiving postconviction public records notifications or requests pursuant to this rule are not required to furnish records filed in a trial court prior to the receipt of the notice.

(d) Action Upon Issuance of Mandate.
(1) Within 15 days after receiving written notification of the Supreme Court of Florida's mandate affirming the sentence of death, the attorney general shall file with the trial court a written notice of the mandate and serve a copy of it upon the state attorney who prosecuted the case, the Department of Corrections, and the defendant's trial counsel. The notice to the state attorney shall direct the state attorney to submit public records to the records repository within 90 days after receipt of written notification and to notify each law enforcement agency involved in the investigation of the capital offense to submit public records to the records repository within 90 days after receipt of written notification. The notice to the Department of Corrections shall direct the department to submit public records to the records repository within 90 days after receipt of written notification.
(2) Within 90 days after receiving written notification of issuance of the Supreme Court of Florida's mandate affirming a death sentence, the state attorney shall provide written notification to the attorney general of the name and address of any additional person or agency that has public records pertinent to the case.
(3) Within 90 days after receiving written notification of issuance of the Supreme Court of Florida's mandate affirming a death sentence, the defendant's trial counsel shall provide written notification to the attorney general of the name and address of any person or agency with information pertinent to the case which has not previously been provided to collateral counsel.
(4) Within 15 days after receiving written notification of any additional person or agency pursuant to subdivision (d)(2) or (d)(3) of this rule, the attorney general shall notify all persons or agencies identified pursuant to subdivisions (d)(2) or (d)(3) that these persons or agencies are *1131 required by section 119.19(6)(b), Florida Statutes (Supp.1998), to copy, index, and deliver to the records repository all public records pertaining to the case that are in their possession. The person or agency shall bear the costs related to copying, indexing, and delivering the records.

(e) Action Upon Receipt of Notice of Mandate.
(1) Within 15 days after receipt of a written notice of the mandate from the attorney general, the state attorney shall provide written notification to each law enforcement agency involved in the specific case to submit public records to the records repository within 90 days after receipt of written notification. A copy of the notice shall be served upon the defendant's trial counsel.
(2) Within 90 days after receipt of a written notice of the mandate from the attorney general, the state attorney shall copy, index, and deliver to the records repository all public records that were produced in the state attorney's investigation or prosecution of the case. The state attorney shall bear the costs. The state attorney shall also provide written notification to the attorney general of compliance with this section, including certifying that, to the best of the state attorney's knowledge or belief, all public records in the state attorney's possession have been copied, indexed, and delivered to the records repository as required by this rule.
(3) Within 90 days after receipt of written notification of the mandate from the attorney general, the Department of Corrections shall copy, index, and deliver to the records repository all public records determined by the department to be relevant to the subject matter of a proceeding under rule 3.851, unless such copying, indexing, and delivering would be unduly burdensome. The department shall bear the costs. The secretary of the department shall provide written notification to the attorney general of compliance with this section certifying that, to the best of the secretary of the department's knowledge or belief, all such public records in the possession of the secretary of the department have been copied, indexed, and delivered to the records repository.
(4) Within 90 days after receipt of written notification of the mandate from the state attorney, a law enforcement agency shall copy, index, and deliver to the records repository all public records which were produced in the investigation or prosecution of the case. Each agency shall bear the costs. The chief law enforcement officer of each law enforcement agency shall provide written notification to the attorney general of compliance with this section including certifying that, to the best of the chief law enforcement officer's knowledge or belief, all such public records in possession of the agency or in possession of any employee of the agency, have been copied, indexed, and delivered to the records repository.
(5) Within 90 days after receipt of written notification of the mandate from the attorney general, each additional person or agency identified pursuant to subdivision (d)(2) or (d)(3) of this rule shall copy, index, and deliver to the records repository all public records which were produced during the prosecution of the case. The person or agency shall bear the costs. The person or agency shall provide written notification to the attorney general of compliance with this subdivision and shall certify, to the best of the person or agency's knowledge and belief, all such public records in the possession of the person or agency have been copied, indexed, and delivered to the records repository.

*1132 (f) Exempt or Confidential Public Records.
(1) Any public records delivered to the records repository pursuant to these rules that are confidential or exempt from the requirements of section 119.07(1), Florida Statutes, or article I, section 24(a), Florida Constitution, must be separately contained, without being redacted, and sealed. The outside of the container must clearly identify that the public record is confidential or exempt and that the seal may not be broken without an order of the trial court. The outside of the container must identify the nature of the public records and the legal basis for the exemption.
(2) Upon the entry of an appropriate court order, sealed containers subject to an inspection by the trial court shall be shipped to the clerk of court. The containers may be opened only for inspection by the trial court in camera. The moving party shall bear all costs associated with the transportation and inspection of such records by the trial court. The trial court shall perform the unsealing and inspection without ex parte communications and in accord with procedures for reviewing sealed documents.

(g) Demand for Additional Public Records.
(1) Within 240 days after collateral counsel is appointed, retained, or appears pro bono, such counsel shall send a written demand for additional public records to each person or agency submitting public records or identified as having information pertinent to the case under subdivision (d) of this rule. However, if collateral counsel was appointed prior to October 1, 2001, then within 90 days after collateral counsel is appointed, retained, or appears pro bono, such counsel shall send a written demand for additional public records to each person or agency submitting public records or identified as having information pertinent to the case under subdivision (d) of this rule.
(2) Within 90 days of receipt of the written demand, each person or agency notified under this subdivision shall deliver to the records repository any additional public records in the possession of the person or agency that pertain to the case and shall certify to the best of the person or agency's knowledge and belief that all additional public records have been delivered to the records repository or, if no additional public records are found, shall recertify that the public records previously delivered are complete.
(3) Within 60 days of receipt of the written demand, any person or agency may file with the trial court an objection to the written demand described in subdivision (g)(1). The trial court shall hold a hearing and issue a ruling within 30 days after the filing of any objection, ordering a person or agency to produce additional public records if the court determines each of the following exists:
(A) Collateral counsel has made a timely and diligent search as provided in this rule.
(B) Collateral counsel's written demand identifies, with specificity, those additional public records that are not at the records repository.
(C) The additional public records sought are relevant to the subject matter of a proceeding under rule 3.851, or appear reasonably calculated to lead to the discovery of admissible evidence.
(D) The additional public records request is not overly broad or unduly burdensome.

(h) Cases in Which Mandate was Issued Prior to Effective Date of Rule.
(1) If the mandate affirming a defendant's conviction and sentence of death *1133 was issued prior to October 1, 1998, and no initial public records requests have been made by collateral counsel by that date, the attorney general and the state attorney shall file notifications with the trial court as required by subdivisions (d) and (e) of this rule.
(2) If on October 1, 1998, a defendant is represented by collateral counsel and has initiated the public records process, collateral counsel shall, within 90 days after October 1, 1998, or within 90 days after the production of records which were requested prior to October 1, 1998, whichever is later, file with the trial court and serve a written demand for any additional public records that have not previously been the subject of a request for public records. The request for these records shall be treated the same as a request pursuant to subdivisions (d)(3) and (d)(4) of this rule, and the records shall be copied, indexed, and delivered to the repository as required in subdivision (e)(5) of this rule.
(3) Within 10 days of the signing of a defendant's death warrant, collateral counsel may request in writing the production of public records from a person or agency from which collateral counsel has previously requested public records. A person or agency shall copy, index, and deliver to the repository any public record:
(A) that was not previously the subject of an objection;
(B) that was received or produced since the previous request; or
(C) that was, for any reason, not produced previously.
The person or agency providing the records shall bear the costs of copying, indexing, and delivering such records. If none of these circumstances exist, the person or agency shall file with the trial court and the parties an affidavit stating that no other records exist and that all public records have been produced previously. A person or agency shall comply with this subdivision within 10 days from the date of the written request or such shorter time period as is ordered by the court.
(4) In all instances in subdivision (h) which require written notification the receiving party shall provide proof of receipt by return mail or other carrier.

(i) Limitation on Postproduction Request for Additional Records.
(1) In order to obtain public records in addition to those provided under subdivisions (e), (f), (g), and (h) of this rule, collateral counsel shall file an affidavit in the trial court which:
(A) attests that collateral counsel has made a timely and diligent search of the records repository; and
(B) identifies with specificity those public records not at the records repository; and
(C) establishes that the additional public records are either relevant to the subject matter of the postconviction proceeding or are reasonably calculated to lead to the discovery of admissible evidence; and
(D) shall be served in accord with subdivision (c)(1) of this rule.
(2) Within 30 days after the affidavit of collateral counsel is filed, the trial court shall order a person or agency to produce additional public records only upon finding each of the following:
(A) collateral counsel has made a timely and diligent search of the records repository;
(B) collateral counsel's affidavit identifies with specificity those additional public records that are not at the records repository;
*1134 (C) the additional public records sought are either relevant to the subject matter of a proceeding under rule 3.851 or appear reasonably calculated to lead to the discovery of admissible evidence; and
(D) the additional records request is not overly broad or unduly burdensome.

(j) Copying of Public Records. Collateral counsel shall provide the personnel, supplies, and any necessary equipment to copy records held at the records repository.

(k) Authority of the Court. In proceedings under this rule the trial court may:
(1) compel or deny disclosure of records;
(2) conduct an in-camera inspection;
(3) extend the times in this rule upon a showing of good cause;
(4) impose sanctions upon any party, person, or agency affected by this rule including initiating contempt proceedings, taxing expenses, extending time, ordering facts to be established, and granting other relief; and
(5) resolve any dispute arising under this rule unless jurisdiction is in an appellate court.

(l) Scope of Production and Resolution of Production Issues.
(1) Unless otherwise limited, the scope of production under any part of this rule shall be that the public records sought are not privileged or immune from production and are either relevant to the subject matter of the proceeding under rule 3.851 or are reasonably calculated to lead to the discovery of admissible evidence.
(2) Any objections or motions to compel production of public records pursuant to this rule shall be filed within 30 days after the end of the production time period provided by this rule. Counsel for the party objecting or moving to compel shall file a copy of the objection or motion directly with the trial court. The trial court shall hold a hearing on the objection or motion on an expedited basis.
(3) The trial court may order mediation for any controversy as to public records production pursuant to this rule in accord with Florida Rules of Civil Procedure 1.700, 1.710, 1.720, 1.730, or the trial court may refer any such controversy to a mastermagistrate in accord with Florida Rule of Civil Procedure 1.490.
(m) Destruction of Records Repository Records. Sixty days after a capital sentence is carried out, after a defendant is released from incarceration following the granting of a pardon or reversal of the sentence, or after a defendant has been resentenced to a term of years, the attorney general shall provide written notification of this occurrence to the secretary of state with service in accord with subdivision (c)(1). After the expiration of the 60 days, the secretary of state may then destroy the copies of the records held by the records repository that pertain to that case, unless an objection to the destruction is filed in the trial court and served upon the secretary of state and in accord with subdivision (c)(1). If no objection has been served within the 60-day period, the records may then be destroyed. If an objection is served, the records shall not be destroyed until a final disposition of the objection.

RULE 5.150. ORDER REQUIRING ACCOUNTING
(a) Accountings Required by Statute. When any personal representative or guardian fails to file an accounting or return required by statute or rule, the court on its own motion or on the petition of an interested person shall order the personal representative or guardian to file the accounting *1135 or return within 15 days from the service on the personal representative or guardian of the order, or show cause why he or she should not be compelled to do so.
(b) Accountings Not Required by Statute. On the petition of an interested person, or on its own motion, the court may require the personal representative or guardian to file an accounting or return not otherwise required by statute or rule. The order requiring an accounting or return shall order the personal representative or guardian to file the accounting or return within a specified time from service on the personal representative or guardian of the order, or show cause why he or she should not be compelled to do so.
(c) Service. A copy of the order shall be served on the personal representative or guardian and the personal representative's or guardian's attorney.

Committee Notes
The court on its motion or on petition of an interested person may require a personal representative or guardian to file an accounting or return not otherwise required by statute.

Rule History
1977 Revision: Change in committee notes.
1984 Revision: Extensive editorial changes. Committee notes revised and expanded.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2003 Revision: Committee notes revised.

Statutory References
§ 38.22, Fla. Stat. Power to punish contempts.
§ 38.23, Fla. Stat. Contempts defined.
§ 733.5036, Fla. Stat. Accounting and discharge following resignation.
§ 733.508, Fla. Stat. Accounting and discharge of removed personal representatives upon removal.
§ 733.901, Fla. Stat. Final discharge.
ch. 738, Fla. Stat. Principal and income.
§ 744.367, Fla. Stat. Duty to file annual guardianship report.
§ 744.3678, Fla. Stat. Annual accounting.
§ 744.3685, Fla. Stat. Order requiring guardianship report; contempt.
§ 744.369, Fla. Stat. Judicial review of guardianship reports.
§ 744.467, Fla. Stat. Resignation of guardian.
§ 744.511, Fla. Stat. Accounting upon removal.
§ 744.517, Fla. Stat. Proceedings for contempt.
§ 744.521, Fla. Stat. Termination of guardianship.
§ 744.524, Fla. Stat. Termination of guardianship on change of domicile of resident ward.
§ 744.527, Fla. Stat. Final reports and applications for discharge; hearing.

Rule References
Fla. Prob. R. 5.650 Resignation or disqualification of guardian; appointment of successor.
Fla. Prob. R. 5.660 Proceedings for removal of guardian.
Fla. Prob. R. 5.670 Termination of guardianship on change of domicile of resident ward.
Fla. Prob. R. 5.680 Termination of guardianship.
Fla. Prob. R. 5.695 Annual guardianship report.
Fla. Prob. R. 5.696 Annual accounting.
*1136 Fla. Prob. R. 5.697 Masters'Magistrates' review of guardianship accountings and plans.

RULE 5.697. MASTERS'MAGISTRATES REVIEW OF GUARDIANSHIP ACCOUNTINGS AND PLANS
(a) General MastersMagistrates. The court may appoint general mastersmagistrates to review guardianship accountings and plans. General mastersmagistrates shall be members of The Florida Bar and shall continue in office until removed by the court. The order appointing a general mastermagistrate shall be recorded. Each general mastermagistrate shall take the oath required of officers of the court by the Florida Constitution. The oath shall be recorded before the mastermagistrate begins to act.
(b) Special MastersMagistrates. In connection with the court's review of guardianship accountings and plans, the court may appoint members of The Florida Bar as special mastersmagistrates for any particular service required by the court. Special mastersmagistrates shall be governed by all laws and rules relating to general mastersmagistrates except special mastersmagistrates shall not be required to take an oath unless specifically required by the court. For good cause shown, the court may appoint a person other than a member of The Florida Bar as a special mastermagistrates.
(c) General Powers and Duties. Every mastermagistrate shall act under the direction of the court. Process issued by a mastermagistrate shall be directed as provided by law. All grounds for disqualification of a judge shall apply to mastersmagistrates.
(d) Hearings. Hearings before any mastermagistrate may be held in the county where the action is pending, or at any other place by order of the court for the convenience of the witnesses or the parties. A mastermagistrate shall give notice of hearings to all parties. If any party fails to appear, the mastermagistrate may proceed ex parte or may continue the hearing to a future day, with notice to the absent party. The mastermagistrate shall proceed with reasonable diligence and the least practicable delay. Any party may apply to the court for an order directing the mastermagistrate to accelerate the proceedings and to make a report promptly. Evidence shall be taken in writing or by electronic recording by the mastermagistrate or by some other person under the master'smagistrate's authority in the master'smagistrate's presence and shall be filed with the master'smagistrate's report. The mastermagistrate may examine and take testimony from the parties and their witnesses under oath, on all matters authorized by the court for review by the mastermagistrate and may require production of all books, papers, writings, vouchers, and other documents applicable to those matters. The mastermagistrate shall admit only evidence that would be admissible in court. The mastermagistrate may take all actions concerning evidence that may be taken by the court.
(e) Master'sMagistrate's Report. The master'smagistrate's report shall contain a description of the matters considered and the master'smagistrate's conclusions and any recommendations. No part of any statement of facts, account, charge, deposition, examination, or answer used before the mastermagistrate shall be recited.
(f) Filing Report; Service; Exceptions. The mastermagistrate shall file a report with the court and serve copies on the parties. The parties may serve exceptions to the report within 10 days from the date the report is served on them. If no exceptions are timely filed, the court shall take appropriate action on the report. All timely filed exceptions may be heard by *1137 the court on reasonable notice by any party.

Committee Notes

Rule History
1991 Revision: This is a new rule, patterned after Florida Rule of Civil Procedure 1.490.
1992 Revision: Editorial change. Citation form change in committee notes.
2004 Revision: Change in nomenclature from "master" to "magistrate" to track similar change in the Florida Statutes.

Statutory Reference
§ 744.369(2), Fla. Stat. Judicial review of guardianship reports.

Rule Reference
Fla. R. Civ. P. 1.490 MastersMagistrates.

RULE 8.060. DISCOVERY

(a) Notice of Discovery.
(1) After the filing of the petition, a child may elect to utilize the discovery process provided by these rules, including the taking of discovery depositions, by filing with the court and serving upon the petitioner a "notice of discovery" which shall bind both the petitioner and the child to all discovery procedures contained in these rules. Participation by a child in the discovery process, including the taking of any deposition by a child, shall be an election to participate in discovery. If any child knowingly or purposely shares in discovery obtained by a codefendant, the child shall be deemed to have elected to participate in discovery.
(2) Within 5 days of service of the child's notice of discovery, the petitioner shall serve a written discovery exhibit which shall disclose to the child or the child's counsel and permit the child or the child's counsel to inspect, copy, test, and photograph the following information and material within the petitioner's possession or control:
(A) A list of the names and addresses of all persons known to the petitioner to have information which may be relevant to the allegations, to any defense with respect thereto, or to any similar fact evidence to be presented at trial under section 90.402(2), Florida Statutes. The names and addresses of persons listed shall be clearly designated in the following categories:
(i) Category A. These witnesses shall include
(a) eye witnesses;
(b) alibi witnesses and rebuttal to alibi witnesses;
(c) witnesses who were present when a recorded or unrecorded statement was taken from or made by the child or codefendant, which shall be separately identified within this category;
(d) investigating officers;
(e) witnesses known by the petitioner to have any material information that tends to negate the guilt of the child as to the petition's allegations;
(f) child hearsay witnesses; and
(g) expert witnesses who have not provided a written report and a curriculum vitae or who are going to testify to test results or give opinions that will have to meet the test set forth in Frye v. United States, 293 F. 1013 (D.C.Cir.1923).
(ii) Category B. All witnesses not listed in either Category A or Category C.
(iii) Category C. All witnesses who performed only ministerial functions or whom the petitioner does not intend to call at the hearing and whose involvement with and knowledge of the case is fully set *1138 out in a police report or other statement furnished to the defense.
(B) The statement of any person whose name is furnished in compliance with the preceding paragraph. The term "statement" as used herein means a written statement made by said person and signed or otherwise adopted by him or her and also includes any statement of any kind or manner made by such person and written or recorded or summarized in any writing or recording. The term "statement" is specifically intended to include all police and investigative reports of any kind prepared for or in connection with the case, but shall not include the notes from which such reports are compiled.
(C) Any written or recorded statements and the substance of any oral statements made by the child and known to the petitioner, including a copy of any statements contained in police reports or summaries, together with the name and address of each witness to the statements.
(D) Any written or recorded statements, and the substance of any oral statements, made by a codefendant if the hearing is to be a joint one.
(E) Those portions of recorded grand jury minutes that contain testimony of the child.
(F) Any tangible papers or objects which were obtained from or belonged to the child.
(G) Whether the petitioner has any material or information which has been provided by a confidential informant.
(H) Whether there has been any electronic surveillance, including wiretapping, of the premises of the child, or of conversations to which the child was a party, and any documents relating thereto.
(I) Whether there has been any search or seizure and any document relating thereto.
(J) Reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons.
(K) Any tangible papers or objects which the petitioner intends to use in the hearing and which were not obtained from or belonged to the child.
(3) As soon as practicable after the filing of the petition, the petitioner shall disclose to the child any material information within the state's possession or control which tends to negate the guilt of the child as to the petition's allegations.
(4) The petitioner shall perform the foregoing obligations in any manner mutually agreeable to the petitioner and the child or as ordered by the court.
(5) Upon a showing of materiality to the preparation of the defense, the court may require such other discovery to the child as justice may require.

(b) Required Disclosure to Petitioner.
(1) If a child elects to participate in discovery, within 5 days after receipt by the child of the discovery exhibit furnished by the petitioner under this rule, the following disclosures shall be made:
(A) The child shall furnish to the petitioner a written list of all persons whom the child expects to call as witnesses at the hearing. When the petitioner subpoenas a witness whose name has been furnished by the child, except for hearing subpoenas, reasonable notice shall be given to the child as to the time and location of examination pursuant to the subpoena. At such examination, the child through counsel shall have the right to be present and to examine the witness. The physical *1139 presence of the child shall be governed by rule 8.060(d)(6).
(B) The child shall serve a written discovery exhibit which shall disclose to the petitioner and permit the petitioner to inspect, copy, test, and photograph the following information and material which is in the child's possession or control:
(i) The statement of any person whom the child expects to call as a trial witness other than that of the child.
(ii) Reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons.
(iii) Any tangible papers or objects which the child intends to use in the hearing.
(2) The child shall perform the foregoing obligations in any manner mutually agreeable to the child and the petitioner or as ordered by the court.
(3) The filing of a motion for protective order by the petitioner will automatically stay the times provided for in this subdivision. If a protective order is granted, the child may, within 2 days thereafter, or at any time before the petitioner furnishes the information or material which is the subject of the motion for protective order, withdraw the demand and not be required to furnish reciprocal discovery.

(c) Limitations on Disclosure.
(1) Upon application, the court may deny or partially restrict disclosure authorized by this rule if it finds there is a substantial risk to any person of physical harm, intimidation, bribery, economic reprisals, or unnecessary annoyance or embarrassment resulting from such disclosure, which outweighs any usefulness of the disclosure to the party requesting it.
(2) The following matters shall not be subject to disclosure:
(A) Disclosure shall not be required of legal research or of records, correspondence, or memoranda, to the extent that they contain the opinion, theories, or conclusions of the prosecuting or defense attorney or members of their legal staff.
(B) Disclosure of a confidential informant shall not be required unless the confidential informant is to be produced at a hearing or a failure to disclose the informant's identity will infringe upon the constitutional rights of the child.

(d) Depositions.

(1) Time and Location.
(A) At any time after the filing of the petition alleging a child to be delinquent, any party may take the deposition upon oral examination of any person authorized by this rule.
(B) Depositions of witnesses residing in the county in which the adjudicatory hearing is to take place shall be taken in the building in which the adjudicatory hearing is to be held, another location agreed on by the parties, or a location designated by the court. Depositions of witnesses residing outside the county in which the adjudicatory hearing is to take place shall take place in a court reporter's office in the county and state in which the witness resides, another location agreed to by the parties, or a location designated by the court.

(2) Procedure.
(A) The party taking the deposition shall give reasonable written notice to each other party and shall make a good faith effort to coordinate the date, time, and location of the deposition to accommodate the schedules of other parties and the witness to be deposed. The notice shall state the time and the location of the deposition *1140 and the name of each person to be examined, and include a certificate of counsel that a good faith effort was made to coordinate the deposition schedule.
(B) Upon application, the court or the clerk of the court may issue subpoenas for the persons whose depositions are to be taken.
(C) After notice to the parties the court, for good cause shown, may change the time or location of the deposition.
(D) In any case, no person shall be deposed more than once except by consent of the parties or by order of the court issued on good cause shown.
(E) Except as otherwise provided by this rule, the procedure for taking the deposition, including the scope of the examination and the issuance of a subpoena (except for a subpoena duces tecum) for deposition by an attorney of record in the action shall be the same as that provided in the Florida Rules of Civil Procedure.
(F) The child, without leave of court, may take the deposition of any witness listed by the petitioner as a Category A witness or listed by a codefendant as a witness to be called at a joint hearing. After receipt by the child of the discovery exhibit, the child, without leave of court, may take the deposition of any unlisted witness who may have information relevant to the petition's allegations. The petitioner, without leave of court, may take the deposition of any witness listed by the child to be called at a hearing.
(G) No party may take the deposition of a witness listed by the petitioner as a Category B witness except upon leave of court with good cause shown. In determining whether to allow a deposition, the court should consider the consequences to the child, the complexities of the issues involved, the complexity of the testimony of the witness (e.g., experts), and the other opportunities available to the child to discover the information sought by deposition.
(H) A witness listed by the petitioner as a Category C witness shall not be subject to deposition unless the court determines that the witness should be listed in another category.
(I) No deposition shall be taken in a case in which a petition has been filed alleging that the child committed only a misdemeanor or a criminal traffic offense when all other discovery provided by this rule has been complied with unless good cause can be shown to the trial court. In determining whether to allow a deposition, the court should consider the consequences to the child, the complexity of the issues involved, the complexity of the witness's testimony (e.g., experts), and the other opportunities available to the child to discover the information sought by deposition. However, this prohibition against the taking of depositions shall not be applicable if following the furnishing of discovery by the child the petitioner then takes the statement of a listed defense witness pursuant to section 27.04, Florida Statutes.
(3) Use of Deposition. Any deposition taken pursuant to this rule may be used at any hearing covered by these rules by any party for the purpose of impeaching the testimony of the deponent as a witness.
(4) Introduction of Part of Deposition. If only part of a deposition is offered in evidence by a party, an adverse party may require the introduction of any other part that in fairness ought to be considered with the part introduced, and any party may introduce any other parts.
(5) Sanctions. A witness who refuses to obey a duly served subpoena for the taking of a deposition may be adjudged in *1141 contempt of the court from which the subpoena issued.
(6) Physical Presence of Child. The child shall not be physically present at a deposition except upon stipulation of the parties or as provided by this rule.
The court may order the physical presence of the child upon a showing of good cause. In ruling, the court may consider
(A) the need for the physical presence of the child to obtain effective discovery;
(B) the intimidating effect of the child's presence on the witness, if any;
(C) any cost or inconvenience which may result; and
(D) any alternative electronic or audio-visual means available to protect the child's ability to participate in discovery without the child's physical presence.
(7) Statements of Law Enforcement Officers. Upon stipulation of the parties and the consent of the witness, the statement of a law enforcement officer may be taken by telephone in lieu of deposition of the officer. In such case, the officer need not be under oath. The statement, however, shall be recorded and may be used for impeachment at trial as a prior inconsistent statement pursuant to the Florida Evidence Code.
(8) Depositions of Law Enforcement Officers. Subject to the general provisions of this rule, law enforcement officers shall appear for deposition, without subpoena, upon written notice of taking deposition delivered at the address designated by the law enforcement agency or department or, if no address has been designated, to the address of the law enforcement agency or department, 5 days prior to the date of the deposition. Law enforcement officers who fail to appear for deposition after being served notice are subject to contempt proceedings.
(9) Videotaped Depositions. Depositions of children under the age of 16 shall be videotaped upon demand of any party unless otherwise ordered by the court. The court may order videotaping of a deposition or taking of a deposition of a witness with fragile emotional strength to be in the presence of the trial judge or a special mastermagistrate.

(e) Perpetuating Testimony.
(1) After the filing of the petition and upon reasonable notice, any party may apply for an order to perpetuate testimony of a witness. The application shall be verified or supported by the affidavits of credible persons, and shall state that the prospective witness resides beyond the territorial jurisdiction of the court or may be unable to attend or be prevented from attending the subsequent court proceedings, or that grounds exist to believe that the witness will absent himself or herself from the jurisdiction of the court, that the testimony is material, and that it is necessary to take the deposition to prevent a failure of justice.
(2) If the application is well founded and timely made, the court shall order a commission to be issued to take the deposition of the witness to be used in subsequent court proceedings and that any designated books, papers, documents, or tangible objects, not privileged, be produced at the same time and place. The commission may be issued to any official court reporter, whether the witness be within or without the state, transcribed by the reporter, and filed in the court. The commission shall state the time and place of the deposition and be served on all parties.
(3) No deposition shall be used or read in evidence when the attendance of *1142 the witness can be procured. If it shall appear to the court that any person whose deposition has been taken has absented himself or herself by procurement, inducements, or threats by or on behalf of any party, the deposition shall not be read in evidence on behalf of that party.
(f) Nontestimonial Discovery. After the filing of the petition, upon application, and subject to constitutional limitations, the court may with directions as to time, place, and method, and upon conditions which are just, require:
(1) the child in all proceedings to:
(A) appear in a lineup;
(B) speak for identification by a witness to an offense;
(C) be fingerprinted;
(D) pose for photographs not involving reenactment of a scene;
(E) try on articles of clothing;
(F) permit the taking of specimens of material under the fingernails;
(G) permit the taking of samples of blood, hair, and other materials of the body which involve no unreasonable intrusion thereof;
(H) provide specimens of handwriting; or
(I) submit to a reasonable physical or medical inspection of his or her body; and
(2) such other discovery as justice may require upon a showing that such would be relevant or material.
(g) Court May Alter Times. The court may alter the times for compliance with any discovery under these rules on good cause shown.
(h) Supplemental Discovery. If, subsequent to compliance with these rules, a party discovers additional witnesses, evidence, or material which the party would have been under a duty to disclose or produce at the time of such previous compliance, the party shall promptly disclose or produce such witnesses, evidence, or material in the same manner as required under these rules for initial discovery.
(i) Investigations Not to Be Impeded. Except as otherwise provided for matters not subject to disclosure or restricted by protective orders, neither the counsel for the parties nor other prosecution or defense personnel shall advise persons having relevant material or information, except for the child, to refrain from discussing the case with opposing counsel or showing opposing counsel any relevant material, nor shall they otherwise impede opposing counsel's investigation of the case.
(j) Protective Orders. Upon a showing of good cause, the court shall at any time order that specified disclosures be restricted, deferred, or exempted from discovery, that certain matters are not to be inquired into or that the scope of the deposition be limited to certain matters, that a deposition be sealed and after being sealed be opened only by order of the court, or make such other order as is appropriate to protect a witness from harassment, unnecessary inconvenience, or invasion of privacy, including prohibiting the taking of a deposition. All material and information to which a party is entitled, however, must be disclosed in time to permit such party to make beneficial use of it.
(k) Motion to Terminate or Limit Examination. At any time during the taking of a deposition, on motion of a party or of the deponent, and upon a showing that the examination is being conducted in bad faith or in such manner as to unreasonably annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the circuit court where the *1143 deposition is being taken may (1) terminate the deposition, (2) limit the scope and manner of the taking of the deposition, (3) limit the time of the deposition, (4) continue the deposition to a later time, (5) order the deposition to be taken in open court and, in addition, (6) may impose any sanction authorized by this rule. If the order terminates the deposition, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of any party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order.
(l) In Camera and Ex Parte Proceedings.
(1) Any person may move for an order denying or regulating disclosure of sensitive matters. The court may consider the matters contained in the motion in camera.
(2) Upon request, the court shall allow the child to make an ex parte showing of good cause for taking the deposition of a Category B witness.
(3) A record shall be made of proceedings authorized under this subdivision. If the court enters an order granting relief after an in camera inspection or ex parte showing, the entire record of the proceeding shall be sealed and preserved in the records of the court, to be made available to the appellate court in the event of an appeal.
(m) Sanctions.
(1) If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant to an applicable discovery rule, the court may:
(A) order such party to comply with the discovery or inspection of materials not previously disclosed or produced;
(B) grant a continuance;
(C) grant a mistrial;
(D) prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed; or
(E) enter such order as it deems just under the circumstances.
(2) Willful violation by counsel or a party not represented by counsel of an applicable discovery rule or an order issued pursuant thereto may subject counsel or a party not represented by counsel to appropriate sanction by the court. The sanctions may include, but are not limited to, contempt proceedings against the attorney or party not represented by counsel, as well as the assessment of costs incurred by the opposing party, when appropriate.

Court Commentary
1996 Amendment. This amendment generally conforms the rule to the 1996 amendment to Florida Rule of Criminal Procedure 3.220.

RULE 8.625. GENERAL PROVISIONS FOR HEARINGS
(a) Presence of Counsel. The Department of Children and Family Services or the Department of Juvenile Justice must be represented by an attorney at every stage of these proceedings when such department is a party.
(b) Presence of Child. The child shall be present unless the child's presence is waived. If the child is present at the beginning of a hearing and during the progress of the hearing voluntarily absents himself or herself from the presence of the court without leave of the court, or is removed from the presence of the court because of disruptive conduct during the hearing, the hearing shall not be postponed or delayed, but shall proceed in all *1144 respects as if the child were present in court at all times.
(c) In camera Proceedings. The child may be examined by the court outside the presence of other parties under circumstances as provided by law. The court shall assure that the proceedings are recorded unless otherwise stipulated by the parties.
(d) Invoking the Rule. Before the examination of any witness the court may, and on the request of any party shall, exclude all other witnesses. The court may cause witnesses to be kept separate and to be prevented from communicating with each other until all are examined.
(e) Continuances. The court may grant a continuance before or during a hearing for good cause shown by any party.
(f) Record. A record of the testimony in all hearings shall be made by an official court reporter, a court-approved stenographer, or a recording device. The records of testimony shall be preserved as required by law. Official records of testimony shall be transcribed only on order of the court.
(g) Notice. Where these rules do not require a specific notice, all parties will be given reasonable notice of any hearing.
(h) MastersMagistrates. Pursuant to the Florida Rules of Civil Procedure, both general and special mastersmagistrates may be appointed to hear issues involved in proceedings under this part.

RULE 9.190. JUDICIAL REVIEW OF ADMINISTRATIVE ACTION
(a) Applicability. Judicial review of administrative action shall be governed by the general rules of appellate procedure except as specifically modified herein.
(b) Commencement.
(1) An appeal from final agency action as defined in the Administrative Procedure Act, chapter 120, Florida Statutes, or other administrative action for which judicial review is provided by general law shall be commenced in accordance with rule 9.110(c).
(2) Review of non-final agency action, including non-final action by an administrative law judge, under the Administrative Procedure Act shall be commenced by filing a petition for review in accordance with rules 9.100(b) and (c).
(3) Review of quasi-judicial decisions of any administrative body, agency, board, or commission not subject to the Administrative Procedure Act shall be commenced by filing a petition for certiorari in accordance with rules 9.100(b) and (c), unless judicial review by appeal is provided by general law.
(c) The Record.
(1) Generally. As further described in this rule, the record shall include only materials furnished to and reviewed by the lower tribunal in advance of the administrative action to be reviewed by the court.
(2) Review of Final Action Pursuant to the Administrative Procedure Act.
(A) In an appeal from any proceeding conducted pursuant to section 120.56 (rule challenges) or sections 120.569 (decisions which affect substantial interests) and 120.57(1), Florida Statutes (decisions which affect substantial interests involving disputed material facts), the record shall consist of all notices, pleadings, motions, and intermediate rulings; evidence admitted; those matters officially recognized; proffers of proof and objections and rulings thereon; proposed findings and exceptions; any decision, opinion, order, or report by the presiding officer; all staff memoranda or data submitted to the presiding officer during the hearing or prior to its disposition, after notice of submission *1145 to all parties, except communications by advisory staff as permitted under section 120.66(1), Florida Statutes, if such communications are public records; all matters placed on the record after an ex parte communication; and the official transcript.
(B) In an appeal from any proceeding pursuant to sections 120.569 (decisions which affect substantial interests) and 120.57(2), Florida Statutes (decisions which affect substantial interests involving no disputed issue of material fact), the record shall consist of the notice and summary of grounds; evidence received; all written statements submitted; any decisions overruling objections; all matters placed on the record after an ex parte communication; the official transcript; and any decision, opinion, order, or report by the presiding officer.
(C) In an appeal from any proceeding pursuant to section 120.565, Florida Statutes (declaratory statements), the record shall consist of the petition seeking a declaratory statement and any pleadings filed with the agency; all notices relating to the petition published in the Florida Administrative Weekly; the declaratory statement issued by the agency or the agency's denial of the petition; and all matters listed in subdivision (c)(2)(A) or (c)(2)(B) of this rule, whichever is appropriate, if a hearing is held on the declaratory statement petition.
(D) In an appeal from any proceeding pursuant to section 120.574, Florida Statutes (summary proceeding), the record shall consist of all notices, pleadings, motions, and intermediate rulings; evidence received; a statement of matters officially recognized; proffers of proof and objections and rulings thereon; matters placed on the record after an ex parte communication; the written decision of the administrative law judge presiding at the final hearing; and the official transcript of the final hearing.
(E) In an appeal from a rule adoption pursuant to sections 120.54 (rule adoption) and 120.68(9), Florida Statutes, in which the sole issue presented by the petition is the constitutionality of a rule and there are no disputed issues of fact, the record shall consist only of those documents from the rulemaking record compiled by the agency that materially address the constitutional issue. The agency's rulemaking record consists of all notices given for the proposed rule; any statement of estimated regulatory costs for the rule; a written summary of hearings on the proposed rule; the written comments and responses to written comments as required by sections 120.54 (rule adoption) and 120.541, Florida Statutes (statement of estimated regulatory costs); all notices and findings made pursuant to section 120.54(4), Florida Statues (adoption of emergency rules); all materials filed by the agency with the Administrative Procedures Committee pursuant to section 120.54(3), Florida Statutes (rule adoption procedure); all materials filed with the Department of State pursuant to section 120.54(3), Florida Statutes (rule adoption procedure); and all written inquiries from standing committees of the legislature concerning the rule.
(3) Review of Non-Final Action Pursuant to the Administrative Procedure Act. The provisions of rules 9.100 and 9.220 govern the record in proceedings seeking review of non-final administrative action.
(4) Review of Administrative Action Not Subject to the Administrative Procedure Act. In proceedings seeking review of administrative action not governed by the Administrative Procedure Act, the clerk of the lower tribunal shall not be *1146 required to prepare a record or record index. The petitioner or appellant shall submit an appendix in accordance with rule 9.220. Supplemental appendices may be submitted by any party. Appendices may not contain any matter not made part of the record in the lower tribunal.
(5) Videotaped Testimony. In any circumstance in which hearing testimony is preserved through the use of videotape rather than through an official transcript, the testimony from the videotape shall be transcribed and the transcript shall be made a part of the record before the record is transmitted to the court.
(6) Modified Record. The contents of the record may be modified as provided in rule 9.200(a)(3).
(d) Attorneys' Fees.
(1) Attorneys' Fees. A motion for attorneys' fees may be served not later than the time for service of the reply brief and shall state the grounds on which the recovery is sought, citing all pertinent statutes. The assessment of attorneys' fees may be remanded to the lower tribunal or the administrative law judge or referred to a special mastermagistrate.
(2) Review. Review of orders rendered under this rule shall be by motion filed in the court within 30 days of the orders' rendition. Review of objections to reports of special mastersmagistrates shall be on motion filed in the court within 30 days of the report's filing.
(e) Stays Pending Review.
(1) Effect of Initiating Review. The filing of a notice of administrative appeal or a petition seeking review of administrative action shall not operate as a stay, except that such filing shall give rise to an automatic stay as provided in rule 9.310(b)(2) or when timely review is sought of an award by an administrative law judge on a claim for birth-related neurological injuries.
(2) Application for Stay Under the Administrative Procedure Act.
(A) A party seeking to stay administrative action may file a motion either with the lower tribunal or, for good cause shown, with the court in which the notice or petition has been filed. The filing of the motion shall not operate as a stay. The lower tribunal or court may grant a stay upon appropriate terms. Review of orders entered by lower tribunals shall be by the court on motion.
(B) When an agency has ordered emergency suspension, restriction, or limitation of a license under section 120.60(6), Florida Statutes, a licensee may file with the reviewing court a motion for stay on an expedited basis. The court may issue an order to show cause and, after considering the agency's response, if timely filed, grant a stay on appropriate terms.
(C) When an agency has suspended or revoked a license other than on an emergency basis, a licensee may file with the reviewing court a motion for stay on an expedited basis. Unless the agency files with the court within 10 days thereafter or within a shorter time period set by the court a response demonstrating that a stay would constitute a probable danger to the health, safety, or welfare of the state, the court shall issue a stay.
(D) When an order suspending or revoking a license has been stayed pursuant to subdivision (2)(C), an agency may apply to the court for dissolution or modification of the stay on grounds that subsequently acquired information demonstrates that failure to dissolve or modify the stay would constitute a probable danger to the public health, safety, or welfare of the state.
*1147 (3) Application for Stay or Supersedeas of Other Administrative Action. A party seeking to stay administrative action, not governed by the Administrative Procedure Act, shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify, or deny such relief. A stay pending review may be conditioned on the posting of a good and sufficient bond, other conditions, or both. Review of orders entered by lower tribunals shall be by the court on motion.
(4) Duration. A stay entered by a lower tribunal or a court shall remain in effect during the pendency of all review proceedings in Florida courts until a mandate issues, unless otherwise modified or vacated.

Committee Notes
1996 Amendment. Appeals which fall within the exception included in subdivision (b)(3) are commenced in accordance with subdivision (b)(1). Therefore, administrative action by appeal in a circuit court, if prescribed by general law, is commenced pursuant to subdivision (b)(1). Unless review of administrative action in circuit court is prescribed by general law to be by appeal, review in circuit court is by petition for an extraordinary writ commenced pursuant to subdivision (b)(3). See Board of County Commissioners v. Snyder, 627 So.2d 469 (Fla.1993); Grace v. Town of Palm Beach, 656 So.2d 945 (Fla. 4th DCA 1995). Subdivision (b)(3) supersedes all local government charters, ordinances, rules and regulations which purport to provide a method of review in conflict herewith.
Subdivision (c) was adopted to identify more clearly what constitutes the record in appeals from administrative proceedings. Several sections of the Florida Administrative Procedure Act, as revised in 1996, specifically state what shall constitute the record in certain types of proceedings, and this rule incorporates that statutory language. The rule makes clear that the record shall include only materials that were furnished to and reviewed by the lower tribunal in advance of the administrative action to be reviewed. The intent of this statement is to avoid the inclusion of extraneous materials in the record that were never reviewed by the lower tribunal.
Subdivision (c)(2)(A) is based on provisions of section 120.57(1)(f), Florida Statutes. This subdivision of the rule governs the record from proceedings conducted pursuant to section 120.56 and sections 120.569 and 120.57(1), Florida Statutes. This is because section 120.56(1)(e), Florida Statutes, states that hearings under section 120.56, Florida Statutes, shall be conducted in the same manner as provided by sections 120.569 and 120.57, Florida Statutes.
Subdivision (c)(2)(B) lists the provisions of section 120.57(2)(b), Florida Statutes. Subdivision (c)(2)(B)(vii), which refers to "any decision, opinion, order, or report by the presiding officer," was added by the committee to the list of statutory requirements.
Subdivision (c)(2)(C) addresses the record on appeal from declaratory statement requests pursuant to section 120.565, while subdivision (c)(2)(D) lists the provisions of section 120.574(2)(d), Florida Statutes. Subdivision (c)(2)(E) of the rule addresses proceedings governed by sections 120.54 and 120.68(9), Florida Statutes. The definition of the rulemaking record tracks language in section 120.54(8), Florida Statutes.
Subdivision (c)(3) makes clear that rules 9.100 and 9.220 govern the record in proceedings seeking review of non-final administrative action, while subdivision (c)(4) governs the record in administrative proceedings *1148 not subject to the Administrative Procedure Act.
Subdivision (c)(5) states that if videotape is used to preserve hearing testimony, the videotape shall be transcribed before the record is transmitted to the court.
Subdivision (d) was adopted to conform to the 1996 revisions to the Administrative Procedure Act. Recoupment of costs is still governed by rule 9.400.
2000 Amendment. Subdivision (e) was added to address stays pending judicial review of administrative action. Ordinarily, application for a stay must first be made to the lower tribunal, but some agencies have collegial heads who meet only occasionally. If a party can show good cause for applying initially to the court for a stay, it may do so. When an appeal has been taken from a license suspension or revocation under the Administrative Procedure Act, good cause for not applying first to the lower tribunal is presumed.
Subdivision (e)(2)(B) deals with stays of orders which suspend licenses on an emergency basis. Before entering an emergency suspension order, the agency must make a finding that immediate suspension is necessary to protect the public health, safety, or welfare. § 120.60(6), Fla. Stat. (1999). In effect, the agency makes a finding that would be sufficient to defeat issuance of the "stay as a matter of right" contemplated by section 120.68(3), Florida Statutes. The agency's finding is subject to judicial review, however, on application for a stay under subdivision (e)(2)(B).
Absent an emergency suspension order, the court grants a stay as of right in Administrative Procedure Act license suspension and revocation cases unless the licensing agency makes a timely showing that a stay "would constitute a probable danger to the health, safety, or welfare of the state." § 120.68(3), Fla. Stat. (1999). The court can shorten the 10 day period specified in subdivision (e)(2)(c). If the court stays a nonemergency suspension or revocation, the licensing agency can move to modify or dissolve the stay on the basis of material information that comes to light after the stay is issued.
Nothing in subdivision (e) precludes licensing agencies from making suspension or revocation orders effective 30 days after entry, granting stays pending judicial review, or taking other steps to implement section 120.68(3), Florida Statutes.

RULE 9.200. THE RECORD
(a) Contents.
(1) Except as otherwise designated by the parties, the record shall consist of the original documents, exhibits, and transcript(s) of proceedings, if any, filed in the lower tribunal, except summonses, praecipes, subpoenas, returns, notices of hearing or of taking deposition, depositions, other discovery, and physical evidence. The record shall also include a progress docket.
(2) In family law cases the record shall include those items designated in subdivision (a)(1) except that the clerk of the lower tribunal shall retain the original orders, reports and recommendations of mastersmagistrates or hearing officers, and judgments within the file of the lower tribunal and shall include copies thereof within the record.
(3) Within 10 days of filing the notice of appeal, an appellant may direct the clerk to include or exclude other documents or exhibits filed in the lower tribunal. The directions shall be substantially in the form prescribed by rule 9.900(f). If the clerk is directed to transmit less than the entire record or a transcript of trial with less than all of the testimony, the appellant shall serve with such direction a statement of the judicial acts to be reviewed. *1149 Within 20 days of filing the notice, an appellee may direct the clerk to include additional documents and exhibits.
(4) The parties may prepare a stipulated statement showing how the issues to be presented arose and were decided in the lower tribunal, attaching a copy of the order to be reviewed and as much of the record in the lower tribunal as is necessary to a determination of the issues to be presented. The parties shall advise the clerk of their intention to rely on a stipulated statement in lieu of the record as early in advance of filing as possible. The stipulated statement shall be filed by the parties and transmitted to the court by the clerk of the lower tribunal within the time prescribed for transmittal of the record.
(b) Transcript(s) of Proceedings.
(1) Within 10 days of filing the notice, the appellant shall designate those portions of the proceedings not on file deemed necessary for transcription and inclusion in the record. Within 20 days of filing the notice, an appellee may designate additional portions of the proceedings. Copies of designations shall be served on the court reporter. Costs of the original and all copies of the transcript(s) so designated shall be borne initially by the designating party, subject to appropriate taxation of costs as prescribed by rule 9.400. At the time of the designation, unless other satisfactory arrangements have been made, the designating party must make a deposit of 1/2 of the estimated transcript costs, and must pay the full balance of the fee on delivery of the completed transcript(s).
(2) Within 30 days of service of a designation, or within the additional time provided for under subdivision (b)(3) of this rule, the court reporter shall transcribe and deliver to the clerk of the lower tribunal the designated proceedings and shall furnish copies as requested in the designation. If a designating party directs the court reporter to furnish the transcript(s) to fewer than all parties, that designating party shall serve a copy of the designated transcript(s) on the parties within 5 days of receipt from the court reporter. The transcript of the trial shall be securely bound in consecutively numbered volumes not to exceed 200 pages each, and each page shall be numbered consecutively. Each volume shall be prefaced by an index containing the names of the witnesses, a list of all exhibits offered and introduced in evidence, and the pages where each may be found.
(3) On service of a designation, the reporter shall acknowledge at the foot of the designation the fact that it has been received and the date on which the reporter expects to have the transcript(s) completed and shall transmit the designation, so endorsed, to the parties and to the clerk of the appellate court within 5 days of service. If the transcript(s) cannot be completed within 30 days of service of the designation, the reporter shall request such additional time as is reasonably necessary and shall state the reasons therefor. If the reporter requests an extension of time, the court shall allow the parties 5 days in which to object or agree. The appellate court shall approve the request or take other appropriate action and shall notify the reporter and the parties of the due date of the transcript(s).
(4) If no report of the proceedings was made, or if the transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee, who may serve objections or proposed amendments to it within 10 days of service. Thereafter, the statement and any objections or proposed amendments shall be submitted to the lower tribunal for settlement and approval. *1150 As settled and approved, the statement shall be included by the clerk of the lower tribunal in the record.
(c) Cross-Appeals. Within 20 days of filing the notice, a cross-appellant may direct that additional documents, exhibits, or transcript(s) be included in the record. If less than the entire record is designated, the cross-appellant shall serve, with the directions, a statement of the judicial acts to be reviewed. The cross-appellee shall have 10 days after such service to direct further additions. The time for preparation and transmittal of the record shall be extended by 10 days.
(d) Duties of Clerk; Preparation and Transmittal of Record.
(1) The clerk of the lower tribunal shall prepare the record as follows:
(A) The clerk of the lower tribunal shall not be required to verify and shall not charge for the incorporation of any transcript(s) into the record. The transcript of the trial shall be incorporated at the end of the record, and shall not be renumbered by the clerk. The progress docket shall be incorporated into the record immediately after the index.
(B) The remainder of the record, including all supplements and any transcripts other than the transcript of the trial, shall be consecutively numbered. The record shall be securely bound in consecutively numbered volumes not to exceed 200 pages each. The cover sheet of each volume shall contain the name of the lower tribunal and the style and number of the case.
(2) The clerk of the lower tribunal shall prepare a complete index to the record and shall attach a copy of the progress docket to the index.
(3) The clerk of the lower tribunal shall certify and transmit the record to the court as prescribed by these rules; provided that if the parties stipulate or the lower tribunal orders that the original record be retained, the clerk shall prepare and transmit a certified copy.
(e) Duties of Appellant or Petitioner. The burden to ensure that the record is prepared and transmitted in accordance with these rules shall be on the petitioner or appellant. Any party may enforce the provisions of this rule by motion.
(f) Correcting and Supplementing Record.
(1) If there is an error or omission in the record, the parties by stipulation, the lower tribunal before the record is transmitted, or the court may correct the record.
(2) If the court finds the record is incomplete, it shall direct a party to supply the omitted parts of the record. No proceeding shall be determined, because of an incomplete record, until an opportunity to supplement the record has been given.
(g) Return of Record. In civil cases, the record shall be returned to the lower tribunal after final disposition by the court.

Committee Notes
1977 Amendment. This rule replaces former rule 3.6 and represents a complete revision of the matters pertaining to the record for an appellate proceeding. References in this rule to "appellant" and "appellee" should be treated as equivalent to "petitioner" and "respondent," respectively. See Commentary, Fla. R.App. P. 9.020. This rule is based in part on Federal Rule of Appellate Procedure 10(b).
Subdivision (a)(1) establishes the content of the record unless an appellant within 10 days of filing the notice directs the clerk to exclude portions of the record or to include additional portions, or the appellee within 20 days of the notice being filed directs inclusion of additional portions. In lieu of *1151 a record, the parties may prepare a stipulated statement, attaching a copy of the order that is sought to be reviewed and essential portions of the record. If a stipulated statement is prepared, the parties must advise the clerk not to prepare the record. The stipulated statement is to be filed and transmitted within the time prescribed for transmittal of the record. If less than a full record is to be used, the initiating party must serve a statement of the judicial acts to be reviewed so that the opposing party may determine whether additional portions of the record are required. Such a statement is not intended to be the equivalent of assignments of error under former rule 3.5. Any inadequacy in the statement may be cured by motion to supplement the record under subdivision (f) of this rule.
Subdivision (a) interacts with subdivision (b) so that as soon as the notice is filed the clerk of the lower tribunal will prepare and transmit the complete record of the case as described by the rule. To include in the record any of the items automatically omitted, a party must designate the items desired. A transcript of the proceedings in the lower tribunal will not be prepared or transmitted unless already filed, or the parties designate the portions of the transcript desired to be transmitted. Subdivision (b)(2) imposes on the reporter an affirmative duty to prepare the transcript of the proceedings as soon as designated. It is intended that to complete the preparation of all official papers to be filed with the court, the appellant need only file the notice, designate omitted portions of the record that are desired, and designate the desired portions of the transcript. It therefore will be unnecessary to file directions with the clerk of the lower tribunal in most cases.
Subdivision (b)(1) replaces former rule 3.6(d)(2), and specifically requires service of the designation on the court reporter. This is intended to avoid delays that sometimes occur when a party files the designation, but fails to notify the court reporter that a transcript is needed. The rule also establishes the responsibility of the designating party to initially bear the cost of the transcript.
Subdivision (b)(2) replaces former rule 3.6(e). This rule provides for the form of the transcript, and imposes on the reporter the affirmative duty of delivering copies of the transcript to the ordering parties on request. Such a request may be included in the designation. Under subdivision (e), however, the responsibility for ensuring performance remains with the parties. The requirement that pages be consecutively numbered is new and is deemed necessary to assure continuity and ease of reference for the convenience of the court. This requirement applies even if 2 or more parties designate portions of the proceedings for transcription. It is intended that the transcript portions transmitted to the court constitute a single consecutively numbered document in 1 or more volumes not exceeding 200 pages each. If there is more than 1 court reporter, the clerk will renumber the pages of the transcript copies so that they are sequential. The requirement of a complete index at the beginning of each volume is new, and is necessary to standardize the format and to guide those preparing transcripts.
Subdivision (b)(3) provides the procedures to be followed if no transcript is available.
Subdivision (c) provides the procedures to be followed if there is a cross-appeal or cross-petition.
Subdivision (d) sets forth the manner in which the clerk of the lower tribunal is to prepare the record. The original record is to be transmitted unless the parties stipulate or the lower court orders the original *1152 be retained, except that under rule 9.140(d) (governing criminal cases), the original is to be retained unless the court orders otherwise.
Subdivision (e) places the burden of enforcement of this rule on the appellant or petitioner, but any party may move for an order requiring adherence to the rule.
Subdivision (f) replaces former rule 3.6(l). The new rule is intended to ensure that appellate proceedings will be decided on their merits and that no showing of good cause, negligence, or accident is required before the lower tribunal or the court orders the completion of the record. This rule is intended to ensure that any portion of the record in the lower tribunal that is material to a decision by the court will be available to the court. It is specifically intended to avoid those situations that have occurred in the past when an order has been affirmed because appellate counsel failed to bring up the portions of the record necessary to determine whether there was an error. See Pan American Metal Prods. Co. v. Healy, 138 So.2d 96 (Fla. 3d DCA 1962). The rule is not intended to cure inadequacies in the record that result from the failure of a party to make a proper record during the proceedings in the lower tribunal. The purpose of the rule is to give the parties an opportunity to have the appellate proceedings decided on the record developed in the lower tribunal. This rule does not impose on the lower tribunal or the court a duty to review on their own the adequacy of the preparation of the record. A failure to supplement the record after notice by the court may be held against the party at fault.
Subdivision (g) requires that the record in civil cases be returned to the lower tribunal after final disposition by the court regardless of whether the original record or a copy was used. The court may retain or return the record in criminal cases according to its internal administration policies.
1980 Amendment. Subdivisions (b)(1) and (b)(2) were amended to specify that the party designating portions of the transcript for inclusion in the record on appeal shall pay for the cost of transcription and shall pay for and furnish a copy of the portions designated for all opposing parties. See rule 9.420(b) and 1980 committee note thereto relating to limitations of number of copies.
1987 Amendment. Subdivision (b)(3) above is patterned after Federal Rule of Appellate Procedure 11(b).
1992 Amendment. Subdivisions (b)(2), (d)(1)(A), and (d)(1)(B) were amended to standardize the lower court clerk's procedure with respect to the placement and pagination of the transcript in the record on appeal. This amendment places the duty of paginating the transcript on the court reporter and requires the clerk to include the transcript at the end of the record, without repagination.
1996 Amendment. Subdivision (a)(2) was added because family law cases frequently have continuing activity at the lower tribunal level during the pendency of appellate proceedings and that continued activity may be hampered by the absence of orders being enforced during the pendency of the appeal.
Subdivision (b)(2) was amended to change the wording in the third sentence from "transcript of proceedings" to "transcript of the trial" to be consistent with and to clarify the requirement in subdivision (d)(1)(B) that it is only the transcript of trial that is not to be renumbered by the clerk. Pursuant to subdivision (d)(1)(B), it remains the duty of the clerk to consecutively number transcripts other than the transcript of the trial. Subdivision (b)(2) *1153 retains the requirement that the court reporter is to number each page of the transcript of the trial consecutively, but it is the committee's view that if the consecutive pagination requirement is impracticable or becomes a hardship for the court reporting entity, relief may be sought from the court.

RULE 12.015. FAMILY LAW FORMS
(a) Forms Adopted as Rules. The forms listed in this rule shall be adopted by the rulemaking process in Fla. R. Jud. Admin. 2.130. The Family Law Rules Committee of The Florida Bar shall propose amendments to these forms and any associated instructions. These forms shall be designated "Florida Family Law Rules of Procedure Forms." Forms coming under this provision are:
(1) 12.900(a), Disclosure From Nonlawyer;
(2) 12.900(b), Notice of Limited Appearance;
(3) 12.900(c), Consent to Limited Appearance by Attorney;
(4) 12.900(d), Termination of Limited Appearance;
(5) 12.900(e), Acknowledgment of Assistance by Attorney;
(6) 12.900(f), Signature Block for Attorney Making Limited Appearance;
(7) 12.901(a), Petition for Simplified Dissolution of Marriage;
(8) 12.902(b), Family Law Financial Affidavit (Short Form);
(9) 12.902(c), Family Law Financial Affidavit;
(10) 12.902(e), Child Support Guidelines Worksheet;
(11) 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage;
(12) 12.910(a), Summons: Personal Service on an Individual;
(13) 12.913(b), Affidavit of Diligent Search and Inquiry;
(14) 12.920(a), Motion for Referral to General Master Magistrate;
(15) 12.920(b), Order of Referral to General Master Magistrate;
(16) 12.920(c), Notice of Hearing Before General Master Magistrate;
(17) 12.930(a), Notice of Service of Standard Family Law Interrogatories;
(18) 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings;
(19) 12.930(c), Standard Family Law Interrogatories for Modification Proceedings;
(20) 12.932, Certificate of Compliance with Mandatory Disclosure; and
(21) 12.990(a), Final Judgment of Simplified Dissolution of Marriage.
(b) Other Family Law Forms. All additional Supreme Court approved forms shall be adopted by opinion of the Supreme Court of Florida and outside of the rulemaking procedures required by rule 2.130. These forms shall be designated "Florida Supreme Court Approved Family Law Forms."

Commentary
2000 Adoption. To help the many people in family law court cases who do not have attorneys to represent them (pro se litigants), the Florida Supreme Court added simplified forms and directions to the Florida Family Law Rules of Procedure when adopting the rules in 1995. These forms initially had been adopted by the Court in Family Law Rules of Procedure, 663 So.2d 1049 (Fla.1995); In re Petition for Approval of Forms Pursuant to Rule 10-1.1(b) of the Rules Regulating the Florida *1154 Bar  Stepparent Adoption Forms, 613 So.2d 900 (Fla.1992), and Rules Regulating The Florida Bar  Approval of Forms, 581 So.2d 902 (Fla.1991).
In 1997, in an effort to fulfill the spirit of the Court's directives to simplify the process of litigation in family law matters, the Family Court Steering Committee completely revised the existing forms and added new forms and instructions. The rules and forms then constituted more than 500 pages.
This rule was adopted in recognition that the forms would require continuous updating and that the rulemaking process was too cumbersome for such an undertaking.

RULE 12.200. CASE MANAGEMENT AND PRETRIAL CONFERENCES
(a) Case Management Conference.
(1) Family Law Proceedings, Generally. A case management conference may be ordered by the court at any time on the court's initiative. A party may request a case management conference 30 days after service of a petition or complaint. At such a conference the court may:
(A) schedule or reschedule the service of motions, pleadings, and other papers;
(B) set or reset the time of trials, subject to rule 12.440;
(C) coordinate the progress of the action if complex litigation factors are present;
(D) limit, schedule, order, or expedite discovery;
(E) schedule disclosure of expert witnesses and the discovery of facts known and opinions held by such experts;
(F) schedule or hear motions related to admission or exclusion of evidence;
(G) pursue the possibilities of settlement;
(H) require filing of preliminary stipulations if issues can be narrowed;
(I) refer issues to a mastermagistrate for findings of fact, if consent is obtained as provided in rules 12.490 and 12.492 and if no significant history of domestic, repeat, or dating violence that would compromise the process is involved in the case;
(J) refer the parties to mediation if no significant history of domestic, repeat, or dating violence that would compromise the mediation process is involved in the case and consider allocation of expenses related to the referral; or refer the parties to counseling if no significant history of domestic, repeat, or dating violence that would compromise the process is involved in the case and consider allocation of expenses related to the referral;
(K) coordinate voluntary binding arbitration consistent with Florida law if no significant history of domestic, repeat, or dating violence that would compromise the process is involved in the case;
(L) appoint court experts and allocate the expenses for the appointments;
(M) refer the cause for a home study or psychological evaluation and allocate the initial expense for that study;
(N) appoint an attorney or guardian ad litem for a minor child or children if required and allocate the expense of the appointment; and
(O) schedule other conferences or determine other matters that may aid in the disposition of the action.
(2) Adoption Proceedings. A case management conference shall be ordered by the court within 60 days of the filing of a petition when
*1155 (A) there is a request for a waiver of consent to a termination of parental rights of any person required to consent by section 63.062, Florida Statutes;
(B) notice of the hearing on the petition to terminate parental rights pending adoption is not being afforded a person whose consent is required but who has not consented;
(C) there is an objection to venue, which was made after the waiver of venue was signed;
(D) an intermediary, attorney, or agency is seeking fees, costs, or other expenses in excess of those provided under section 63.097 or 63.212(5), Florida Statutes;
(E) an affidavit of diligent search and inquiry is filed in lieu of personal service under section 63.088(4), Florida Statutes; or
(F) the court is otherwise aware that any person having standing objects to the termination of parental rights pending adoption.
(b) Pretrial Conference. After the action is at issue the court itself may or shall on the timely motion of any party require the parties to appear for a conference to consider and determine:
(1) proposed stipulations and the simplification of the issues;
(2) the necessity or desirability of amendments to the pleadings;
(3) the possibility of obtaining admissions of fact and of documents that will avoid unnecessary proof;
(4) the limitation of the number of expert witnesses; and
(5) any matters permitted under subdivision (a) of this rule.
(c) Notice. Reasonable notice shall be given for a case management conference, and 20 days' notice shall be given for a pretrial conference. On failure of a party to attend a conference, the court may dismiss the action, strike the pleadings, limit proof or witnesses, or take any other appropriate action. Any documents that the court requires for any conference shall be specified in the order. Orders setting pretrial conferences shall be uniform throughout the territorial jurisdiction of the court.
(d) Case Management and Pretrial Order. The court shall make an order reciting the action taken at a conference and any stipulations made. The order shall control the subsequent course of the action unless modified to prevent injustice.

Commentary
1995 Adoption. This rule addresses issues raised by decisions such as Dralus v. Dralus, 627 So.2d 505 (Fla. 2d DCA 1993); Wrona v. Wrona, 592 So.2d 694 (Fla. 2d DCA 1991); and Katz v. Katz, 505 So.2d 25 (Fla. 4th DCA 1987), regarding the cost of marital litigation. This rule provides an orderly method for the just, speedy, and inexpensive determination of issues and promotes amicable resolution of disputes.
This rule replaces and substantially expands Florida Rule of Civil Procedure 1.200 as it pertained to family law matters. Under this rule, a court may convene a case management conference at any time and a party may request a case management conference 30 days after service of a petition or complaint. The court may consider the following additional items at the conference: motions related to admission or exclusion of evidence, referral of issues to a master if consent is obtained pursuant to the rules, referral of the parties to mediation, referral of the parties to counseling, coordination of voluntary binding arbitration, appointment of court experts, referral of the cause for a home study psychological evaluation, and appointment *1156 of an attorney or guardian ad litem for a minor child.

Committee Note
1997 Amendment. In In re Adoption of Baby E.A.W., 658 So.2d 961 (Fla.1995), and other cases involving protracted adoption litigation, it becomes clear that the earlier the issue of notice is decided by the court, the earlier the balance of the issues can be litigated. Because both parents' constitutional standing and guarantees of due process require notice and an opportunity to be heard, this rule amendment will help solve the problems of adoption litigation lasting until a child's third, fourth, or even fifth birthday. Furthermore, this rule will encourage both parents to be more candid with intermediaries and attorneys involved in the adoption process.
In E.A.W., 658 So.2d at 979, Justice Kogan, concurring in part and dissenting in part, stated: "I personally urge the Family Law Rules Committee ... to study possible methods of expediting review of disputes between biological and adoptive parents." This rule expedites resolution of preliminary matters concerning due process in difficult adoption disputes. This rule also mandates early consideration of the child's rights to due process at early stages of adoption litigation.
Noncompliance with subdivision (a)(2) of this rule shall not invalidate an otherwise valid adoption.

RULE 12.490. GENERAL MASTERSMAGISTRATES
(a) General MastersMagistrates. Judges of the circuit court may appoint as many general mastersmagistrates from among the members of The Florida Bar in the circuit as the judges find necessary, and the general mastersmagistrates shall continue in office until removed by the court. The order making an appointment shall be recorded. Every person appointed as a general mastermagistrate shall take the oath required of officers by the constitution and the oath shall be recorded before the mastermagistrate discharges any duties of that office.
(b) Reference.
(1) No matter shall be heard by a general master magistrate without an appropriate order of reference and the consent to the referral of all parties. Consent, as defined in this rule, to a specific referral, once given, cannot be withdrawn without good cause shown before the hearing on the merits of the matter referred. Consent may be express or may be implied in accordance with the requirements of this rule.
(A) A written objection to the referral to a general master magistrate must be filed within 10 days of the service of the order of referral.
(B) If the time set for the hearing is less than 10 days after service of the order of referral, the objection must be filed before commencement of the hearing.
(C) If the order of referral is served within the first 20 days after the service of the initial process, the time to file an objection is extended to the time within which to file a responsive pleading.
(D) Failure to file a written objection within the applicable time period is deemed to be consent to the order of referral.
(2) The order of referral shall be in substantial conformity with Florida Family Law Rules of Procedure Form 12.920(b), and shall contain the following language in bold type:
A REFERRAL TO A GENERAL MASTERMAGISTRATE REQUIRES THE CONSENT OF ALL PARTIES. YOU ARE ENTITLED TO HAVE THIS MATTER HEARD BEFORE A JUDGE. IF YOU DO NOT WANT TO *1157 HAVE THIS MATTER HEARD BEFORE THE GENERAL MASTERMAGISTRATE, YOU MUST FILE A WRITTEN OBJECTION TO THE REFERRAL WITHIN 10 DAYS OF THE TIME OF SERVICE OF THIS ORDER. IF THE TIME SET FOR THE HEARING IS LESS THAN 10 DAYS AFTER THE SERVICE OF THIS ORDER, THE OBJECTION MUST BE MADE BEFORE THE HEARING. IF THIS ORDER IS SERVED WITHIN THE FIRST 20 DAYS AFTER SERVICE OF PROCESS, THE TIME TO FILE AN OBJECTION IS EXTENDED TO THE TIME WITHIN WHICH A RESPONSIVE PLEADING IS DUE. FAILURE TO FILE A WRITTEN OBJECTION WITHIN THE APPLICABLE TIME PERIOD IS DEEMED TO BE A CONSENT TO THE REFERRAL.
REVIEW OF THE REPORT AND RECOMMENDATIONS MADE BY THE GENERAL MASTERMAGISTRATE SHALL BE BY EXCEPTIONS AS PROVIDED IN RULE 12.490(f), FLA. FAM. L.R.P. A RECORD, WHICH INCLUDES A TRANSCRIPT OF PROCEEDINGS, MAY BE REQUIRED TO SUPPORT THE EXCEPTIONS.
(3) The order of referral shall state with specificity the matter or matters being referred and the name of the general mastermagistrate to whom the matter is referred. The order of referral also shall state whether electronic recording or a court reporter is provided by the court, or whether a court reporter, if desired, must be provided by the litigants.
(4) When a reference is made to a general master magistrate, any party or the general mastermagistrate may set the action for hearing.
(c) General Powers and Duties. Every general master magistrate shall perform all of the duties that pertain to the office according to the practice in chancery and rules of court and under the direction of the court except those duties related to domestic, repeat, and dating violence. A general mastermagistrate shall be empowered to administer oaths and conduct hearings, which may include the taking of evidence. All grounds for disqualification of a judge shall apply to general mastersmagistrates.
(d) Hearings.
(1) The general mastermagistrate shall assign a time and place for proceedings as soon as reasonably possible after the reference is made and give notice to each of the parties either directly or by directing counsel to file and serve a notice of hearing. If any party fails to appear, the general mastermagistrate may proceed ex parte or may adjourn the proceeding to a future day, giving notice to the absent party of the adjournment. The general mastermagistrate shall proceed with reasonable diligence in every reference and with the least delay practicable. Any party may apply to the court for an order to the general mastermagistrate to speed the proceedings and to make the report and to certify to the court the reason for any delay.
(2) The general mastermagistrate shall take testimony and establish a record which may be by electronic means as provided by Florida Rule of Judicial Administration 2.070(g)(3) or by a court reporter. The parties may not waive this requirement.
(3) The general mastermagistrate shall have authority to examine under oath the parties and all witnesses upon all matters contained in the reference, to require production of all books, papers, writings, vouchers, and other documents applicable *1158 to it, and to examine on oath orally all witnesses produced by the parties. The general master magistrate may take all actions concerning evidence that can be taken by the circuit court and in the same manner. The general master magistrate shall have the same powers as a circuit judge to utilize communications equipment as defined and regulated by Florida Rule of Judicial Administration 2.071.
(4) The notice or order setting the cause for hearing shall be in substantial conformity with Florida Family Law Rules of Procedure Form 12.920(c) and shall contain the following language in bold type:
SHOULD YOU WISH TO SEEK REVIEW OF THE REPORT AND RECOMMENDATION MADE BY THE GENERAL MASTERMAGISTRATE, YOU MUST FILE EXCEPTIONS IN ACCORDANCE WITH RULE 12.490(f), FLA. FAM. L.R.P. YOU WILL BE REQUIRED TO PROVIDE THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR EXCEPTIONS OR YOUR EXCEPTIONS WILL BE DENIED. A RECORD ORDINARILY INCLUDES A WRITTEN TRANSCRIPT OF ALL RELEVANT PROCEEDINGS. THE PERSON SEEKING REVIEW MUST HAVE THE TRANSCRIPT PREPARED IF NECESSARY FOR THE COURT'S REVIEW.
(5) The notice or order setting a matter for hearing shall state whether electronic recording or a court reporter is provided by the court. If the court provides electronic recording, the notice also shall state that any party may provide a court reporter at that party's expense.
(e) General Master'sMagistrate's Report. The general mastermagistrate shall file a report that includes findings of fact and conclusions of law, together with recommendations. If a court reporter was present, the report shall contain the name and address of the reporter.
(f) Filing Report; Notice; Exceptions. The general mastermagistrate shall file the report and recommendations and serve copies on all parties. The parties may serve exceptions to the report within 10 days from the time it is served on them. Any party may file cross-exceptions within 5 days from the service of the exceptions, provided, however, that the filing of cross-exceptions shall not delay the hearing on the exceptions unless good cause is shown. If no exceptions are filed within that period, the court shall take appropriate action on the report. If exceptions are filed, they shall be heard on reasonable notice by either party or the court.
(g) Record. For the purpose of the hearing on exceptions, a record, substantially in conformity with this rule, shall be provided to the court by the party seeking review if necessary for the court's review.
(1) The record shall consist of the court file, including the transcript of the relevant proceedings before the general mastermagistrate and all depositions and evidence presented to the general mastermagistrate.
(2) The transcript of all relevant proceedings, if any, shall be delivered to the judge and provided to all other parties not less than 48 hours before the hearing on exceptions. If less than a full transcript of the proceedings taken before the general mastermagistrate is ordered prepared by the excepting party, that party shall promptly file a notice setting forth the portions of the transcript that have been ordered. The responding parties shall be permitted to designate any additional portions of the transcript necessary to the adjudication of the issues raised in the exceptions or cross-exceptions.
*1159 (3) The cost of the original and all copies of the transcript of the proceedings shall be borne initially by the party seeking review, subject to appropriate assessment of suit monies. Should any portion of the transcript be required as a result of a designation filed by the responding party, the party making the designation shall bear the initial cost of the additional transcript.

Commentary
1995 Adoption. This rule is a modification of Florida Rule of Civil Procedure 1.490. That rule governed the appointment of both general and special masters. The appointment of special masters is now governed by Florida Family Law Rule of Procedure 12.492. This rule is intended to clarify procedures that were required under rule 1.490, and it creates additional procedures. The use of general masters should be implemented only when such use will reduce costs and expedite cases in accordance with Dralus v. Dralus, 627 So.2d 505 (Fla. 2d DCA 1993), Wrona v. Wrona, 592 So.2d 694 (Fla. 2d DCA 1991), and Katz v. Katz, 505 So.2d 25 (Fla. 4th DCA 1987).

Committee Note
2004 Amendment. In accordance with Chapter 2004-11, Laws of Florida, all references to general master were changed to general magistrate.

RULE 12.492. SPECIAL MASTERSMAGISTRATES
(a) Special MastersMagistrates. The court may appoint members of The Florida Bar as special mastersmagistrates for any particular service required by the court in a family law matter other than those involving domestic and repeat violence. The special mastersmagistrates shall be governed by all the provisions of law and rules relating to general mastersmagistrates except as otherwise provided by this rule. Additionally, they shall not be required to make oath or give bond unless specifically required by the order appointing them. Upon a showing that the appointment is advisable, a person other than a member of The Florida Bar may be appointed.
(b) Reference. No reference shall be to a special mastermagistrate without the express prior consent of the parties, except that the court upon good cause shown and without consent of the parties may appoint an attorney as a special mastermagistrate to preside over depositions and rule upon objections.
(c) General Powers and Duties. Every special master magistrate shall perform all of the duties that pertain to the office according to the practice in chancery and rules of court and under the direction of the court. Hearings before any special master magistrate shall be held in the county where the action is pending, but hearings may be held at any place by order of the court within or without the state to meet the convenience of the witnesses or the parties. All grounds for disqualification of a judge shall apply to special mastersmagistrates.
(d) Bond. When not otherwise provided by law, the court may require special mastersmagistrates who are appointed to dispose of real or personal property to give bond and surety conditioned for the proper payment of all moneys that may come into their hands and for the due performance of their duties as the court may direct. The bond shall be made payable to the State of Florida and shall be for the benefit of all persons aggrieved by any act of the special mastermagistrate.
(e) Hearings. When a reference is made to a special mastermagistrate, any party or the special mastermagistrate may set the action for hearing. The special master magistrate shall assign a time and place for proceedings as soon as reasonably *1160 possible after the reference is made and give notice to each of the parties either directly or by requiring counsel to file and serve a notice of hearing. If any party fails to appear, the special mastermagistrate may proceed ex parte or may adjourn the proceeding to a future day, giving notice to the absent party of the adjournment. The special mastermagistrate shall proceed with reasonable diligence in every reference and with the least delay practicable. Any party may apply to the court for an order to the special mastermagistrate to speed the proceedings and to make the report and to certify to the court the reason for any delay. Unless otherwise ordered by the court, or agreed to by all parties, all parties shall equally share the cost of the presence of a court reporter at a special master'smagistrate's proceedings. If all parties waive the presence of a court reporter, they must do so in writing. The special mastermagistrate shall have authority to examine the parties and all witnesses under oath upon all matters contained in the reference and to require production of all books, papers, writings, vouchers, and other documents applicable to it. The special mastermagistrate shall admit evidence by deposition or that is otherwise admissible in court. The special mastermagistrate may take all actions concerning evidence that can be taken by the court and in the same manner. All parties accounting before a special mastermagistrate shall bring in their accounts in the form of accounts payable and receivable, and any other parties who are not satisfied with the account may examine the accounting party orally or by interrogatories or deposition as the special mastermagistrate directs. All depositions and documents that have been taken or used previously in the action may be used before the special mastermagistrate.
(f) Special Master'sMagistrate's Report. The special mastermagistrate shall file a report that includes findings of fact and conclusions of law, together with recommendations. In the report made by the special mastermagistrate no part of any statement of facts, account, charge, deposition, examination, or answer used before the special mastermagistrate need be recited. The matters shall be identified to inform the court what items were used. The report shall include the name and address of the court reporter present, if any.
(g) Filing Report; Notice; Exceptions. The special mastermagistrate shall file the report and recommendations and serve copies on the parties. The parties may serve exceptions to the report within 10 days from the time it is served on them. If no exceptions are filed within that period, the court shall take appropriate action on the report. Any party may file cross-exceptions within 5 days from the service of the exceptions, provided, however, that the filing of cross-exceptions shall not delay the hearing on the exceptions unless good cause is shown. If exceptions are filed, they shall be heard on reasonable notice by either party. The party seeking to have exceptions heard shall be responsible for the preparation of the transcript of proceedings before the special master magistrate.
(h) Expenses of Special MasterMagistrate. The costs of a special mastermagistrate may be assessed as any other suit money in family proceedings and all or part of it may be ordered prepaid by order of the court.

Commentary
1995 Adoption. Originally, both general and special masters were governed under Florida Rule of Civil Procedure 1.490. General and special masters are now governed under Florida Family Law Rules of *1161 Procedure 12.490 and 12.492, respectively. The requirements for appointing special masters are essentially the same as under the previous rule; but this rule eliminates the need for consent for the court to appoint an attorney/special master to preside over depositions and rule on objections. It also provides for the assessment of suit monies and allows for the filing of cross-exceptions.

Committee Note
2004 Amendment. In accordance with Chapter 2004-11, Laws of Florida, all references to special master were changed to special magistrate.

FAMILY LAW FORMS, COMMENTARY, AND INSTRUCTIONS

GENERAL INFORMATION FOR SELF-REPRESENTED LITIGANTS
You should read this General Information thoroughly before taking any other steps to file your case or represent yourself in court. Most of this information is not repeated in the attached forms. This information should provide you with an overview of the court system, its participants, and its processes. It should be useful whether you want to represent yourself in a pending matter or have a better understanding of the way family court works. This is not intended as a substitute for legal advice from an attorney. Each case has its own particular set of circumstances, and an attorney may advise you of what is best for you in your individual situation.
These instructions are not the only place that you can get information about how a family case works. You may want to look at other books for more help. The Florida Statutes, Florida Family Law Rules of Procedure, Florida Rules of Civil Procedure, and other legal information or books may be found at the public library or in a law library at your county courthouse or a law school in your area. If you are filing a petition for Name Change and/or Adoption, these instructions may not apply.
If the word(s) is printed in bold, this means that the word is being emphasized. Throughout these instructions, you will also find words printed in bold and underlined. This means that the definitions of these words may be found in the glossary of common family law terms at the end of this general information section.

Commentary
1995 Adoption. To help the many people in family law court cases who do not have attorneys to represent them (pro se litigants), the Florida Supreme Court added these simplified forms and directions to the Florida Family Law Rules of Procedure. The directions refer to the Florida Family Law Rules of Procedure or the Florida Rules of Civil Procedure. Many of the forms were adapted from the forms accompanying the Florida Rules of Civil Procedure. Practitioners should refer to the committee notes for those forms for rule history.
The forms were adopted by the Court pursuant to Family Law Rules of Procedure, 667 So.2d 202 (Fla.1996); In re Petition for Approval of Forms Pursuant to Rule 10-1.1(b) of the Rules Regulating the Florida Bar  Stepparent Adoption Forms, 613 So.2d 900 (Fla.1992); Rules Regulating the Florida Bar  Approval of Forms, 581 So.2d 902 (Fla.1991).
Although the forms are part of these rules, they are not all inclusive and additional forms, as necessary, should be taken from the Florida Rules of Civil Procedure as provided in Florida Family Law Rules of Procedure. Also, the following notice *1162 has been included to strongly encourage individuals to seek the advice, when needed, of an attorney who is a member in good standing of the Florida Bar.
1997 Amendment. In 1997, the Florida Family Law Forms were completely revised to simplify and correct the forms. Additionally, the appendices were eliminated, the instructions contained in the appendices were incorporated into the forms, and the introduction following the Notice to Parties was created. Minor changes were also made to the Notice to Parties set forth below.

NOTICE TO PARTIES WHO ARE NOT REPRESENTED BY AN ATTORNEY WHO IS A MEMBER IN GOOD STANDING OF THE FLORIDA BAR
If you have questions or concerns about these forms, instructions, commentary, the use of the forms, or your legal rights, it is strongly recommended that you talk to an attorney. If you do not know an attorney, you should call the lawyer referral service listed in the yellow pages of the telephone book under "Attorney." If you do not have the money to hire an attorney, you should call the legal aid office in your area.
Because the law does change, the forms and information about them may have become outdated. You should be aware that changes may have taken place in the law or court rules that would affect the accuracy of the forms or instructions.
In no event will the Florida Supreme Court, The Florida Bar, or anyone contributing to the production of these forms or instructions be liable for any direct, indirect, or consequential damages resulting from their use.

FAMILY LAW PROCEDURES
Communication with the court ... Ex parte communication is communication with the judge with only one party present. Judges are not allowed to engage in ex parte communication except in very limited circumstances, so, absent specific authorization to the contrary, you should not try to speak with or write to the judge in your case unless the other party is present or has been properly notified. If you have something you need to tell the judge, you must ask for a hearing and give notice to the other party or file a written statement in the court file and send a copy of the written statement to the other party.
Filing a case ... A case begins with the filing of a petition. A petition is a written request to the court for some type of legal action. The person who originally asks for legal action is called the petitioner and remains the petitioner throughout the case.
A petition is given to the clerk of the circuit court, whose office is usually located in the county courthouse or a branch of the county courthouse. A case number is assigned and an official court file is opened. Delivering the petition to the clerk's office is called filing a case. A filing fee is usually required.
Once a case has been filed, a copy must be given to (served on) the respondent. The person against whom the original legal action is being requested is called the respondent, because he or she is expected to respond to the petition. The respondent remains the respondent throughout the case.
Service. . . When one party files a petition, motion, or other pleading, the other party must be "served" with a copy of the document. This means that the other party is given proper notice of the pending *1163 action(s) and any scheduled hearings. Personal service of the petition and summons on the respondent by a deputy sheriff or private process server is required in all original petitions and supplemental petitions, unless constructive service is permitted by law. Personal service may also be required in other actions by some judges. After initial service of the original or supplemental petition and summons by a deputy sheriff or private process server, service of most motions and other documents or papers filed in the case generally may be made by regular U.S. mail or hand delivery. However, service by certified mail is required at other times so you have proof that the other party actually received the papers. The instructions with each form will advise you of the type of service required for that form. If the other party is represented by an attorney, you should serve the attorney and send a copy to the other party, except for original or supplemental petitions, which must be personally served on the respondent.
Other than the initial original or supplemental petitions, anytime you file additional pleadings or motions in your case, you must provide a copy to the other party and include a certificate of service. Likewise, the other party must provide you with copies of everything that he or she files. Service of additional documents is usually completed by U.S. mail. For more information, see the instructions for Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914.
Forms for service of process are included in the Florida Family Law Forms, along with more detailed instructions and information regarding service. The instructions to those forms should be read carefully to ensure that you have the other party properly served. If proper service is not obtained, the court cannot hear your case.
Note: If you absolutely do not know where the other party to your case lives or if the other party resides in another state, you may be able to use constructive service. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). Additionally, if the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
Default... After being served with a petition or counterpetition, the other party has 20 days to file a response. If a response to a petition is not filed, the petitioner may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk. This means that you may proceed with your case and set a final hearing, and a judge will make a decision, even if the other party will not cooperate. For more information, see rule 12.080(c), Florida Family Law Rules of Procedure.
Answer and counterpetition ... After being served, the respondent has 20 days to file an answer admitting or denying each of the allegations contained in the petition. In addition to an answer, the respondent may also file a counterpetition. *1164 In a counterpetition, the respondent may request the same or some other relief or action not requested by the petitioner. If the respondent files a counterpetition, the petitioner should then file an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d), and either admit or deny the allegations in the respondent's counterpetition.
Mandatory disclosure... Rule 12.285, Florida Family Law Rules of Procedure, requires each party in a dissolution of marriage to exchange certain information and documents, and file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). Failure to make this required disclosure within the time required by the Florida Family Law Rules of Procedure may allow the court to dismiss the case or to refuse to consider the pleadings of the party failing to comply. This requirement also must be met in other family law cases, except adoptions, simplified dissolutions of marriage, enforcement proceedings, contempt proceedings, and proceedings for injunctions for domestic or repeat violence. The Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932, lists the documents that must be given to the other party. For more information see rule 12.285, Florida Family Law Rules of Procedure, and the instructions to the Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932.
Setting a hearing or trial... Generally, the court will have hearings on motions, final hearings on uncontested or default cases, and trials on contested cases. Before setting your case for final hearing or trial, certain requirements such as completing mandatory disclosure and filing certain papers and having them served on the other party must be met. These requirements vary depending on the type of case and the procedures in your particular jurisdiction. For further information, you should refer to the instructions for the type of form you are filing.
Next, you must obtain a hearing or trial date so that the court may consider your request. You should ask the clerk of court, or family law intake staff about the local procedure for setting a hearing or trial, which you should attend. These family law forms contain orders and final judgments, which the judge may use. You should ask the clerk of court or family law intake staff if you need to bring one of these forms with you to the hearing or trial. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Below are explanations of symbols or parts of different family law forms ...

{specify}, {date}, {name(s)}, {street}, {city}, {state}, {phone}
Throughout these forms, you will find hints such as those above. These tell you what to put in the blank(s).

[&check; one only] [&check; all that apply]
These show how many choices you should check. Sometimes you may check only one, while other times you may check several choices. ( ) This also shows an area where you must make a choice. Check the ( ) in front of the choice that applies to you or your case.

Florida Family Law Form
The symbol above tells you about another family law form you may need.
*1165
IN THE CIRCUIT COURT OF THE
(1) JUDICIAL CIRCUIT,
IN AND FOR (2) COUNTY,
FLORIDA
 Case No.: (3)
 Division: (4)
 (5) ,
 Petitioner,
 and
 (6) , Respondent.
Line 1 The clerk of court can tell you the number of your judicial circuit. Type or print it here.
Line 2 Type or print your county name on line (2).
Line 3 If you are filing an initial petition or pleading, the Clerk of the Court will assign a case number after the case is filed. You should type or print this case number on all papers you file in this case.
Line 4 The clerk of the court can tell you the name of the division in which your case is being filed, and you should type or print it here. Divisions vary from court to court. For example, your case may be filed in the civil division, the family division, or the juvenile division.
Line 5 Type or print the legal name of the person who originally filed the case on line 5. This person is the petitioner because he/she is the one who filed the original petition.
Line 6 Type or print the other party's legal name on line 6. The other party is the respondent because he/she is responding to the petition.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: (1)
 (2)
 Signature of Petitioner
 Printed Name: (3)
 Address: (4)
 City, State, Zip: (5)
 Telephone Number: (6)
 Fax Number: (7)
Some forms require that your signature be witnessed. You must sign the form in the presence of a notary public or deputy clerk (employee of the clerk of the court's office). When signing the form, you must have a valid photo identification unless the notary knows you personally. You should completely fill in all lines (1 & 3-7) except 2 with the requested information, if applicable. Line 2, the signature line, must be signed in the presence of the notary public or deputy clerk.
STATE OF FLORIDA
COUNTY OF ________
Sworn to or affirmed and signed before me on ______ by ________.
 ________
 NOTARY PUBLIC or DEPUTY
 CLERK
 ________
 [Print, type, or stamp commissioned
 name of notary or clerk.]
 ___ Personally known
 ___ Produced identification
 ___ Type of identification produced
 ________
DO NOT SIGN OR FILL IN THIS PART OF ANY FORM. This section of the form is to be completed by the notary public who is witnessing your signature.
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE *1166 MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} (1) , a nonlawyer, located at {street} (2) ,{city} (3) , {state} (4) , {phone} (5) , helped {name} (6) , who is the petitioner, fill out this form.
This section should be completed by anyone who helps you fill out these forms but is not an attorney who is a member in good standing of The Florida Bar, which means that he or she is not licensed to practice law in Florida.
Line 1 The nonlawyer who helps you should type or print his or her name on line 1.
Lines 2-5 The nonlawyer's address and telephone number should be typed or printed on lines 2-5.
Line 6 Your name should be typed or printed on line 6.
In addition, a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), should be completed if a nonlawyer assists you. The disclosure is available as a family law form and should be completed before the nonlawyer helps you. This is to be sure that you understand the role and limitations of a nonlawyer. You and the nonlawyer should keep a copy of this disclosure for your records.

FAMILY LAW GLOSSARY OF COMMON TERMS AND DEFINITIONS
Note: The following definitions are intended to be helpful, BUT they are not intended to constitute legal advice or address every possible meaning of the term(s) contained in this glossary.
Affidavit  a written statement in which the facts stated are sworn or affirmed to be true.
Answer  written response by a respondent that states whether he or she admits (agrees with) or denies (disagrees with) the allegations in the petition. Any allegations not specifically denied are considered to be admitted.
Appeal  asking a district court of appeal to review the decision in your case. There are strict procedural and time requirements for filing an appeal.
Asset  everything owned by you or your spouse, including property, cars, furniture, bank accounts, jewelry, life insurance policies, businesses, or retirement plans. An asset may be marital or nonmarital, but that distinction is for the court to determine if you and your spouse do not agree.
Attorney  a person with special education and training in the field of law who is a member in good standing of The Florida Bar and licensed to practice law in Florida. An attorney is the only person who is allowed to give you legal advice. An attorney may file your case and represent you in court, or just advise you of your rights before you file your own case. In addition to advising you of your rights, an attorney may tell you what to expect and help prepare you for court. In family law matters, you are not entitled to a court-appointed lawyer, like a public defender in a criminal case. However, legal assistance is often available for those who are unable to hire a private attorney. You may consult the yellow pages of the telephone directory for a listing of legal aid or lawyer referral services in your area, or ask your local clerk of court or family law intake staff what services are available in your area. You may also obtain information from the Florida Supreme Court's Internet site located at http://www.flcourts.org/courts/supct.
*1167 Bond  money paid to the clerk of court by one party in a case, to be held and paid to an enjoined party in the event that the first party causes loss or damage of property as a result of wrongfully enjoining the other party.
Central Governmental Depository  the office of the clerk of court that is responsible for collecting and disbursing court-ordered alimony and child support payments. The depository also keeps payment records and files judgments if support is not paid.
Certificate of Service  a document that must be filed whenever a form you are using does not contain a statement for you to fill in showing to whom you are sending copies of the form. Florida Supreme Court Approved Family Law Form 12.914 is the certificate of service form and contains additional instructions.
Certified Copy  a copy of an order or final judgment, certified by the clerk of the circuit court to be an authentic copy.
Certified Mail  mail which requires the receiving party to sign as proof that they received it.
Child Support  money paid from one parent to the other for the benefit of their dependent or minor child(ren).
Clerk of the Circuit Court-elected official in whose office papers are filed, a case number is assigned, and case files are maintained. The clerk's office usually is located in the county courthouse.
Constructive Service  notification of the other party by newspaper publication or posting of notice at designated places when the other party cannot be located for personal service. You may also be able to use constructive service when the other party lives in another state. Constructive service is also called "service by publication." However, when constructive service is used, the relief the Court may grant is limited. For more information on service, see the instructions for Florida Family Law Rules of Procedure Forms 12.910(a) and 12.913(b) and Florida Supreme Court Approved Family Law Form 12.913(a).
Contested Issues  any or all issues upon which the parties are unable to agree and which must be resolved by the judge at a hearing or trial.
Contingent Asset  an asset that you may receive or get later, such as income, tax refund, accrued vacation or sick leave, a bonus, or an inheritance.
Contingent Liability  a liability that you may owe later, such as payments for lawsuits, unpaid taxes, or debts that you have agreed or guaranteed to pay if someone else does not.
Counterpetition  a written request to the court for legal action, which is filed by a respondent after being served with a petition.
Default  a failure of a party to respond to the pleading of another party. This failure to respond may allow the court to decide the case without input from the party who did not appear or respond.
Delinquent  late.
Dependent Child(ren)  child(ren) who depend on their parent(s) for support either because they are under the age of 18, they have a mental or physical disability that prevents them from supporting themselves, or they are in high school while between the ages of 18 and 19 and are performing in good faith with reasonable expectation of graduation before the age of 19.
Deputy Clerk  an employee of the office of the clerk of court, which is usually located in the county courthouse or a branch of the county courthouse.
*1168 Dissolution of Marriage  divorce; a court action to end a marriage.
Enjoined  prohibited by the court from doing a specific act.
Ex Parte  communication with the judge by only one party. In order for a judge to speak with either party, the other party must have been properly notified and have an opportunity to be heard. If you have something you wish to tell the judge, you should ask for a hearing or file information in the clerk of court's office, with certification that a copy was sent to the other party.
Family Law Intake Staff  a court's employee(s) who is (are) available to assist you in filing a family law case. Family law intake staff are not attorneys and cannot give legal advice. They may only assist you with filling out the form(s). Your local clerk's office can tell you if your county has such assistance available.
Filing  delivering a petition, response, motion, or other pleading in a court case to the clerk of court's office.
Filing Fee  an amount of money, set by law, that the petitioner must pay when filing a case. If you cannot afford to pay the fee, you must file an Affidavit of Indigency, Florida Supreme Court Approved Family Law Form 12.902(a), to ask the clerk to file your case without payment of the fee.
Final Hearing  trial in your case.
Financial Affidavit  a sworn statement that contains information regarding your income, expenses, assets, and liabilities.
Final Judgment  a written document signed by a judge and recorded in the clerk of the circuit court's office that contains the judge's decision in your case.
Guardian ad Litem  a neutral person who may be appointed by the court to evaluate or investigate your child's situation, and file a report with the court about what is in the best interests of your child(ren). Guardians do not "work for" either party. The guardian may interview the parties, visit their homes, visit the child(ren)'s school(s) and speak with teachers, or use other resources to make their recommendation.
Hearing  a legal proceeding before a judge or designated officer (general magistrate or hearing officer) on a motion.
Judge  an elected official who is responsible for deciding matters on which you and the other parties in your case are unable to agree. A judge is a neutral person who is responsible for ensuring that your case is resolved in a manner which is fair, equitable, and legal. A judge is prohibited by law from giving you or the other party any legal advice, recommendations, or other assistance, and may not talk to either party unless both parties are present, represented, or at a properly scheduled hearing.
Judicial Assistant  the judge's personal staff assistant.
Liabilities  everything owed by you or your spouse, including mortgages, credit cards, or car loans. A liability may be marital or nonmarital, but that distinction is for the court to determine if you and your spouse do not agree.
Lump Sum Alimony  money ordered to be paid by one spouse to another in a limited number of payments, often a single payment.
Mandatory Disclosure  items that must be disclosed by both parties except those exempted from disclosure by Florida Family Law Rule 12.285.
Marital Asset  generally, anything that you and/or your spouse acquired or received (by gift or purchase) during the marriage. For example, something you owned before your marriage may be nonmarital. An asset may only be determined *1169 to be marital by agreement of the parties or determination of the judge.
Marital Liability  generally, any debt that you and/or your spouse incurred during the marriage. A debt may only be determined to be nonmarital by agreement of the parties or determination of the judge.
Mediator  a person who is trained and certified to assist parties in reaching an agreement before going to court. Mediators do not take either party's side and are not allowed to give legal advice. They are only responsible for helping the parties reach an agreement and putting that agreement into writing. In some areas, mediation of certain family law cases may be required before going to court.
Modification  a change made by the court in an order or final judgment.
Motion  a request made to the court, other than a petition.
No Contact-a court order directing a party not speak to, call, send mail to, visit, or go near his or her spouse, ex-spouse, child(ren), or other family member.
Nonlawyer  a person who is not a member in good standing of The Florida Bar.
Nonmarital Asset  generally, anything owned separately by you or your spouse. An asset may only be determined to be nonmarital by either agreement of the parties or determination of the judge.
Nonmarital Liability  generally, any debt that you or your spouse incurred before your marriage or since your separation. A debt may only be determined to be nonmarital by either agreement of the parties or determination of the judge.
Nonparty  a person who is not the petitioner or respondent in a court case.
Notary Public  a person authorized to witness signatures on court related forms.
Obligee  a person to whom money, such as child support or alimony, is owed.
Obligor  a person who is ordered by the court to pay money, such as child support or alimony.
Order  a written decision signed by a judge and filed in the clerk of the circuit court's office, that contains the judge's decision on part of your case, usually on a motion.
Original Petition  see Petition.
Parenting Course  a class that teaches parents how to help their child(ren) cope with divorce and other family issues.
Party  a person involved in a court case, either as a petitioner or respondent.
Paternity Action  A lawsuit used to determine whether a designated individual is the father of a specific child or children.
Payor  an employer or other person who provides income to an obligor.
Permanent Alimony  spousal support ordered to be paid at a specified, periodic rate until modified by a court order, the death of either party, or the remarriage of the Obligee, whichever occurs first.
Personal Service  when a summons and a copy of a petition (or other pleading) that has been filed with the court are delivered by a deputy sheriff or private process server to the other party. Personal service is required for all petitions and supplemental petitions.
Petition  a written request to the court for legal action, which begins a court case.
Petitioner  the person who files a petition that begins a court case.
Pleading  a formal written statement of exactly what a party wants the court to do in a lawsuit or court action.
Primary Residence  the home in which the child(ren) spends most of his/her (their) time.
Pro Se Litigant  a person who appears in court without the assistance of a lawyer.
*1170 Pro Se Coordinator  see Family Law Intake Staff.
Reasonable Visitation  visitation between the nonresidential parent and child(ren) that provides frequent and unhampered contact with the child(ren). Such visitation is designed to encourage a close and continuing relationship with due regard for educational commitments of child(ren), any health or social factors of the child(ren), business and personal commitments of both parents, and home arrangements of both parents.
Rehabilitative Alimony  spousal support ordered to be paid for a limited period of time to allow one of the parties an opportunity to complete a plan of education or training, according to a rehabilitative plan accepted by the court, so that he or she may better support himself or herself.
Respondent  the person who is served with a petition requesting some legal action against him or her.
Rotating Custody  physical custody of child(ren) after divorce, which is alternated between the mother and father at specified periods of time, as determined by the court. Rotating custody allows each parent equal time with the child(ren).
Scientific Paternity Testing  a medical test to determine who is the father of a child.
Secondary Residential Responsibility (Visitation)  the time that the parent with whom the child(ren) does (do) not have primary residence spends with the child(ren).
Service  the delivery of legal documents to a party. This must be accomplished as directed by Florida Family Law Rules 12.070 and 12.080.
Shared Parental Responsibility  an arrangement under which both parents have full parental rights and responsibilities for their child(ren), and the parents make major decisions affecting the welfare of the child(ren) jointly. Shared Parental Responsibility is presumptive in Florida.
Sole Parental Responsibility  a parenting arrangement under which the responsibility for the minor child(ren) is given to one parent by the court, with or without rights of visitation to the other parent.
Specified Visitation  a parenting arrangement under which a specific schedule is established for the visitation and exchange of the child(ren).
Spouse  a husband or wife.
Supervised Visitation  a parenting arrangement under which visitation between a parent and his or her child(ren) is supervised by either a friend, family member, or a supervised visitation center.
Supplemental Petition  a petition that may be filed by either party after the judge has made a decision in a case and a final judgment or order has been entered. For example, a supplemental petition may be used to request that the court modify the previously entered final judgment or order.
Trial  the final hearing in a contested case.
Uncontested  any and all issues on which the parties are able to agree and which are part of a marital settlement agreement.

INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORMS

12.920(a), MOTION FOR REFERRAL TO GENERAL MAGISTRATE,

12.920(b), ORDER OF REFERRAL TO GENERAL MAGISTRATE, and

12.920(c), NOTICE OF HEARING BEFORE GENERAL MAGISTRATE

When should these forms be used?
A general magistrate is an attorney appointed by a judge to take testimony and *1171 recommend decisions on certain matters connected with a divorce. These recommendations are then reviewed by the judge and are generally approved unless contrary to the law or the facts of the case. The primary purposes of having general magistrates hear family law matters are to reduce the costs of litigation and to speed up cases. Either party may request that their case, or portions of their case, be heard by a general magistrate by filing Motion for Referral to General Magistrate, Florida Family Law Rules of Procedure Form 12.920(a). You must also prepare an Order of Referral to General Magistrate, Florida Family Law Rules of Procedure Form 12.920(b), to submit to the judge assigned to your case.
Many times, the court, either on its own motion or under current administrative orders of the court, may refer your case to a general magistrate. Even in those instances, you may be required to prepare and submit an Order of Referral to General Magistrate, Florida Family Law Rules of Procedure Form 12.920(b), to the judge.
Once a general magistrate has been appointed to your case, the general magistrate will assign a time and place for a hearing as soon as reasonably possible after the referral is made. The general magistrate will give notice of that hearing to each of the parties directly or will direct a party or attorney in the case to file and serve a notice of hearing on the other party. If you are asked to send the notice of hearing, you will need to use the form entitled Notice of Hearing Before General Magistrate, Florida Family Law Rules of Procedure Form 12.920(c). Regardless of who prepares the notice of hearing, the moving party (the one who requested referral to the general magistrate) is required to have the notice properly served on the other party.
These forms should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.

What should I do next?
If you are filing a Motion for Referral to General Magistrate, Florida Family Law Rules of Procedure Form 12.920(a), you need to send or deliver your motion directly to the judge assigned to your case, along with an Order of Referral to General Magistrate, Florida Family Law Rules of Procedure Form 12.920(b), and an addressed, stamped envelope for each party in the case. The judge will then either grant or deny the motion, usually without a hearing.
If you are required to submit a Order of Referral to General Magistrate, Florida Family Law Rules of Procedure Form 12.920(b), to the judge assigned to your case, you will need to send or deliver the order directly to the judge, along with addressed, stamped envelopes for each party in the case.
The party who prepares any of these forms must file the original with the clerk of the circuit court. A copy of the motion must be mailed or hand delivered to any other party in your case.

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. For further information, see rule 12.490, Florida Family Law Rules of Procedure.

Special notes ...
IMPORTANT: After the judge refers your case to a general magistrate, either *1172 party (including the party who was required to prepare and submit the Order of Referral) may object to the referral within 10 days of the date that the referral is made (if the Order of Referral is served by mail, the parties have an additional 5 days within which to object to the referral). Every litigant is entitled to have his or her case heard by a judge. However, before you decide to object to an Order of Referral to General Magistrate, you should consider the potential extra costs and time delays that may result from having a judge hear your case instead of a general magistrate. You may want to speak with an attorney in your area who can assist you in making a more informed decision regarding whether you should file an objection to an Order of Referral to General Magistrate.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Family Law Rules of Procedure Form 12.920(a), Motion for Referral to General Magistrate (9/04)
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ___________________________
 Division: ___________________________
____________________________________,
 Petitioner,
 and
____________________________________,
 Respondent.

MOTION FOR REFERRAL TO GENERAL MAGISTRATE
I, {full legal name} ____________________, request that the Court enter an order referring this case to a general magistrate. The case should be referred to a general magistrate on the following issues: {explain} ________________________________________________________________ _____________________________________________________________________________________________________ _____________________________________________________________________________________________________ _____________________________________________________________________________________________________ _____________________________________________________________________________________________________
I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date} _____________________________________
Other party or his/her attorney:
Name: _______________________________
Address: ____________________________
City, State, Zip ____________________
Fax Number: _________________________
Dated: ______________________________
 _____________________________________
 Signature of Party
*1173
 Printed Name: _______________________
 Address: ____________________________
 City, State, Zip: ___________________
 Telephone Number: ___________________
 Fax Number: _________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________, a nonlawyer, located at {street} ____________________, {city} ______________, {state} __________, {phone} _______________, helped {name} _________________, who is the [√ one only] ___ petitioner or ___ respondent, fill out this form.
Florida Family Law Rules of Procedure Form 12.920(b), Order of Referral to General Magistrate (9/04)
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ___________________________
 Division: ___________________________
____________________________________,
 Petitioner,
 and
____________________________________,
 Respondent.

ORDER OF REFERRAL TO GENERAL MAGISTRATE
THIS CASE IS REFERRED TO THE GENERAL MAGISTRATE on the following issues:
1. ____________________________________________________________________________
2. ____________________________________________________________________________
3. ____________________________________________________________________________
4. ____________________________________________________________________________
AND ANY OTHER MATTER RELATED THERETO.
IT IS FURTHER ORDERED that the above issues are referred to General Magistrate {name} ___________________________________________________________________, for further proceedings, under rule 12.490 of the Florida Family Law Rules of Procedure and current administrative orders of the Court. Financial Affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c), shall be filed in accordance with Florida Family Law Rule of Procedure 12.285. The General Magistrate is authorized to administer oaths and conduct hearings, which may include taking of evidence, and shall file a report and recommendations that contain findings of fact, conclusions of law, and the name of the court reporter, if any.
The General Magistrate shall assign a time for the proceedings as soon as reasonably possible after this referral is made and shall give notice to each of the parties either directly or by directing counsel or a party to file and serve a notice of hearing.
*1174 Counties within the State of Florida may have different rules. Please consult the ( ) Clerk of the Court ( ) Family Law Intake Staff ( ) other ____________________ relating to this procedure.
A REFERRAL TO A GENERAL MAGISTRATE REQUIRES THE CONSENT OF ALL PARTIES. YOU ARE ENTITLED TO HAVE THIS MATTER HEARD BY A JUDGE. IF YOU DO NOT WANT TO HAVE THIS MATTER HEARD BY THE GENERAL MAGISTRATE, YOU MUST FILE A WRITTEN OBJECTION TO THE REFERRAL WITHIN 10 DAYS OF THE TIME OF SERVICE OF THIS ORDER. IF THE TIME SET FOR THE HEARING IS LESS THAN 10 DAYS AFTER SERVICE OF THIS ORDER, THE OBJECTION MUST BE MADE BEFORE THE HEARING. IF THIS ORDER IS SERVED WITHIN THE FIRST 20 DAYS AFTER SERVICE OF PROCESS, THE TIME TO FILE AN OBJECTION IS EXTENDED TO THE TIME WITHIN WHICH A RESPONSIVE PLEADING IS DUE. FAILURE TO FILE A WRITTEN OBJECTION WITHIN THE APPLICABLE TIME PERIOD IS DEEMED TO BE A CONSENT TO THE REFERRAL.
If either party files a timely objection, this matter shall be returned to the undersigned judge with a notice stating the amount of time needed for hearing.
REVIEW OF THE REPORT AND RECOMMENDATIONS MADE BY THE GENERAL MAGISTRATE SHALL BE BY EXCEPTIONS AS PROVIDED IN RULE 12.490(f), FLORIDA FAMILY LAW RULES OF PROCEDURE. A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT EXCEPTIONS.
YOU ARE ADVISED THAT IN THIS CIRCUIT:
___ a. electronic recording is provided by the court. A party may provide a court reporter at that party's expense.
___ b. a court reporter is provided by the court.
SHOULD YOU WISH TO SEEK REVIEW OF THE REPORT AND RECOMMENDATION MADE BY THE GENERAL MAGISTRATE, YOU MUST FILE EXCEPTIONS IN ACCORDANCE WITH RULE 12.490(f), FLORIDA FAMILY LAW RULES OF PROCEDURE. YOU WILL BE REQUIRED TO PROVIDE THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR EXCEPTIONS, OR YOUR EXCEPTIONS WILL BE DENIED. A RECORD ORDINARILY INCLUDES A WRITTEN TRANSCRIPT OF ALL RELEVANT PROCEEDINGS. THE PERSON SEEKING REVIEW MUST HAVE THE TRANSCRIPT PREPARED IF NECESSARY FOR THE COURT'S REVIEW.
ORDERED on ____________________.
 _____________________________________
 CIRCUIT JUDGE
COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
General Magistrate
Florida Family Law Rules of Procedure Form 12.920(c), Notice of Hearing Before General Magistrate (9/04)
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ___________________________
 Division: ___________________________
____________________________________,
 Petitioner,
 and
*1175
____________________________________,
 Respondent.

NOTICE OF HEARING BEFORE GENERAL MAGISTRATE
[fill in all blanks]
TO: ______________________________
 ______________________________
There will be a hearing before General Magistrate {name of general magistrate} ____________________, on {date} _______________, at {time} __________ m., in Room __________ of the ____________________ Courthouse, on the following issues: _____________. _________________________________________________________________________________________ _________________________________________________________________________________________ __________ hour(s)/ ___ minutes have been reserved for this hearing. PLEASE GOVERN YOURSELF ACCORDINGLY.
If the matter before the General Magistrate is a Motion for Civil Contempt/Enforcement, FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE COURT ISSUING A WRIT OF BODILY ATTACHMENT FOR YOUR ARREST. IF YOU ARE ARRESTED, YOU MAY BE HELD IN JAIL UP TO 48 HOURS BEFORE A HEARING IS HELD.
PLEASE GOVERN YOURSELF ACCORDINGLY.
This part to be filled out by the court or filled in with information you have obtained from the court:
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact {name} ______________________________________________________________, {address} __________________________________________, {telephone} __________, within 2 working days of your receipt of this Notice of Hearing. If you are hearing or voice impaired, call TDD 1-800-955-8771.
SHOULD YOU WISH TO SEEK REVIEW OF THE REPORT AND RECOMMENDATION MADE BY THE GENERAL MAGISTRATE, YOU MUST FILE EXCEPTIONS IN ACCORDANCE WITH RULE 12.490(f), FLORIDA FAMILY LAW RULES OF PROCEDURE. YOU WILL BE REQUIRED TO PROVIDE THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR EXCEPTIONS, OR YOUR EXCEPTIONS WILL BE DENIED. A RECORD ORDINARILY INCLUDES A WRITTEN TRANSCRIPT OF ALL RELEVANT PROCEEDINGS. THE PERSON SEEKING REVIEW MUST HAVE THE TRANSCRIPT PREPARED IF NECESSARY FOR THE COURT'S REVIEW.
YOU ARE HEREBY ADVISED THAT IN THIS CIRCUIT:
___ a. electronic recording is provided by the court. A party may provide a court reporter at that party's expense.
___ b. a court reporter is provided by the court.
If you are represented by an attorney or plan to retain an attorney for this matter you should notify the attorney of this hearing.
If this matter is resolved, the moving party shall contact the General Magistrate's Office to cancel this hearing.
I certify that a copy of this document was [√ one only] ( ) mailed () faxed and mailed ( ) hand delivered to the person(s) listed below on {date} __________________.
Other party or his/her attorney:
Name: _______________________________
Address: ____________________________
City, State, Zip: ___________________
Fax Number: _________________________
*1176
Dated: ______________________________
 _____________________________________
 Signature of Party
 Printed Name: _______________________
 Address: ____________________________
 City, State, Zip: ___________________
 Telephone Number: ___________________
 Fax Number: _________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________, a nonlawyer, located at {street} ____________________, {city} ______________, {state} __________, {phone} _______________, helped {name}, ________________, who is the [√ one only] ___ petitioner or ___ respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.921, NOTICE OF HEARING (CHILD SUPPORT ENFORCEMENT HEARING OFFICER)

When should this form be used?
A child support enforcement hearing officer is an attorney who has been appointed by administrative order of the court to take testimony and recommend decisions in cases involving the establishment, enforcement, and/or modification of child support. If your case only involves issues pertaining to child support, you cannot object to the referral of your case to a hearing officer.
Use this form anytime you have set a hearing before a child support enforcement hearing officer and have been instructed to send notice of the hearing to the other party. Before you fill out this form, you should coordinate a hearing time and date with the hearing officer and the other party. If the Department of Revenue is a party to the case, you may need to schedule your hearing time with the attorney for the Department of Revenue.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.

What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case.

Where can I look for more information?
Before proceeding, you should read "General Information for Self Represented Litigants" found at the beginning of these forms. For further information, See Rule 12.941, Florida Family Law Rules of Procedure.

Special notes ...
An attorney who has been appointed by the court to serve as a child support enforcement hearing officer can also be appointed to serve as a general magistrate. If your case involves only child support issues, your case may properly be referred to a general magistrate acting as a child support enforcement hearing officer.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before *1177 he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.921, Notice of Hearing (Child Support Enforcement Hearing Officer) (9/04)
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ___________________________
 Division: ___________________________
____________________________________,
 Petitioner,
 and
____________________________________,
 Respondent.
NOTICE OF HEARING (CHILD SUPPORT ENFORCEMENT HEARING OFFICER)
TO: {name of other party} _____________________________________________________
There will be a hearing before Child Support Enforcement Hearing Officer {name} ____________________, on {date} ________, at {time} ________ m., in Room _____, of the ____________________ County Courthouse, on the following issues: ______________________________________. ________________________________________________________________________________________________________ _______________________________________________________________________________________________________. __________ hour(s)/ ___ minutes have been reserved for this hearing.
If the matter before the Child Support Enforcement Hearing Officer is a Motion for Civil Contempt/Enforcement, FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE COURT ISSUING A WRIT OF BODILY ATTACHMENT FOR YOUR ARREST. IF YOU ARE ARRESTED, YOU MAY BE HELD IN JAIL UP TO 48 HOURS BEFORE A HEARING IS HELD.
This part to be filled out by the court or filled in with information you have obtained from the court:
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact {name} _______________________________________________________________ {address} __________________________________________ {telephone} ___________ within 2 working days of your receipt of this Notice of Hearing. If you are hearing or voice impaired, call TDD 1-800-955-8771.
If you are represented by an attorney or plan to retain an attorney for this matter, you should notify the attorney of this hearing.
If this matter is resolved, the moving party shall contact the hearing officer's office to cancel this hearing.
I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date} __________________________________.
Other party or his/her attorney:
Name: _______________________________
*1178
Address: ____________________________
City, State, Zip: ___________________
Fax Number: _________________________
Dated: ______________________________
 _____________________________________
 Signature of Party
 Printed Name: _______________________
 Address: ____________________________
 City, State, Zip: ___________________
 Telephone Number: ___________________
 Fax Number: _________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} __________________________________, a nonlawyer, located at {street} ____________________, {city} ______________, {state} __________, {phone} _______________, helped {name} ________________, who is the [√ one only] ___ petitioner or ___ respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.923,

NOTICE OF HEARING (GENERAL)

When should this form be used?
Anytime you have set a hearing before a judge, you must send notice of the hearing to the other party. IMPORTANT: If your hearing has been set before a general magistrate, you should use Notice of Hearing Before General Magistrate, Florida Family Law Rules of Procedure Form 12.920(c). If your hearing has been set before a child support enforcement hearing officer, you should use Notice of Hearing (Child Support Hearing Officer), Florida Supreme Court Approved Family Law Form 12.921.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case was filed and keep a copy for your records.

What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case. If a default has been entered, you must still send this form to the other party to notify the other party of the final hearing.

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. For further information on serving notices of hearing, see rule 1.090(d), Florida Civil Rules of Procedure.

Special notes ...
To set a hearing date and time, you will usually have to make a good-faith effort to coordinate a mutually convenient date and time for you, the other parties in the case, and the judge, except in certain emergency situations. Some circuits may have additional procedural requirements that you must follow when you notify the court and other parties of your scheduled hearing. Therefore, before you complete this form, you should contact the clerk's office, family law intake staff, or judicial assistant for information regarding the proper procedure to follow.
*1179 Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Florida Supreme Court Approved Family Law Form 12.923, Notice of Hearing (General) (9/04)
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ___________________________
 Division: ___________________________
____________________________________,
 Petitioner,
 and
____________________________________,
 Respondent.

NOTICE OF HEARING (GENERAL)
[fill in all blanks]
TO: {name of other party} _____________________________________________________
There will be a hearing before Judge {name} _________________________________, on {date} _______________, at {time} __________ m., in Room __________ of the ____ Courthouse, on the following issues: ___________________________________________________. ________________________________________________________________________________________ ________________________________________________________________________________________ __________ hour(s)/ ___ minutes have been reserved for this hearing.
This part to be filled out by the court or to be filled in with information you obtained from the court:
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact {name} _____________________, {address} __________________________________________, {telephone} _______, within 2 working days of your receipt of this Notice of Hearing. If you are hearing or voice impaired, call TDD 1-800-955-8771.
If you are represented by an attorney or plan to retain an attorney for this matter, you should notify the attorney of this hearing.
If this matter is resolved, the moving party shall contact the judge's office to cancel this hearing.
I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date} _______________.
Other party or his/her attorney:
Name: _______________________________
Address: ____________________________
City, State, Zip: ___________________
Fax Number: _________________________
*1180
Dated: ______________________________
 ____________________________________
 Signature of Party
 Printed Name: _______________________
 Address: ____________________________
 City, State, Zip: ___________________
 Telephone Number: ___________________
 Fax Number: _________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________, a nonlawyer, located at {street} ____________________, {city} _____________, {state} __________, {phone} _______________, helped {name} ________________, who is the [√ one only] ___ petitioner or ___ respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.960,

MOTION FOR CIVIL CONTEMPT/ENFORCEMENT

When should this form be used?
You may use this form to ask the court to enforce a prior court order or final judgment.

What should I do next?
To initiate a civil contempt/enforcement proceeding against a party who is not complying with a prior court order, you must file a motion with the court explaining what the party has failed to do. This form should be typed or printed in black ink. After completing this form, you should sign it before a notary public or deputy clerk. You should then file the original with the clerk of the circuit court in the county where your case was filed and keep a copy for your records.
A copy of this form must be personally served by a sheriff or private process server or mailed* or hand delivered to any other party(ies) in your case. *Please note that if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. If you want to be sure, you should have the motion personally served. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for Summons: Personal Service on an Individual, Florida Family Law Rules of Procedure Form 12.910(a).
The court will then set a hearing. You should check with the clerk of court, judicial assistant, or family law intake staff for information on the local procedure for scheduling a hearing. Once you know the time and date of the hearing, you will need to complete Notice of Hearing on Motion for Contempt/Enforcement, Florida Supreme Court Approved Family Law Form 12.961, or, if applicable, Notice of Hearing (Child Support Enforcement Hearing Officer), Florida Supreme Court Approved Family Law Form 12.921, or Order of Referral to General Magistrate, Florida Family Law Rules of Procedure Form 12.920(b), which will specify a time and place for a hearing on the issue. A copy of this form must be mailed or hand delivered to the other party. Again, if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. If you want to be sure, you should have the notice personally served. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the *1181 instructions for Summons: Personal Service on an Individual, Florida Family Law Rules of Procedure Form 12.910(a).
At the hearing, as in any other civil proceeding, you, as the moving party, will have the burden of proving the other party has not obeyed a prior court order. Once noncompliance is established, the other party will have an opportunity to show an inability to comply with the prior court order. If he or she is unable to do so, the judge may find the other party to be in contempt. If so, the judge may order appropriate sanctions to compel compliance by the other party, including jail, payment of attorneys' fees, suit money, or costs, and coercive or compensatory fines, and may order any other relief permitted by law.

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. See also section 61.14, Florida Statutes and rule 12.615, Florida Family Law Rules of Procedure.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.960, Motion for Civil Contempt/Enforcement (9/04)
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ___________________________
 Division: ___________________________
____________________________________,
 Petitioner,
 and
____________________________________,
 Respondent.

MOTION FOR CIVIL CONTEMPT/ENFORCEMENT
( ) Petitioner ( ) Respondent requests that the Court enter an order of civil contempt/enforcement against ( ) Petitioner ( ) Respondent in this case because:
1. A final judgment or order {title of final judgment or order} ______________________ in this case was entered on {date} __________, by {court, city, and state} _________ ______________________________________________________________________________________________________.
[] Check here if the judgment or order is not from this Court and attach a copy.
2. This order of the Court required the other party in this case to do or not do the following: {Explain what the other party was ordered to do or not do.} __________________________ _______________________________________________________________________________________________ _______________________________________________________________________________________________ _______________________________________________________________________________________________ _______________________________________________________________________________________________ *1182 _______________________________________________________________________________________________ _______________________________________________________________________________________________
[] Check here if additional pages are attached.
3. The other party in this case has willfully failed to comply with this order of the Court: {Explain what the other party has or has not done.} ___________________________________ ________________________________________________________________________________________________ ________________________________________________________________________________________________ ________________________________________________________________________________________________ ________________________________________________________________________________________________ ________________________________________________________________________________________________ ________________________________________________________________________________________________
[] Check here if additional pages are attached.
4. I respectfully request that the Court issue an order holding the above-named person in civil contempt, if appropriate, and/or providing the following relief:
___ a. enforcing or compelling compliance with the prior order or judgment;
___ b. awarding a monetary judgment;
___ c. if a monetary judgment was included in the prior order, issuing a writ of execution or garnishment or other appropriate process;
___ d. awarding prejudgment interest;
___ e. requiring the other party to pay costs and fees in connection with this motion;
___ f. if the other party is found to be in civil contempt, ordering a compensatory fine;
___ g. if the other party is found to be in civil contempt, ordering a coercive fine;
___ h. if the other party is found to be in civil contempt, ordering incarceration of the other party;
___ i. issuing a writ of possession for real property, writ for possession of personal property, or other appropriate writ;
___ j. issuing a writ of bodily attachment if the other party fails to appear at the hearing set on this motion;
___ k. requiring the other party to make payments through the central governmental depository;
___ l. requiring the support payments to be automatically deducted from the other party's income or funds;
___ m. requiring the other party to seek employment;
___ n. awarding make-up visitation with minor child(ren) as follows {explain}: ___ ___________________________________________________________________________________________ ___________________________________________________________________________________________ ___________________________________________________________________________________________ ___________________________________________________________________________________________ ___________________________________________________________________________________________ _______________________________________________________________________________________; and
___ o. awarding other relief {explain}: __________________________________________ __________________________________________________________________________________________ __________________________________________________________________________________________ __________________________________________________________________________________________ __________________________________________________________________________________________ __________________________________________________________________________________________ _________________________________________________________________________________________.
I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date} _________________________________________.
Other party or his/her attorney:
Name: _______________________________
Address: ____________________________
City, State, Zip: ___________________
Fax Number: _________________________
*1183 I understand that I am swearing or affirming under oath to the truthfulness of the claims made above and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: ______________________________
 _____________________________________
 Signature of Party
 Printed Name: _______________________
 Address: ____________________________
 City, State, Zip: ___________________
 Telephone Number: ___________________
 Fax Number: _________________________
STATE OF FLORIDA
COUNTY OF ___________________________
Sworn to or affirmed and signed before me on ____________________ by __________.
 __________________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 __________________________________________________________
 [Print, type, or stamp commissioned name of notary or clerk.]
___ Personally known
___ Produced identification
 Type of identification produced ____________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________, a nonlawyer, located at {street} ____________________, {city} ____________, {state} __________, {phone} _______________, helped {name} _________________, who is the [√ one only] ___ petitioner or ___ respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.961,

NOTICE OF HEARING ON MOTION FOR CONTEMPT/ENFORCEMENT

When should this form be used?
Use this form anytime you have set a hearing on a Motion for Contempt/Enforcement, Florida Supreme Court Approved Family Law Form 12.960, for a support matter under rule 12.615, Florida Family Law Rules of Procedure. Before you fill out this form, you should coordinate a hearing time and date with the judge or hearing officer and the other party. If the Department of Revenue is a party to the case, you may need to schedule your hearing time with the attorney for the Department of Revenue.
If your case is to be heard by a child support enforcement hearing officer, the following information applies: A child support enforcement hearing officer is an attorney who has been appointed by administrative order of the court to take testimony and recommend decisions in cases involving the establishment, enforcement, and/or modification of child support, and the enforcement of alimony in conjunction with an ongoing child support arrearage order. If your case only involves issues pertaining to child support, you cannot object to the referral of your case to a hearing officer. If your case is going to be heard by a general magistrate, you should use Notice of Hearing Before General Magistrate, Florida Family Law Rules of Procedure Form 12.920(c).
This form should be typed or printed in black ink. After completing this form, you *1184 should file the original with the clerk of the circuit court in the county where your case was filed and keep a copy for your records.

What should I do next?
A copy of this form must be personally served by a sheriff or private process server or mailed or hand delivered to any other party(ies) in your case. Please note that if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for Summons: Personal Service on an Individual, Florida Family Law Rules of Procedure Form 12.910(a).

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. For further information, see rules 12.615 and 12.941, Florida Family Law Rules of Procedure.

Special notes ...
An attorney who has been appointed by the court to serve as a child support enforcement hearing officer can also be appointed to serve as a general magistrate. If your case involves only child support issues, your case properly may be referred to a general magistrate acting as a child support enforcement hearing officer.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.961, Notice of Hearing on Motion for Contempt/Enforcement (9/04)
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ___________________________
 Division: ___________________________
____________________________________,
 Petitioner,
 and
____________________________________,
 Respondent.

NOTICE OF HEARING ON MOTION FOR CONTEMPT/ENFORCEMENT IN SUPPORT MATTERS (RULE 12.615)
TO: {name of other party} _____________________________________________________
There will be a hearing before ________________ {name of judge or hearing officer}, on {date} _______________, at {time} __________ m., in room __________ of the ________ *1185 Courthouse, on the ( ) Petitioner's ( ) Respondent's Motion for Contempt on support matters.
_______________ hour(s)/___ minutes have been reserved for this hearing.
FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE COURT ISSUING A WRIT OF BODILY ATTACHMENT FOR YOUR ARREST. IF YOU ARE ARRESTED, YOU MAY BE HELD IN JAIL UP TO 48 HOURS BEFORE A HEARING IS HELD.
This part to be filled out by the court or to be filled in with information you obtained from the court:
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact
{name} _______________________________________________________________________, {address} __________________________________________, {telephone} _________, within 2 working days of your receipt of this Notice of Hearing. If you are hearing or voice impaired, call TDD 1-800-955-8771.
___ If you are represented by an attorney or plan to retain an attorney for this matter, you should notify the attorney of this hearing.
___ If this matter is resolved, the moving party shall contact the judge or hearing officer's office to cancel this hearing.
___ I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date} _____________________________________________.
Other party or his/her attorney:
Name: _____________________________
Address: __________________________
City, State, Zip: _________________
Fax Number: _______________________
Dated: ____________________________
 ___________________________________
 Signature of Party
 Printed Name: _____________________
 Address: __________________________
 City, State, Zip: _________________
 Telephone Number: _________________
 Fax Number: _______________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________, a nonlawyer, located at {street} ____________________, {city} ____________________, {state} __________, {phone} _______________, helped {name} _________________, who is the [√ one only] ___ petitioner or ___ respondent, fill out this form.
NOTES
[1] We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.130(e).